1

2

3

4

5

6

7                        UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON AT TACOMA
8

9   WASHINGTON ELECTION INTEGRITY          No.
    COALITION UNITED, a Washington State
10  Nonprofit Corporation; BRETT SIMPSON;   DECLARATION OF AMANDA M.
    BONNIE GRIECO; JONETTE MOLYNEUX;       MIGCHELBRINK RE VERIFICATION
11  ROSS MERRITT; TAMARA SHAW;             OF STATE COURT RECORDS
    HARLYN THOMPSON; KIMBERLEE
12  ELBON; ROBERT WARD; CONSTANCE          (REMOVED FROM CLARK COUNTY
    COOKE; DOREEN ROSE; SHIRLEY            SUPERIOR COURT, CAUSE NO. 21-2-
13  MOZENA; JAMES MOZENA; MICHELLE         01775-06)
    DAWSON; LINDSEY NICHOLS; JOSEPH
14  KENT; ROXANNE PEARCE; DAVID
    MACHADO; JOSHUA BRADLEY; BENNETT
15  ESRAEL; JAKE PARMER; RICH AUDETTE;
    MARIA BRUEMMER; JOSEPH GIBSON;
16  ERIC HARGRAVE; WENDY KEELINE;
    PHILLIP HOGAN; MARILI HAAS; IKE
17  HAAS; FRANK GMELIN; TRICIA SHOUP;
    JEN HOLBROOK; STEPHEN CLEMENTS;
18  KIMBERLY ANDERSON; SUSAN AUDETTE,
19
20          Plaintiffs,
21
22          v.
23  GREG KIMSEY, Clark County Auditor;
    CLARK COUNTY; and DOES 1-30, inclusive,
24
25          Defendants.
26

CLARK COUNTY PROSECUTING ATTORNEY
CIVIL DIVISION
1300 FRANKLIN ST., SUITE 380 • PO BOX 5000
VANCOUVER, WASHINGTON 98666-5000
(564) 397-2478 (OFFICE)  /  (564) 397-2184 (FAX)

I, Amanda M. Migchelbrink, do state and declare as follows:

1.      I am over the age of eighteen (18) years and am competent to testify.  I am employed as a Deputy Prosecuting Attorney for the Clark County Prosecutor's Office – Civil Division.  I make this Declaration based upon my own personal knowledge of certain facts in this case.

2.      Attached hereto as **Exhibit 1** is a true and correct copy of the Civil Case Cover Sheet filed by Plaintiffs and acknowledging payment of the filing fee on September 16, 2021.

3.      Attached hereto as **Exhibit 2** is a true and correct copy of the Summons filed with the Clark County Superior Court on September 16, 2021, and served upon Defendants Greg Kimsey and Clark County on September 17, 2021.

4.      Attached hereto as **Exhibit 3** is a true and correct copy of the Verified Complaint for Equal Protection, etc. with Jury Demand filed with the Clark County Superior Court on September 16, 2021, and served upon Defendants Greg Kimsey and Clark County on September 17, 2021.

5.      Attached hereto as **Exhibit 4** is a true and correct copy of the Proof of Mailing or Hand Delivery of the Summons and Complaint upon Defendant Clark County on September 17, 2021.

6.      Attached hereto as **Exhibit 5** is a true and correct copy of the Proof of Mailing or Hand Delivery of the Summons and Complaint upon Defendant Greg Kimsey, Clark County Auditor, on September 17, 2021.

7.      Attached hereto as **Exhibit 6** is a true and correct copy of the Notice of Unavailability of Amanda M. Migchelbrink that was filed and mailed to all plaintiffs via U.S.P.S. regular mail on September 21, 2021.

8.      Attached hereto as **Exhibit 7** is a true and correct copy of the Notice of Appearance of Amanda M. Migchelbrink that was filed and mailed to all plaintiffs via U.S.P.S. regular mail on September 21, 2021.

9.      Attached hereto as **Exhibit 8** is a true and correct copy of Washington State Democratic Committee's Motion to Intervene with subjoined Proposed Order, Exhibit A

DECLARATION OF AMANDA M. MIGCHELBRINK RE
VERIFICATION OF STATE COURT RECORDS - 2 of 6

1

2   (Washington State Democratic Committee's [Proposed] Answer), Exhibit B (Declaration of Tina

3   Podlodowski in Support of Washington State Democratic Committee's Motion to Intervene), and

    Exhibit C (Washington State Democratic Committee's [Proposed] Motion to Dismiss).

4           I declare under penalty of perjury under the laws of the State of Washington that the

5   foregoing is true and correct to the best of my knowledge.

6           DATED this 7th day of October 2021 in Vancouver, Washington.

7

                                        s/ Amanda M. Migchelbrink
8                                       Amanda M. Migchelbrink, WSBA #34223
                                        Deputy Prosecuting Attorney
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DECLARATION OF AMANDA M. MIGCHELBRINK RE
VERIFICATION OF STATE COURT RECORDS - 3 of 6

### CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of October 2021, I electronically filed with the Clerk of the Court using the CM/ECF system the forgoing DECLARATION OF AMANDA M. MIGCHELBRINK WITH EXHIBITS 1 - 8 and by this filing with the CM/ECF system, will send notification of such filing to all Pro Se Plaintiffs and counsel of record as follows:

| | |
|---|---|
| Washington Election Integrity Coalition United, a WA State Nonprofit Corporation ATTN: Tamborine Borelli, Director 13402 – 125th Ave NW Gig Harbor, WA 98329-4215 Ph: (253) 375-1255 And via email to: weicu@protonmail.com | Brett Simpson 19018 NE 127th Circle Brush Prairie, WA 98606 Ph: (425) 444-9933 |
| Bonnie Grieco 222 S. 32nd Place Ridgefield, WA 98642 Ph: (971) 219-8939 | Jonette Molyneux 12905 NE Salmon Creek Ave. Vancouver, WA 98686 Ph: (360) 600-5777 |
| Ross Merritt 270 Stonegate Washougal, WA 98671 Ph: (503) 676-7370 | Tamara Shaw 13705 NE 36th St Vancouver, WA 98682 Ph: (360) 977-8090 |
| Harlyn Thompson 1511 SW 13th Ave, Apt 346 Battle Ground, WA 98604 Ph: (360) 567-7676 | Kimberlee Elbon 613 E. 6th Street La Center, WA 98629 Ph: (360) 593-6878 |
| Robert Ward 504 NE 134th St Vancouver, WA 98685 Ph: (360) 952-1601 | Constance Cooke 33817 SE 27th St Washougal, WA 98671 Ph: (360) 606-6830 |
| Doreen Rose 5606 NW 280th St Ridgefield, WA 9898642 Ph: (425) 923-0832 | Shirley Mozena 3816 SE 153rd Ct Vancouver, WA 98683 Ph: (360) 292-3155 |
| James Mozena 3816 SE 153rd Ct Vancouver, WA 98683 Ph: (503) 804-8349 | Michelle Dawson 304 W. Cushman St. Yacolt, WA 98675 Ph: (435) 503-7742 |
| | |

DECLARATION OF AMANDA M. MIGCHELBRINK RE VERIFICATION OF STATE COURT RECORDS - 4 of 6

| | |
|---|---|
| Lindsey Nichols<br>11405 NW 21st Ave<br>Vancouver, WA 98685<br>Ph: (714) 376-5577 | Joseph Kent<br>37607 NE Eagle View Dr<br>Yacolt, WA 98675<br>Ph: (931-933-0232 |
| Roxanne Pearce<br>1051 – 4th St<br>Washougal, WA 98671<br>Ph: (360) 901-0647 | David Machado<br>2406 NE 139th St #27<br>Vancouver, WA 98686<br>Ph: (360) 607-8699 |
| Joshua Bradley<br>62 – 34th St<br>Washougal, WA 98671<br>Ph: (360) 601-2078 | Bennett Esrael<br>25217 NE 142nd Ave<br>Battle Ground, WA 98604-2400<br>Ph: (360) 702-7944 |
| Jake Parmer<br>725 E Vine Maple Ave<br>La Center, WA 98629<br>Ph: (503) 839-6633 | Rich Audette<br>603 NW 24th Ave<br>Battle Ground, WA 98604<br>Ph: (360) 831-4527 |
| Maria Bruemmer<br>5105 NE 72nd Ave, Apt 49F<br>Vancouver, WA 98661<br>Ph: (360) 977-0074 | Joseph Gibson<br>13023 NE Hwy 99, Suite 7-712<br>Vancouver, WA 98686<br>Ph: (360) 635-3081 |
| Eric Hargrave<br>505 – 26th St<br>Washougal, WA 98671<br>Ph: (360) 553-2377 | Wendy Keeline<br>23103 NE 134th Circle<br>Brush Prairie, WA 98606<br>Ph: (360) 896-2874 |
| Phillip Hogan<br>8314 NE 239th St<br>Battle Ground, WA 98604<br>Ph: (360) 521-3621 | Marili Haas<br>27408 NE 69th Ave<br>Battle Ground, WA 98604<br>Ph: (360) 721-9521 |
| Ike Haas<br>27408 NE 69th Ave<br>Battle Ground, WA 98604<br>Ph: (360) 952-0307 | Frank Gmelin<br>4001 NE Everett Ct<br>Camas, WA 98607<br>Ph: (503) 467-6580 |
| Tricia Shoup<br>17417 NE 200th Circle<br>Battle Ground, WA 98604<br>Ph: (360) 910-2497 | Jen Holbrook<br>27000 NE Bjur Rd<br>Ridgefield, WA 98642<br>Ph: (360) 601-5690 |

DECLARATION OF AMANDA M. MIGCHELBRINK RE
VERIFICATION OF STATE COURT RECORDS - 5 of 6

| Stephen Clements<br>812 Z St<br>Vancouver, WA 98661<br>Ph: (901) 592-7902 | Kimberly Anderson<br>9509 NE 135th Court<br>Vancouver, WA 98682<br>Ph: (251) 259-2254 |
| --- | --- |
| Susan Audette<br>603 NW 24th Ave<br>Battle Ground, WA 98604-4566<br>Ph: (360) 903-3540 | Kevin J. Hamilton<br>Amanda J. Beane<br>Reina A. Almon-Griffin<br>Nitika Arora<br>PERKINS COIE LLP<br>1201 Third Avenue, Suite 4900 Seattle, WA 98101-3099<br>Ph: (206) 359-8000<br>Emails: KHamilton@perkinscoie.com, ABeane@perkinscoie.com, RAlmon-Griffin@perkinscoie.com, NArora@perkinscoie.com |

*Of Attorneys for Intervenor Washington State Democratic Central Committee*

*s/ Pamela Hamilton*
Pamela Hamilton, Paralegal

DECLARATION OF AMANDA M. MIGCHELBRINK RE VERIFICATION OF STATE COURT RECORDS - 6 of 6







21  2  01775  06

**CIVIL**
**CLARK COUNTY SUPERIOR COURT**
Case Information Cover Sheet (CICS)

Case Number_____   Case Title **VER. COMPL. FOR EQUAL PROTECTION**
Attorney Name _____   Bar Membership Number _____

Please check one category that best describes this case for indexing purposes.  Accurate case indexing not only saves
time in docketing new cases, but helps in forecasting needed judicial resources.  Cause of action definitions are listed on
the back of this form.  Thank you for your cooperation.          *Form updated 12/28/2020*

| | | | | | |
|---|---|---|---|---|---|
| ☐ | ABJ | Abstract of Judgment | ☐ | PRG | Property Damage – Gangs |
| ☐ | ABL | Abusive Litigation | ☐ | PRP | Property Damages |
| ☐ | ALR | Administrative Law Review | ☐ | QTI | Quiet Title |
| ☐ | ALRJT | Administrative Law Review-Jury Trial (L&I) | ☐ | RDR | Relief from Duty to Register |
| ☐ | BAT | Ballot Title | ☐ | RFR | Restoration of Firearm Rights |
| ☐ | CHN | Non-Confidential Change of Name | ☐ | SDR | School District-Required Action Plan |
| ☐ | CBC | Contractor Bond Complaint | ☐ | SER | Subdivision Election Process Law Review |
| ☐ | COL | Collection | ☐ | SPC | Seizure of Property-Commission of Crime |
| ☐ | CON | Condemnation | ☐ | SPR | Seizure of Property-Resulting from Crime |
| ☐ | COM | Commercial | ☐ | STK | Stalking Petition |
| ☐ | CRP | Pet. for Cert. of Restoration of Opportunity | ☐ | SXP | Sexual Assault Protection |
| ☐ | DOL | Appeal Licensing Revocation | ☐ | TAX | Employment Security Tax Warrant |
| ☐ | DVP | Domestic Violence | ☐ | TAX | L & I Tax Warrant |
| ☐ | EOM | Emancipation of Minor | ☐ | TAX | Licensing Tax Warrant |
| ☐ | FJU | Foreign Judgment | ☐ | TAX | Revenue Tax Warrant |
| ☐ | FOR | Foreclosure | ☐ | TMV | Tort – Motor Vehicle |
| ☐ | FPO | Foreign Protection Order | ☐ | TRJ | Transcript of Judgment |
| ☐ | HAR | Unlawful Harassment | ☐ | TTO | Tort – Other |
| ☐ | INJ | Injunction | ☐ | TXF | Tax Foreclosure |
| ☐ | INT | Interpleader | ☐ | UND | Unlawful Detainer – Commercial |
| ☐ | LCA | Lower Court Appeal – Civil | ☐ | UND | Unlawful Detainer – Residential |
| ☐ | LCI | Lower Court Appeal – Infractions | ☐ | VAP | Vulnerable Adult Protection Order |
| ☐ | LUPA | Land Use Petition Act | ☐ | VEP | Voter Election Process Law Review |
| ☐ | MAL | Other Malpractice | ☐ | VVT | Victims of Motor Vehicle Theft-Civil Action |
| ☐ | MED | Medical Malpractice | ☐ | WDE | Wrongful Death |
| ☐ | MHA | Malicious Harassment | ☐ | WHC | Writ of Habeas Corpus |
| x | MSC2 | Miscellaneous – Civil | ☐ | WMW | Miscellaneous Writs |
| ☐ | MST2 | Minor Settlement – Civil  (No Guardianship) | ☐ | WRM | Writ of Mandamus |
| ☐ | PCC | Petition for Civil Commitment (Sexual Predator) | ☐ | WRR | Writ of Restitution |
| ☐ | PFA | Property Fairness Act | ☐ | WRV | Writ of Review |
| ☐ | PIN | Personal Injury | ☐ | XRP | Extreme Risk Protection Order |
| ☐ | PRA | Public Records Act | ☐ | XRU | Extreme Risk Protection Order Under 18 |

**IF YOU CANNOT DETERMINE THE APPROPRIATE CATEGORY, PLEASE DESCRIBE THE CAUSE OF ACTION BELOW**

*Please Note:  Public information in court files and pleadings may be posted on a public Web site.*

1

JSS

EXHIBIT 1 - Page 1 of 1

COPY
Original Filed

SEP 1 6 2021

Scott G. Weber, Clerk, Clark Co.

RECEIVED

SEP 2 0 2021

Auditor's Office

CLARK CO. ELECTION
SEP 17 2021 PM 4:31

## SUPERIOR COURT OF THE STATE OF WASHINGTON

## FOR THE COUNTY OF CLARK

WASHINGTON ELECTION INTEGRITY )
COALITION UNITED, a Washington )
State Nonprofit Corporation; BRETT )
SIMPSON; BONNIE GRIECO; JONETTE )
MOLYNEUX; ROSS MERRITT; )
TAMARA SHAW; HARLYN THOMPSON; )
KIMBERLEE ELBON; ROBERT WARD; )
CONSTANCE COOKE; DOREEN ROSE; )
SHIRLEY MOZENA; JAMES MOZENA; )
MICHELLE DAWSON; LINDSEY )
NICHOLS; JOSEPH KENT; ROXANNE )
PEARCE; DAVID MACHADO; JOSHUA )
BRADLEY; BENNETT ESRAEL; JAKE )
PARMER; RICH AUDETTE; MARIA )
BRUEMMER; JOSEPH GIBSON; )
ERIC HARGRAVE; WENDY )
KEELINE; PHILLIP HOGAN; )
MARILI HAAS; IKE HAAS; FRANK )
GMELIN; TRICIA SHOUP; JEN )
HOLBROOK; STEPHEN CLEMENTS; )
KIMBERLY ANDERSON; SUSAN )
AUDETTE, )
　　　　　　　　　　　　　　　　　 )
　　　　Plaintiffs, )
　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　 )
　　v. )
　　　　　　　　　　　　　　　　　 )
GREG KIMSEY, Clark County )
Auditor; CLARK COUNTY, and DOES )
1-30, inclusive, )
　　　　　　　　　　　　　　　　　 )
　　　　Defendants. )
_____)

Case No.



SUMMONS (20 DAYS)

SUMMONS (20 DAYS)　　　　　　　　　　1

EXHIBIT 2 - Page 1 of 9

TO THE DEFENDANTS:  A lawsuit has been started against you in the above entitled court by Washington Election Integrity Coalition United, a Washington State Nonprofit Corporation, Brett Simpson, Bonnie Grieco, Jonette Molyneux, Ross Merritt, Tamara Shaw, Harlyn Thompson, Kimberlee Elbon, Robert Ward, Constance Cooke, Doreen Rose, Shirley Mozena, James Mozena, Michelle Dawson, Lindsey Nichols, Joseph Kent, Roxanne Pearce, David Machado, Joshua Bradley, Bennett Esrael, Jake Parmer, Rich Audette, Maria Bruemmer, Joseph Gibson, Eric Hargrave, Wendy Keeline, Phillip Hogan, Marili Haas, Ike Haas, Frank Gmelin, Tricia Shoup, Jen Holbrook, Stephen Clements, Kimberly Anderson, and Susan Audette, plaintiffs.

Plaintiffs' claims are stated in the written complaint, a copy of which is served upon you with this summons. In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiffs are entitled to what she/he/they ask for because you have not responded. If you serve a notice of appearance on the undersigned persons, you are entitled to notice before a default judgment may be entered. You may demand that the plaintiffs file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the persons signing this summons. Within 14 days after you serve the demand, the plaintiffs must file this lawsuit with the court, or the service on you of this summons and complaint will be void. If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time. This summons is issued pursuant to rule 4 of the Superior Court Civil Rules of the State of Washington.

/ / /

/ / /

SUMMONS (20 DAYS)                                    2

EXHIBIT 2 - Page 2 of 9

DocuSign Envelope ID: 653ADF9A-216E-498E-A1AC-4C4E09696A6D

WASHINGTON ELECTION INTEGRITY
COALITION UNITED,
a WA State Nonprofit Corporation

Dated: _____ 9/14/2021

*Tamborine Borrelli*
DocuSigned by:

By: Tamborine Borrelli
Its: Director
Address: 13402 125th Ave NW
              Gig Harbor, WA 98329-4215
Phone:  253-375-1255

Dated: _____ 9/14/2021

*Brett Simpson*
DocuSigned by:

Brett Simpson
Plaintiff, *Pro Se*
Address: 19018 NE 127th Cir
              Brush Prairie, WA 98606
Phone: (425) 444-9933

Dated: _____ 9/14/2021

DocuSigned by:

Bonnie Grieco
Plaintiff, *Pro Se*
Address: 222 S 32nd Place
              Ridgefield, WA 98642
Phone: (971) 219-8939

Dated: _____ 9/15/2021

*Jonette Molyneux*
DocuSigned by:

Jonette Molyneux
Plaintiff, *Pro Se*
Address: 12905 NE Salmon Creek Ave.
              Vancouver, WA 98686
Phone: (360) 600-5777

Dated: _____ 9/14/2021

*Ross Merritt*
DocuSigned by:

Ross Merritt
Plaintiff, *Pro Se*
Address: 270 Stonegate
              Washougal, WA 98671
Phone: (503) 676-7370

SUMMONS (20 DAYS)                          3

EXHIBIT 2 - Page 3 of 9

DocuSign Envelope ID: 835ADF9A-21BE-498E-A1AC-4C4E09696A6D

Dated: _9/15/2021_

DocuSigned by:

*Tamara Shaw*

Tamara Shaw
Plaintiff, *Pro Se*
Address: 13705 NE 36th St
                Vancouver, WA 98682
Phone: (360) 977-8090

Dated: _9/15/2021_

DocuSigned by:

*Harlyn Thompson*

Harlyn Thompson
Plaintiff, *Pro Se*
Address: 1511 SW13th Ave Apt 346
                Battle Ground, WA 98604
Phone: (360) 567-7676

Dated: _9/15/2021_

DocuSigned by:

*Kimberlee Elbon*

Kimberlee Elbon
Plaintiff, *Pro Se*
Address: 613 East 6th Street
                LA Center, WA 98629
Phone: (360) 593-6878

Dated: _9/14/2021_

DocuSigned by:

*Robert Ward*

Robert Ward
Plaintiff, *Pro Se*
Address: 504 NE 134th St
                Vancouver, WA 98685
Phone: (360) 952-1601

Dated: _9/14/2021_

DocuSigned by:

*Constance Cooke*

Constance Cooke
Plaintiff, *Pro Se*
Address: 33817 SE 27th Street
                Washougal, WA 98671
Phone: (360) 606-6830

SUMMONS (20 DAYS)                                    4

EXHIBIT 2 - Page 4 of 9

DocuSign Envelope ID: 8B3ADF9A-216E-498E-A1AC-4C4E09696A6D

Dated: _____ 9/14/2021

DocuSigned by:
*Doreen Rose*
202642DE9DD4483
Doreen Rose
Plaintiff, *Pro Se*
Address: 5606 NW 280th St
          Ridgefield, WA 98642
Phone: (425) 923-0832

Dated: _____ 9/14/2021

DocuSigned by:
*Shirley Mozena*
BC5580DABC46413
Shirley Mozena
Plaintiff, *Pro Se*
Address: 3816 SE 153rd Court
          Vancouver, WA 98683
Phone: (360) 292-3155

Dated: _____ 9/14/2021

DocuSigned by:
*James Mozena*
06A049003D134CB
James Mozena
Plaintiff, *Pro Se*
Address: 3816 SE 153rd Court
          Vancouver, WA 98683
Phone: (503) 804-8349

Dated: _____ 9/14/2021

DocuSigned by:
MICHELLE DAWSON
0709FC3D66D4A2
Michelle Dawson
Plaintiff, *Pro Se*
Address: 304 West Cushman St.
          Yacolt, WA 98675
Phone: (435) 503-7742

Dated: _____ 9/15/2021

DocuSigned by:
C929C13C87D8415
Lindsey Nichols
Plaintiff, *Pro Se*
Address: 11405 NW 22st Ave.
          Vancouver, WA 98685
Phone: (714) 376-5577

SUMMONS (20 DAYS)                    5

EXHIBIT 2 - Page 5 of 9

DocuSign Envelope ID: 865ADF9A-21BE-496E-A1AC-4C4E08696A6D

Dated: _____ 9/15/2021

DocuSigned by:

Joseph Kent
Plaintiff, *Pro Se*
Address: 37607 NE Eagle View Drive
          Yacolt, WA 98675
Phone: (931) 933-0232

Dated: _____ 9/15/2021

DocuSigned by:

Roxanne Pearce
Plaintiff, *Pro Se*
Address: 1051 4th St.
          Washougal, WA 98671
Phone: (360) 901-0647

Dated: _____ 9/16/2021

DocuSigned by:

David Machado
Plaintiff, *Pro Se*
Address: 2406 NE 139th St. #27
          Vancouver, WA 98686
Phone: (360) 607-8699

Dated: _____ 9/15/2021

DocuSigned by:

Joshua Bradley
Plaintiff, *Pro Se*
Address: 62 34th Street
          Washougal, WA 98671
Phone: (360) 601-2078

Dated: _____ 9/15/2021

DocuSigned by:

Bennett Esrael
Plaintiff, *Pro Se*
Address: 25217 NE 142nd Ave.
          Battleground, WA 98604-2400
Phone: (360) 702-7944

SUMMONS (20 DAYS)                    6

EXHIBIT 2 - Page 6 of 9

DocuSign Envelope ID: 653ADF9A-216E-496E-A1AC-4C4E09696A6D

Dated: _____ 9/14/2021

DocuSigned by:

*JAKE PARMER*

Jake Parmer
Plaintiff, *Pro Se*
Address: 725 E Vine Maple Ave
          La Center, WA 98629
Phone: (503) 839-6633

Dated: _____ 9/14/2021

DocuSigned by:

*Rich Audette*

Rich Audette
Plaintiff, *Pro Se*
Address: 603 NW 24th Ave
          Battle Ground, WA 98604
Phone: (360) 831-4527

Dated: _____ 9/14/2021

DocuSigned by:

*Maria Bruemmer*

Maria Bruemmer
Plaintiff, *Pro Se*
Address: 5105 NE 72nd Ave APT # 49F
          Vancouver, WA 98661
Phone: (360) 977-0074

Dated: _____ 9/14/2021

DocuSigned by:

Joseph Gibson
Plaintiff, *Pro Se*
Address: 13023 NE Hwy 99 Suite 7-712
          Vancouver, WA 98686
Phone: (360) 635-3081

Dated: _____ 9/14/2021

DocuSigned by:

*Eric Hargrave*

Eric Hargrave
Plaintiff, *Pro Se*
Address: 505 26th St.
          Washougal, WA 98671
Phone: 360-553-2377

SUMMONS (20 DAYS)                    7

EXHIBIT 2 - Page 7 of 9

DocuSign Envelope ID: 653ADF9A-216E-498E-A1AC-4C4E09696A0D

Dated: _____ 9/15/2021

DocuSigned by:

*Wendy Keeline*

Wendy Keeline
Plaintiff, *Pro Se*
Address: 23103 NE 134th Circle
          Brush Prairie, WA 98606
Phone: (360) 896-2874

Dated: _____ 9/14/2021

DocuSigned by:

*Phillip Hogan*

Phillip Hogan
Plaintiff, *Pro Se*
Address: 8314 NE 239th St.
          Battle Ground, WA 98604
Phone: (360) 521-3621

Dated: _____ 9/14/2021

DocuSigned by:

*Marili Haas*

Marili Haas
Plaintiff, *Pro Se*
Address: 27408 NE 69th Ave
          Battle Ground, WA 98604
Phone: (360) 721-9521

Dated: _____ 9/14/2021

DocuSigned by:

*Ike Haas*

Ike Haas
Plaintiff, *Pro Se*
Address: 27408 NE 69th Ave
          Battle Ground, WA 98604
Phone: (360) 952-0307

Dated: _____ 9/15/2021

DocuSigned by:

Frank Gmelin
Plaintiff, *Pro Se*
Address: 4001 NE Everett Ct
          Camas, WA 98607
Phone: (503) 467-6580

SUMMONS (20 DAYS)                    8

EXHIBIT 2 - Page 8 of 9

Dated: ___9/15/2021___

DocuSigned by:
*Tricia Shoup*
Tricia Shoup
Plaintiff, *Pro Se*
Address: 17417 Ne 200th Cir
          Battle Ground, WA 98604
Phone: (360) 910-2497

Dated: ___9/15/2021___

DocuSigned by:
*Jen Holbrook*
Jen Holbrook
Plaintiff, *Pro Se*
Address: 27000 NE Bjur Rd.
          Ridgefield, WA 98642
Phone: (360) 601-5690

Dated: ___9/14/2021___

DocuSigned by:
*Stephen Clements*
Stephen Clements
Plaintiff, *Pro Se*
Address: 812 Z St
          Vancouver, WA 98661
Phone: (901) 592-7902

Dated: ___9/15/2021___

DocuSigned by:
*Taylor Anderson*
Kimberly Anderson
Plaintiff, *Pro Se*
Address: 9509 NE 135th Ct.
          Vancouver, WA 98682
Phone: (251) 259-2254

Dated: ___9/15/2021___

DocuSigned by:
*Susan Audette*
Susan Audette
Plaintiff, *Pro Se*
Address: 603 NW 24th Ave
          Battle Ground, WA 98604-4566
Phone: (360) 903-3540

SUMMONS (20 DAYS)                    9

EXHIBIT 2 - Page 9 of 9

FILED

2021 SEP 16 PM 2: 55

SCOTT G. WEBER, CLERK
CLARK COUNTY

**SUPERIOR COURT OF THE STATE OF WASHINGTON**

**FOR THE COUNTY OF CLARK**

| | |
|---|---|
| WASHINGTON ELECTION INTEGRITY COALITION UNITED, a Washington State Nonprofit Corporation; BRETT SIMPSON; BONNIE GRIECO; JONETTE MOLYNEUX; ROSS MERRITT; TAMARA SHAW; HARLYN THOMPSON; KIMBERLEE ELBON; ROBERT WARD; CONSTANCE COOKE; DOREEN ROSE; SHIRLEY MOZENA; JAMES MOZENA; MICHELLE DAWSON; LINDSEY NICHOLS; JOSEPH KENT; ROXANNE PEARCE; DAVID MACHADO; JOSHUA BRADLEY; BENNETT ESRAEL; JAKE PARMER; RICH AUDETTE; MARIA BRUEMMER; JOSEPH GIBSON; ERIC HARGRAVE; WENDY KEELINE; PHILLIP HOGAN; MARILI HAAS; IKE HAAS; FRANK GMELIN; TRICIA SHOUP; JEN HOLBROOK; STEPHEN CLEMENTS; KIMBERLY ANDERSON; SUSAN AUDETTE,<br><br>    Plaintiffs,<br><br><br>    v.<br><br><br>GREG KIMSEY, Clark County Auditor; CLARK COUNTY, and DOES 1-30, inclusive,<br><br>    Defendants. | Case No.  21  2  0 1 7 7 5  06<br><br>**VERIFIED COMPLAINT FOR EQUAL PROTECTION; VIOLATION OF CIVIL RIGHTS; EQUITABLE RELIEF; INJUNCTIVE RELIEF; DECLARATORY RELIEF; PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION**<br><br><br>**JURY DEMAND** |

**3**

JSS

EXHIBIT 3 - Page 1 of 40

Plaintiffs allege:

## I. PARTIES

1.      Plaintiffs Brett Simpson, Bonnie Grieco, Jonette Molyneux, Ross Merritt, Tamara Shaw, Harlyn Thompson, Kimberlee Elbon, Robert Ward, Constance Cooke, Doreen Rose, Shirley Mozena, James Mozena, Michelle Dawson, Lindsey Nichols, Joseph Kent, Roxanne Pearce, David Machado, Joshua Bradley, Bennett Esrael, Jake Parmer, Rich Audette, Maria Bruemmer, Joseph Gibson, Eric Hargrave, Wendy Keeline, Phillip Hogan, Marili Haas, Ike Haas, Frank Gmelin, Tricia Shoup, Jen Holbrook, Stephen Clements, Kimberly Anderson and Susan Audette ("Citizen Plaintiffs") are Clark County residents and lawful electors of Washington State who voted in the November 2020 General Election ("Election"). (Article VI, §1, Washington State Constitution).

2.      Plaintiff Washington Election Integrity Coalition United ("WEiCU") is a Washington State nonprofit corporation with its principal office in Pierce County, Washington.

3.      At all relevant times, Defendant Greg Kimsey is serving as the elected Auditor for the State of Washington, Clark County ("Auditor" and "County"), responsible for all Election procedures, elections staff, election workers, election observers, the accuracy of the County's Election vote tabulations, and certification of the County Election's tabulation results.

4.      Defendant Clark County is a municipal corporation.

## II. OVERVIEW

5.      The Auditor is responsible for conducting the County's Election in violation of, *inter alia*, Plaintiffs' equal protection, due process and free speech rights under the Washington State and United States Constitutions. Plaintiffs demand a jury trial and seek a judgment for damages for violations of their civil rights stemming from the Auditor allowing or facilitating vote flipping, additions and/or deletions, and allowing or facilitating party preference tracking and/or ballot identification. Plaintiff WEiCU issued a records request for ballots to confirm or deny the

VER. COMPLAINT FOR EQUAL PROTECTION       2

EXHIBIT 3 - Page 2 of 40

conduct and seeks a Court order compelling release of the public records, including a Court order unsealing ballots under RCW 29A.60.110, for a full forensic audit conducted by Jovan Hutton Pulitzer, inventor of kinematic artifact detection and Maricopa County Arizona ballot auditor of approximately 2.1 million ballots.

### III. JURISDICTION, VENUE, LIMITATIONS

6.      Any justice of the supreme court, judge of the court of appeals, or judge of the superior court in the proper county shall, by order, require any person charged with error, wrongful act, or neglect to forthwith correct the error, desist from the wrongful act, or perform the duty and to do as the court orders or to show cause forthwith why the error should not be corrected, the wrongful act desisted from, or the duty or order not performed, whenever it is made to appear to such justice or judge by affidavit of an elector that: (1) A wrongful act has been performed or is about to be performed by any election officer; or (2) Any neglect of duty on the part of an election officer has occurred or is about to occur. (RCW 29A.68.013(1), (2).)

7.      Venue is proper in the County's Superior Court for Constitutional violations, wrongful acts and/or neglect of duty by Auditor during the County's Election. (RCW 29A.68.013(1), (2).) Given a troublesome recent trend of judges recusing themselves thereby forcing actions to more favorable venues, Plaintiffs request that the Court immediately disclose to the parties any direct or indirect communications with any third parties aimed at disrupting the Court's ability to administer this action in a fair and equitable manner.

8.      The narrow 10 day limitations period of RCW 29A.68.013 subsection (3) does not apply to Plaintiffs' claims, as Plaintiffs are not seeking de-certification of the Election.

VER. COMPLAINT FOR EQUAL PROTECTION       3

EXHIBIT 3 - Page 3 of 40

9.     Plaintiffs do not know the true names of defendants Does 1 through 30, inclusive, who are therefore sued by such fictitious names. Plaintiffs will amend this complaint to show their true names and capacities when they are ascertained.

### IV. WRONGFUL ACTS: VOTE FLIPPING, ADDITIONS, AND/OR DELETIONS
### RCW 29A.68.013(1) and/or (2)
### (Citizen Plaintiffs v. Auditor)

10.    Plaintiffs incorporate the allegations of paragraphs 1 through 9 above, as though fully set forth herein.

11.    Prior to assuming the duties of overseeing elections for the County, Auditor entered into a solemn contract with the citizens of the County in the form of a publicly sworn oath to, *inter alia*, 'faithfully and impartially discharge the duties of his or her office to the best of his or her ability." (RCW 36.16.040; "Oath")

12.    Contrary to Auditor's Oath, Plaintiffs are informed and believe and thereon allege, that Auditor engaged in wrongful acts, errors and/or neglect of duty by allowing and/or facilitating electronic manipulation of the voting results from the Election.

13.    Plaintiffs are informed and believe and thereon allege, based on official electronic tallies recorded and electronically reported and captured in real time, that approximately 6,000 votes were flipped, over 400,000 votes were added, and/or thousands of votes were removed in one or more state-wide races before, during, and/or after the Election. Plaintiffs are informed and believe and thereon allege, that a portion of the state-wide vote flipping, additions and/or deletions occurred in the County's Election overseen by Auditor.

/ / /

/ / /

VER. COMPLAINT FOR EQUAL PROTECTION        4

EXHIBIT 3 - Page 4 of 40

## V. DECLARATORY RELIEF: VOTE FLIPPING, ADDITIONS AND/OR DELETIONS

### (Citizen Plaintiffs v. Auditor)

14.     Plaintiffs incorporate the allegations of paragraphs 1 through 13 above, as though fully set forth herein.

15.     A controversy has arisen relating to the legal rights of Plaintiffs and the legal duties of Auditor, in that Plaintiffs contend that Auditor engaged in a wrongful act, error and/or neglect of duty by allowing and/or facilitating electronic manipulation of the voting results from the Election.

16.     It is necessary and proper for the Court at this time to ascertain, determine and declare Plaintiffs' rights and the duties of Auditor with regard to the alleged vote flipping, additions and/or deletions before, during and/or after the Election.

## VI. EQUITABLE RELIEF: VOTE FLIPPING, ADDITIONS, AND/OR DELETIONS

### (Citizen Plaintiffs v. Auditor)

17.     Plaintiffs incorporate the allegations of paragraphs 1 through 16 above, as though fully set forth herein.

18.     By reason of the matters alleged above, Plaintiffs' remedies at law are inadequate. Auditor must be preliminarily and permanently restrained from allowing and/or facilitating electronic manipulation of the voting results for any election held in the County.  In addition, Plaintiffs will suffer irreparable injury in that their fundamental rights under the Washington State Constitution and/or United States Constitution, and amendments, will be further violated.

19.     Accordingly, Plaintiffs are entitled to a preliminary and permanent injunction (or, alternatively, in the Court's discretion, the issuance of a writ of mandamus under RCW 7.16.160)

EXHIBIT 3 - Page 5 of 40

barring Auditor from allowing and/or facilitating electronic manipulation of the voting results for any election held in the County.

## VII. WRONGFUL ACTS: PARTY PREFERENCE

### RCW 29A.68.013(1) and/or (2)

### (Citizen Plaintiffs v. Auditor)

20.     Plaintiffs incorporate the allegations of paragraphs 1 through 19 above, as though fully set forth herein.

21.     Contrary to Auditor's Oath of impartiality, Plaintiffs are informed and believe and thereon allege, that Auditor engaged in wrongful acts, errors and/or neglect of duty by allowing and/or facilitating: 1) maintaining a record of County elector party preference in violation of RCW 29A.08.166; and/or 2) identifying ballots cast by County electors in the Election by party preference. (RCW 29A.08.166)

## VIII. DECLARATORY RELIEF: PARTY PREFERENCE

### (Citizen Plaintiffs v. Auditor)

22.     Plaintiffs incorporate the allegations of paragraphs 1 through 21 above, as though fully set forth herein.

23.     A controversy has arisen relating to the legal rights of Plaintiffs and the legal duties of Auditor, in that Plaintiffs contend that Auditor engaged in wrongful acts, errors and/or neglect of duty by: 1) maintaining a record of County elector party preference in violation of RCW 29A.08.166; and/or 2) identifying ballots cast by County electors in the Election by party preference. (RCW 29A.08.166)

EXHIBIT 3 - Page 6 of 40

24. It is necessary and proper for the Court at this time to ascertain, determine and declare Plaintiffs' rights and the duties of Auditor with regard to the alleged party preference conduct.

## IX. EQUITABLE RELIEF: PARTY PREFERENCE

### (Citizen Plaintiffs v. Auditor)

25. Plaintiffs incorporate the allegations of paragraphs 1 through 24 above, as though fully set forth herein.

26. By reason of the matters alleged above, Plaintiffs' remedies at law are inadequate. Auditor must be preliminarily and permanently restrained from allowing and/or facilitating party preference tracking and/or ballot identification. In addition, Plaintiffs will suffer irreparable injury in that their fundamental rights under the Washington State Constitution and/or United States Constitution, and amendments, will be further violated.

27. Accordingly, Plaintiffs are entitled to a preliminary and permanent injunction (or, alternatively, in the Court's discretion, the issuance of a writ of mandamus under RCW 7.16.160) barring Auditor from: 1) maintaining a record of County elector party preference in violation of RCW 29A.08.166; and/or 2) identifying ballots cast by County electors in the Election by party preference. (RCW 29A.08.166)

## X. PUBLIC RECORDS ACTION

### RCW 29A.68.013(1) and/or (2); RCW 42.56.030; RCW 42.56.550; RCW 29A.60.110

### (Plaintiff WEiCU v. Auditor and County)

28. Plaintiffs incorporate the allegations of paragraphs 1 through 27 above, as though fully set forth herein.

VER. COMPLAINT FOR EQUAL PROTECTION      7

EXHIBIT 3 - Page 7 of 40

29.     In order to prove (or disprove) Plaintiffs' allegations herein, WEiCU brings this Public Records Act action to compel Defendants to provide access to public records from the Election for a full forensic audit. (RCW 42.56.030, 42.56.550, 29A.60.110).

30.     In August 2021, Plaintiff WEiCU submitted a records request to Auditor requesting original ballots, ballot images, spoiled ballots, adjudication records, ballot envelopes, and returned ballots for the Election. (RCW 42.56, "PRR"). The County denied one or more of the requested documents in WEiCU's PRR as exempt under RCW 42.56 citing RCW 29A.60.110 and/or White v. Clark County, 199 Wn.App. 929 (2017) ("PRR Denial"; "White Case").

31.     Contrary to the PRR Denial, RCW 29A.60.110 does not prohibit ballot review and expressly permits court ordered review of ballots. In addition, the White Case relies on WA State Constitution Article 6, Section 6 as grounds for refusing access to ballots, but that provision actually guarantees secrecy only in the preparation and deposit of ballots, and says nothing about secrecy following an election: "The legislature shall provide for such method of voting as will secure to every elector absolute secrecy in **preparing** and **depositing** his ballot." [WA State Const. Art. 6, § 6 [emphasis added].)

32.     Article 6, Section 6 does not prohibit public access to unidentifiable ballots after an election. Such interpretation of the State Constitution would prevent any ballot reviews relating to wrongful acts in an election and would be contrary to Article 1, Section 19 of the Washington State Constitution which ensures fair and free elections in our state: "All Elections shall be free and equal, and no power, civil or military, shall at any time interfere to prevent the free exercise of the right of suffrage."

33.     Moreover, the State Constitution is consistent with Washington State law and administrative code, which provide that access to ballots or ballot images via court order is entirely

VER. COMPLAINT FOR EQUAL PROTECTION      8

EXHIBIT 3 - Page 8 of 40

appropriate to prove or disprove election irregularities, and that such review "shall be de novo." (RCW 42.56.030 [the people do not yield their sovereignty to the agencies and insist on remaining informed so that they may maintain control over the instruments they have created to assure public interest is fully protected]; RCW 42.56.550(3) [judicial review of all agency actions taken or challenged under the [PRA] "shall be de novo".]; RCW 29A.60.110 [allows unsealing of ballots "...by order of the superior court in a contest or election dispute."]; WAC 434-261-045 ["Voted ballots and voted ballot images may . . . be accessed in accordance with RCW 29A.60.110 [unsealing of ballots allowed by court order]).

34. Numerous courts outside of Washington State have ruled that ballots are public records and subject to inspection: "Nothing could be more obvious than that a ballot becomes a public record once it is voted." (*Rogers v. Hood*, 906 So. 2d 1220, 1223 (Fla. Dist. Ct. App. 2005); *Marks v. Koch*, 284 P.3d 118, 122 (Colo. App. 2011) [ballot secrecy is not violated if "the identity of the voter cannot be discerned from the face of that ballot"]).

35. Defendants must be compelled to comply with the PRR not only because the documents requested are public records, but also to prove (or disprove) the allegations herein. WEiCU further requests that the Court unseal the ballots under RCW 29A.60.110, as Plaintiff WEiCU stands ready, willing and able to conduct a full forensic audit of the requested public records in coordination with Jovan Hutton Pulitzer, inventor of kinematic artifact detection and Maricopa county Arizona ballot auditor of 2020 General Election 2.1 million ballots.

/ / /

/ / /

/ / /

VER. COMPLAINT FOR EQUAL PROTECTION      9

EXHIBIT 3 - Page 9 of 40

## XI. DECLARATORY RELIEF: VIOLATIONS OF CONSTITUTIONAL RIGHTS

## WA STATE CONSITUTION ART. I, § 1, § 2, § 3, § 12, §19, §29; ART. VI, §6,

## US CONSTITUTION AMENDMENTS I, XIV

### (Citizen Plaintiffs v. Auditor)

36.     Plaintiffs incorporate the allegations of paragraphs 1 through 35 above, as though fully set forth herein.

37.     The right to freely elect one's representatives and to influence the political direction of one's government is the democratic republic's indispensable political foundation. Without free elections, there is neither the possibility for citizens to express their will nor the opportunity for citizens to change their leaders, approve policies for the country, address wrongs, or protest the limitation of their rights afforded to them by the Constitution. (Article 1, §19 Washington State Constitution).

38.     Moreover, Constitutional requirements and mandates may not be ignored by Auditor or this Court. (Article 1, §2, §29, Washington State Constitution.) Elections establish the citizenry's and the individual's right to FREE SPEECH as depicted by the First Amendment of the Constitution of the United States of America. Accordingly, Plaintiffs hereby demand of the Superior Court that the state and federal Constitutions be followed so that free and fair elections may be held in the County consistent with the free speech will of the People.

39.     Article 1 § 3 of the Washington State Constitution states: "No person shall be deprived of life, liberty, or property without due process of law." The right to vote is a fundamental right to which all lawful citizens of Washington State who meet the requirements are entitled, and as such this right is a "liberty" protected under Article 1 Section 3 of the Washington State Constitution.

VER. COMPLAINT FOR EQUAL PROTECTION      10

EXHIBIT 3 - Page 10 of 40

40.     A controversy has arisen relating to the legal rights of Plaintiffs and the legal duties of Auditor, in that Plaintiffs contend as follows:

a.      Auditor's wrongful acts as alleged herein infringed upon Plaintiffs' fundamental rights of equal protection, due process, and/or free speech under the Washington State Constitution and/or United States Constitution and amendments;

b.      Because Auditor failed to follow state and federal law, qualified electors were denied their fundamental right of suffrage without due process of law. Qualified electors who voted similarly had the value of their votes diluted, and the will of said voters denied, without due process of law;

c.      That the principles of equal protection require that Auditor abide by the process created by the Legislature to ensure uniform treatment of ballots regardless of who cast them, the manner in which they are cast, and/or who or what was voted for upon those ballots;

d.      That Auditor's conduct alleged herein abridged Plaintiffs' rights under the fourteenth amendment to the United States Constitution, which reads in relevant part: "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state ... deny to any person within its jurisdiction the equal protection of the laws." The requirements of the special "privileges or immunities" prohibition of WA State Const. Art. 1, § 12 are in most cases at least as stringent as those of the federal equal protection clause. *Hunter v. North Mason High Sch.*, 85 Wn.2d 810, 819 n. 9, 539 P.2d 845 (1975);

e.      That ballots from County electors, including Plaintiffs herein, were not treated equally nor given equal levels of protection under the law; and,

f.      That Plaintiffs' state and/or federal Constitutional rights have been abridged as a proximate result of Auditor's conduct as alleged herein.

VER. COMPLAINT FOR EQUAL PROTECTION      11

EXHIBIT 3 - Page 11 of 40

41.     Plaintiffs are informed and believe, and thereon allege, that Auditor disputes and denies the contentions set forth in subparagraphs (a) through (f) above.

42.     It is necessary and proper for the Court at this time to ascertain, determine and declare Plaintiffs' rights and the duties of Auditor, as they pertain to the Election and future elections in the County.

## XII. INJUNCTIVE RELIEF: VIOLATIONS OF CONSTITUTIONAL RIGHTS

### (Citizen Plaintiffs v. Auditor)

43.     Plaintiffs incorporate the allegations of paragraphs 1 through 42 above, as though fully set forth herein.

44.     By reason of the matters alleged above, Plaintiffs' remedies at law are inadequate. Unless Auditor is immediately and permanently restrained from taking any further actions in violation of Plaintiff's Constitutional rights, Plaintiffs will suffer irreparable injury in that, among other things, their fundamental rights under the Washington State Constitution and/or United States Constitution, and amendments, will be further violated.

45.     Accordingly, Plaintiffs are entitled to a preliminary and permanent injunction (or, alternatively, in the Court's discretion, the issuance of a writ of mandamus under RCW 7.16.160) barring Auditor from:

a) Allowing or facilitating vote flipping, additions and/or deletions; and/or

b) Allowing or facilitating party preference tracking and/or ballot identification.

/ / /

/ / /

/ / /

## XIII. DAMAGES FOR CIVIL RIGHTS VIOLATIONS

### 42 USC §1983, §1988

### (Citizen Plaintiffs v. Auditor)

46.     Plaintiffs incorporate the allegations of paragraphs 1 through 45 above, as though fully set forth herein.

47.     Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. (42 U.S.C. §1983).

48.     Auditor's actions as alleged herein were done under color of state law.

49.     While acting under color of state law, and as a proximate result of Auditor's conduct, Auditor deprived Plaintiffs of their federal rights under, *inter alia*, the First and/or Fourteenth Amendments to the United States Constitution.

50.     Plaintiffs have incurred and will incur expenses of suit as a result of this proceeding, in an amount that cannot yet be ascertained, and reserve all rights to recovery under 42 U.S.C. Sections 1983 and 1988.

### XIV. DEMAND FOR JURY TRIAL

51.     Auditor's conduct alleged herein raises serious questions of fact. (RCW 4.44.090 [all questions of fact shall be decided by the jury].) Plaintiffs' right of trial by jury "shall remain inviolate". (Washington State Constitution, Art. 1, §21; US Constitution Amendment VII.) Plaintiffs hereby demand a jury trial.

*/ / /*

EXHIBIT 3 - Page 13 of 40

## XV. RELIEF SOUGHT

WHEREFORE, PLAINTIFFS pray for judgment as follows:

1.  That Auditor be found in error and/or neglect for allowing and/or facilitating vote flipping, additions and/or deletions before, during and/or after the Election;

2.  That Auditor be found in error and/or neglect for allowing or facilitating party preference tracking and/or ballot identification for the Election;

3.  That Auditor be ordered to desist from the following errors and wrongful acts and facilitation thereof:

    a)  Allowing or facilitating vote flipping, additions and/or deletions; and/or,

    b)  Allowing or facilitating party preference tracking and/or ballot identification;

4.  That Auditor and/or Defendant County be compelled and ordered to comply with WEiCU's PRR, including a Court order unsealing ballots under RCW 29A.60.110, for the purpose, *inter alia*, of a full forensic audit conducted by Jovan  Hutton Pulitzer, inventor of kinematic artifact detection and Maricopa county Arizona ballot auditor of 2020 General Election 2.1 million ballots;

5.  For a declaration that Auditor's actions violated Plaintiffs' Constitutional Rights to Equal Protection, Due Process, and/or Free Speech Under the Law (WA State Const., Art I,  § 1, § 2, § 3, § 12, §19, §29 ; Art. VI, §6, US Const. Amendments I and/or XIV.)

6.  For preliminary and permanent injunctive relief injunction (or, alternatively, in the Court's discretion, the issuance of a writ of mandamus under RCW 7.16.160) enjoining Auditor, Auditor's agents, employees, and all persons acting in concert with Auditor, from any and all of the following actions, as Plaintiffs' remedies at law are inadequate,

EXHIBIT 3 - Page 14 of 40

DocuSign Envelope ID: 653ADF9A-216E-498E-A1AC-4C4E09696A6D

and Auditor's conduct will cause Plaintiffs to suffer irreparable injury through continued violations of their Constitutional rights:

    a)  Allowing or facilitating vote flipping, additions and/or deletions; and/or,

    b)  Allowing or facilitating party preference tracking and/or ballot identification;

7.  For damages for violation of Plaintiffs' constitutional rights under color of law (42 U.S.C. Sections 1983); and/or,

8.  For attorney's fees if counsel is retained, for costs of suit, and for such other and further relief as the Court deems just and proper.

WASHINGTON ELECTION INTEGRITY
COALITION UNITED,
a WA State Nonprofit Corporation

Dated: _____ 9/14/2021

By: Tamborine Borrelli
Its: Director
Address: 13402 125th Ave NW
        Gig Harbor, WA 98329-4215
Phone:  253-375-1255

Dated: _____ 9/14/2021

Brett Simpson
Plaintiff, *Pro Se*
Address: 19018 NE 127th Cir
        Brush Prairie, WA 98606
Phone: (425) 444-9933

Dated: _____ 9/14/2021

Bonnie Grieco
Plaintiff, *Pro Se*
Address: 222 S 32nd Place
        Ridgefield, WA 98642
Phone: (971) 219-8939

VER. COMPLAINT FOR EQUAL PROTECTION    15

EXHIBIT 3 - Page 15 of 40

DocuSign Envelope ID: 653ADF9A-216E-498E-A1AC-4C4E09696A6D

Dated: _____ 9/15/2021

DocuSigned by:

*Jonette Molyneux*

B912E2AE20B6448

Jonette Molyneux
Plaintiff, *Pro Se*
Address: 12905 NE Salmon Creek Ave.
          Vancouver, WA 98686
Phone: (360) 600-5777

Dated: _____ 9/14/2021

DocuSigned by:

*Ross Merritt*

6E9A9EE22E6940D

Ross Merritt
Plaintiff, *Pro Se*
Address: 270 Stonegate
          Washougal, WA 98671
Phone: (503) 676-7370

Dated: _____ 9/15/2021

DocuSigned by:

*Tamara Shaw*

4AFC112934764GA

Tamara Shaw
Plaintiff, *Pro Se*
Address: 13705 NE 36th St
          Vancouver, WA 98682
Phone: (360) 977-8090

Dated: _____ 9/15/2021

DocuSigned by:

*Harlyn Thompson*

D36BD96DB703419

Harlyn Thompson
Plaintiff, *Pro Se*
Address: 1511 SW13th Ave Apt 346
          Battle Ground, WA 98604
Phone: (360) 567-7676

Dated: _____ 9/15/2021

DocuSigned by:

*Kimberlee Elbon*

BA3359D7937C41F

Kimberlee Elbon
Plaintiff, *Pro Se*
Address: 613 East 6th Street
          LA Center, WA 98629
Phone: (360) 593-6878

VER. COMPLAINT FOR EQUAL PROTECTION        16

EXHIBIT 3 - Page 16 of 40

DocuSign Envelope ID: 653ADF9A-216E-498E-A1AC-4C4E09696A6D

Dated: _____  9/14/2021

Robert Ward
Plaintiff, *Pro Se*
Address: 504 NE 134th St
         Vancouver, WA 98685
Phone: (360) 952-1601

Dated: _____  9/14/2021

Constance Cooke
Plaintiff, *Pro Se*
Address: 33817 SE 27th Street
         Washougal, WA 98671
Phone: (360) 606-6830

Dated: _____  9/14/2021

Doreen Rose
Plaintiff, *Pro Se*
Address: 5606 NW 280th St
         Ridgefield, WA 98642
Phone: (425) 923-0832

Dated: _____  9/14/2021

Shirley Mozena
Plaintiff, *Pro Se*
Address: 3816 SE 153rd Court
         Vancouver, WA 98683
Phone: (360) 292-3155

Dated: _____  9/14/2021

James Mozena
Plaintiff, *Pro Se*
Address: 3816 SE 153rd Court
         Vancouver, WA 98683
Phone: (503) 804-8349

VER. COMPLAINT FOR EQUAL PROTECTION    17

EXHIBIT 3 - Page 17 of 40

DocuSign Envelope ID: 653ADF9A-216E-498E-A1AC-4C4E09696A6D

Dated: _____ 9/14/2021 _____

┌─ DocuSigned by:
│ MICHELLE DAWSON
└─ 07093E03866D402...
Michelle Dawson
Plaintiff, *Pro Se*
Address: 304 West Cushman St.
            Yacolt, WA 98675
Phone: (435) 503-7742

Dated: _____ 9/15/2021 _____

┌─ DocuSigned by:
│
└─ C920C43CA7D841F...
Lindsey Nichols
Plaintiff, *Pro Se*
Address: 11405 NW 22st Ave.
            Vancouver, WA 98685
Phone: (714) 376-5577

Dated: _____ 9/15/2021 _____

┌─ DocuSigned by:
│
└─ E16124DE0E40427...
Joseph Kent
Plaintiff, *Pro Se*
Address: 37607 NE Eagle View Drive
            Yacolt, WA 98675
Phone: (931) 933-0232

Dated: _____ 9/15/2021 _____

┌─ DocuSigned by:
│ K
└─ 0F0E1C50C854453...
Roxanne Pearce
Plaintiff, *Pro Se*
Address: 1051 4th St.
            Washougal, WA 98671
Phone: (360) 901-0647

Dated: _____ 9/16/2021 _____

┌─ DocuSigned by:
│
└─ E3E76F931ABD400...
David Machado
Plaintiff, *Pro Se*
Address: 2406 NE 139th St. #27
            Vancouver, WA 98686
Phone: (360) 607-8699

VER. COMPLAINT FOR EQUAL PROTECTION      18

EXHIBIT 3 - Page 18 of 40

DocuSign Envelope ID: 653ADF9A-216E-498E-A1AC-4C4E09696A6D

Dated: _____ 9/15/2021 _____

DocuSigned by:

Joshua Bradley
Plaintiff, *Pro Se*
Address: 62 34th Street
        Washougal, WA 98671
Phone: (360) 601-2078

Dated: _____ 9/15/2021 _____

DocuSigned by:

Bennett Esrael
Plaintiff, *Pro Se*
Address: 25217 NE 142nd Ave.
        Battleground, WA 98604-2400
Phone: (360) 702-7944

Dated: _____ 9/14/2021 _____

DocuSigned by:

Jake Parmer
Plaintiff, *Pro Se*
Address: 725 E Vine Maple Ave
        La Center, WA 98629
Phone: (503) 839-6633

Dated: _____ 9/14/2021 _____

DocuSigned by:

Rich Audette
Plaintiff, *Pro Se*
Address: 603 NW 24th Ave
        Battle Ground, WA 98604
Phone: (360) 831-4527

Dated: _____ 9/14/2021 _____

DocuSigned by:

Maria Bruemmer
Plaintiff, *Pro Se*
Address: 5105 NE 72nd Ave APT # 49F
        Vancouver, WA 98661
Phone: (360) 977-0074

VER. COMPLAINT FOR EQUAL PROTECTION    19

EXHIBIT 3 - Page 19 of 40

DocuSign Envelope ID: 665ADF9A-216E-498E-A1AC-4C4E09696A6D

Dated: _____9/14/2021_____

DocuSigned by:

Joseph Gibson
Plaintiff, *Pro Se*
Address: 13023 NE Hwy 99 Suite 7-712
            Vancouver, WA 98686
Phone: (360) 635-3081

Dated: _____9/14/2021_____

DocuSigned by:

Eric Hargrave
Plaintiff, *Pro Se*
Address: 505 26th St.
            Washougal, WA 98671
Phone: 360-553-2377

Dated: _____9/15/2021_____

DocuSigned by:

Wendy Keeline
Plaintiff, *Pro Se*
Address: 23103 NE 134th Circle
            Brush Prairie, WA 98606
Phone: (360) 896-2874

Dated: _____9/14/2021_____

DocuSigned by:

Phillip Hogan
Plaintiff, *Pro Se*
Address: 8314 NE 239th St.
            Battle Ground, WA 98604
Phone: (360) 521-3621

Dated: _____9/14/2021_____

DocuSigned by:

Marili Haas
Plaintiff, *Pro Se*
Address: 27408 NE 69th Ave
            Battle Ground, WA 98604
Phone: (360) 721-9521

VER. COMPLAINT FOR EQUAL PROTECTION       20

EXHIBIT 3 - Page 20 of 40

DocuSign Envelope ID: 653AD79A-218E-498E-A1AC-4C4E09696A6D

Dated: _____ 9/14/2021

DocuSigned by:

*Ike Haas*

8A4EE543032D4EA

Ike Haas
Plaintiff, *Pro Se*
Address: 27408 NE 69th Ave
             Battle Ground, WA 98604
Phone: (360) 952-0307

Dated: _____ 9/15/2021

DocuSigned by:

*Frank Gmelin*

E0422A2A239A11

Frank Gmelin
Plaintiff, *Pro Se*
Address: 4001 NE Everett Ct
             Camas, WA 98607
Phone: (503) 467-6580

Dated: _____ 9/15/2021

DocuSigned by:

*Tricia Shoup*

10D916006BEE471

Tricia Shoup
Plaintiff, *Pro Se*
Address: 17417 Ne 200th Cir
             Battle Ground, WA 98604
Phone: (360) 910-2497

Dated: _____ 9/15/2021

DocuSigned by:

*Jen Holbrook*

73B8CFC0FD484D3

Jen Holbrook
Plaintiff, *Pro Se*
Address: 27000 NE Bjur Rd.
             Ridgefield, WA 98642
Phone: (360) 601-5690

Dated: _____ 9/14/2021

DocuSigned by:

*Stephen Clements*

6846A1F82D6E476

Stephen Clements
Plaintiff, *Pro Se*
Address: 812 Z St
             Vancouver, WA 98661
Phone: (901) 592-7902

VER. COMPLAINT FOR EQUAL PROTECTION      21

EXHIBIT 3 - Page 21 of 40

POOR QUALITY ORIGINAL

Dated: _____9/15/2021_____

Kimberly Anderson
Plaintiff, *Pro Se*
Address: 9509 NE 135th Ct.
          Vancouver, WA 98682
Phone: (251) 259-2254

Dated: _____9/15/2021_____

Susan Audette
Plaintiff, *Pro Se*
Address: 603 NW 24th Ave
          Battle Ground, WA 98604-4566
Phone: (360) 903-3540

VER. COMPLAINT FOR EQUAL PROTECTION        22

EXHIBIT 3 - Page 22 of 40

DocuSign Envelope ID: 855ADF9A-218E-498E-A1AC-4C4E09696A6D

# VERIFICATIONS

I, Tamborine Borrelli, declare:

I am the Director of Washington Election Integrity Coalition United, a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true. I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of Thurston, State of Washington, on this _____ day of ___9/14/2021___, 2021.

WASHINGTON ELECTION INTEGRITY
COALITION UNITED, a WA State Nonprofit

DocuSigned by:
*Tamborine Borrelli*
7B5CE97D1596E3

By: Tamborine Borrelli
Its: Director

I, Brett Simpson, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true.  I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of ___Clark___, State of Washington, on this _____ day of ___9/14/2021___, 2021.

DocuSigned by:
*Brett Simpson*
7F58C38FD3BB4BE

Brett Simpson

VER. COMPLAINT FOR EQUAL PROTECTION      23

EXHIBIT 3 - Page 23 of 40

DocuSign Envelope ID: 655ADF9A-216E-498E-A1AC-4C4E09696A6D

I, Bonnie Grieco, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true.  I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of _Clark_____, State of Washington, on this _____ day of ___9/14/2021_____, 2021.

_____
Bonnie Grieco

I, Jonette Molyneux, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true.  I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of _JM_____, State of Washington, on this _____ day of ___9/15/2021_____, 2021.

_____
Jonette Molyneux

VER. COMPLAINT FOR EQUAL PROTECTION       24

EXHIBIT 3 - Page 24 of 40

DocuSign Envelope ID: 653ADF9A-216E-498E-A1AC-4C4E09696A6D

I, Ross Merritt, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true.  I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of Clark _____, State of Washington, on this _____ day of 9/14/2021 _____, 2021.

DocuSigned by:

Ross Merritt

Ross Merritt

I, Tamara Shaw, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true.  I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of Clark _____, State of Washington, on this _____ day of 9/15/2021 _____, 2021.

DocuSigned by:

Tamara Shaw

Tamara Shaw

VER. COMPLAINT FOR EQUAL PROTECTION      25

EXHIBIT 3 - Page 25 of 40

Docusign Envelope ID: 653ADF9A-216E-496E-A1AC-4C4E09696A6D

I, Harlyn Thomson, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true.  I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of Clark county____, State of Washington, on this _____ day of _____9/15/2021_____, 2021.

Harlyn Thompson


I, Kimberlee Elbon, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true.  I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of Clark_____, State of Washington, on this _____ day of _____9/15/2021_____, 2021.

Kimberlee Elbon


VER. COMPLAINT FOR EQUAL PROTECTION      26

EXHIBIT 3 - Page 26 of 40

DocuSign Envelope ID: 855ADF9A-216E-498E-A1AC-4C4E09696A6D

I, Robert Ward, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true.  I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of Clark_____, State of Washington, on this _____ day of _____9/14/2021_____, 2021.

DocuSigned by:
*Robert Ward*
480266066F3240F
Robert Ward

I, Constance Cooke, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true.  I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of Clark_____, State of Washington, on this _____ day of _____9/14/2021_____, 2021.

DocuSigned by:
*Constance Cook*
1A3109144CCE04A2
Constance Cooke

VER. COMPLAINT FOR EQUAL PROTECTION      27

EXHIBIT 3 - Page 27 of 40

DocuSign Envelope ID: 653ADF9A-216E-498E-A1AC-4C4E0969OA6D

I, Doreen Rose, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true.  I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of Clark

_____, State of Washington, on this _____ day of _____9/14/2021_____, 2021.

DocuSigned by:

*Doreen Rose*

202842DF0D04483...

Doreen Rose

I, Shirley Mozena, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true.  I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of Clark

_____, State of Washington, on this _____ day of _____9/14/2021_____, 2021.

DocuSigned by:

*Shirley Mozena*

8C5568DA8C46413...

Shirley Mozena

VER. COMPLAINT FOR EQUAL PROTECTION      28

EXHIBIT 3 - Page 28 of 40

DocuSign Envelope ID: 653ADF9A-216E-498E-A1AC-4C4E09698A6D

I, James Mozena, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED

COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE

RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO

COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe

that the matters stated therein are true and correct and on that ground I allege that the matters stated

therein are true.  I declare under penalty of perjury under the laws of the State of Washington that

the foregoing is true and correct and that this document was executed in the County of

__clark_____, State of Washington, on this _____ day of ___9/14/2021_____, 2021.

James Mozena

I, Michelle Dawson, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED

COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE

RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO

COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe

that the matters stated therein are true and correct and on that ground I allege that the matters stated

therein are true.  I declare under penalty of perjury under the laws of the State of Washington that

the foregoing is true and correct and that this document was executed in the County of

__Clark_____, State of Washington, on this _____ day of ___9/14/2021_____, 2021.

MICHELLE DAWSON

Michelle Dawson

EXHIBIT 3 - Page 29 of 40

DocuSign Envelope ID: 655ADF9A-216E-498E-A1AC-4C4E09696A6D

I, Lindsey Nichols, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true.  I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of Lindsey nichols , State of Washington, on this _____ day of 9/15/2021 _____, 2021.

Lindsey Nichols

I, Joseph Kent, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true.  I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of 15 _____, State of Washington, on this _____ day of 9/15/2021 _____, 2021.

Joseph Kent

VER. COMPLAINT FOR EQUAL PROTECTION        30

EXHIBIT 3 - Page 30 of 40

DocuSign Envelope ID: 695ADF9A-216E-498E-A1AC-4C4E09696A6D

I, Roxanne Pearce, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true. I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of Clark County _____, State of Washington, on this _____ day of 9/15/2021 _____, 2021.

_____
Roxanne Pearce

I, David Machado, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true. I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of Clark _____, State of Washington, on this _____ day of 9/16/2021 _____, 2021.

_____
David Machado

VER. COMPLAINT FOR EQUAL PROTECTION      31

EXHIBIT 3 - Page 31 of 40

DocuSign Envelope ID: 653ADF9A-218E-498E-A1AC-4C4E09090A8D

I, Joshua Bradley, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true.  I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of __Clark_____, State of Washington, on this _____ day of ___9/15/2021_____, 2021.

                                                DocuSigned by:

                                                C5920B360DC5491
                                                Joshua Bradley

I, Bennett Esrael, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true.  I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of __Clark county__, State of Washington, on this _____ day of ___9/15/2021_____, 2021.

                                                DocuSigned by:

                                                5539B9DF6CB064C3
                                                Bennett Esrael

VER. COMPLAINT FOR EQUAL PROTECTION        32

EXHIBIT 3 - Page 32 of 40

DocuSign Envelope ID: 653ADF9A-216E-498E-A1AC-4C4E09696A6D

I, Jake Parmer, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true.  I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of Clark, State of Washington, on this _____ day of _____, 2021.

9/14/2021

_____

Jake Parmer

I, Rich Audette, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true.  I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of Clark, State of Washington, on this _____ day of _____, 2021.

9/14/2021

_____

Rich Audette

VER. COMPLAINT FOR EQUAL PROTECTION      33

EXHIBIT 3 - Page 33 of 40

DocuSign Envelope ID: 653ADF9A-216E-498E-A1AC-4C4E09696A6D

I, Maria Bruemmer, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true.  I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of Clark _____, State of Washington, on this _____ day of _____9/14/2021_____, 2021.

_Maria Bruemmer_
7D9F92B9D0EE4EC...
Maria Bruemmer

I, Joseph Gibson, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true.  I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of Clark county _____, State of Washington, on this _____ day of _____9/14/2021_____, 2021.

869D13468184471...
Joseph Gibson

VER. COMPLAINT FOR EQUAL PROTECTION          34

EXHIBIT 3 - Page 34 of 40

DocuSign Envelope ID: 655ADF9A-216E-498E-A1AC-4C4E09696A6D

I, Eric Hargrave, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true.  I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of CLARK , State of Washington, on this _____ day of ___9/14/2021_____, 2021.

DocuSigned by:

*Eric Hargrave*

91B77C8BD006406...

Eric Hargrave

I, Wendy Keeline, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true.  I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of Clark , State of Washington, on this _____ day of ___9/15/2021_____, 2021.

DocuSigned by:

*Wendy Keeline*

12BD0615D65F4D5...

Wendy Keeline

VER. COMPLAINT FOR EQUAL PROTECTION     35

EXHIBIT 3 - Page 35 of 40

DocuSign Envelope ID: 653ADF9A-216E-498E-A1AC-4C4E09696A6D

I, Phillip Hogan, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true.  I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of Clark _____, State of Washington, on this _____ day of 9/14/2021 _____, 2021.

DocuSigned by:

*Phillip Hogan*
6567672A23GB49F

Phillip Hogan


I, Marili Haas, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true.  I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of Clark _____, State of Washington, on this _____ day of 9/14/2021 _____, 2021.

DocuSigned by:

*Marili Haas*
B42F500636134FA

Marili Haas

EXHIBIT 3 - Page 36 of 40

DocuSign Envelope ID: 653ADF9A-216E-498E-A1AC-4C4E09696A6D

I, Ike Haas, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true.  I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of _____ Clark, State of Washington, on this _____ day of _____ 9/14/2021, 2021.

DocuSigned by:

*Ike Haas*
8A4EF543932D4E4

Ike Haas


I, Frank Gmelin, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true.  I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of _____ Clark, State of Washington, on this _____ day of _____ 9/15/2021, 2021.

DocuSigned by:

F04224A2A239411

Frank Gmelin


VER. COMPLAINT FOR EQUAL PROTECTION     37

EXHIBIT 3 - Page 37 of 40

DocuSign Envelope ID: 653ADF9A-218E-498E-A1AC-4C4E09696A6D

I, Tricia Shoup, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true.  I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of Clark                                                                                          9/15/2021
_____, State of Washington, on this _____ day of _____, 2021.

DocuSigned by:

*Tricia Shoup*
1DB046B06BE6471...
Tricia Shoup

I, Jen Holbrook, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true.  I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of Clark                                                                                          9/15/2021
_____, State of Washington, on this _____ day of _____, 2021.

DocuSigned by:

*Jen Holbrook*
73B8CEC9ED48403...
Jen Holbrook

VER. COMPLAINT FOR EQUAL PROTECTION        38

EXHIBIT 3 - Page 38 of 40

DocuSign Envelope ID: 653ADF9A-216E-498E-A1AC-4C4E09696A6D

I, Stephen Clements, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true. I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of

Clark
_____, State of Washington, on this _____ day of ___9/14/2021_____, 2021.

DocuSigned by:

*Stephen Clements*

9846A1F0205E470

Stephen Clements

I, Kimberly Anderson, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true. I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of

Clark
_____, State of Washington, on this _____ day of ___9/15/2021_____, 2021.

DocuSigned by:

*Taylor Anderson*

41DFC912B0C443F

Kimberly Anderson

VER. COMPLAINT FOR EQUAL PROTECTION      39

EXHIBIT 3 - Page 39 of 40

DocuSign Envelope ID: 40079732-C685-4216-8B29-24404D78D6A2

I, Susan Audette, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true.  I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of __Clark_____, State of Washington, on this _____ day of ____9/15/2021_____, 2021.

DocuSigned by:

798EBEDAD0954E7

Susan Audette

VER. COMPLAINT FOR EQUAL PROTECTION        40

EXHIBIT 3 - Page 40 of 40



**FILED**

SEP 1 7 2021

Scott G. Weber, Clerk, Clark Co

4308

**Superior Court of Washington, County of** _Clark_

| | |
|---|---|
| In re: <br> Petitioner/s *(person/s who started this case)*: <br> _Washington Election Integrity_ <br> _Coalition United_ <br> And Respondent/s *(other party/parties)*: <br> _Clark County_ | No. _21-2-01775-06_ <br><br> Proof of Mailing or Hand Delivery <br> (for documents after Summons and Petition) <br> (AFSR) |

# Proof of Mailing or Hand Delivery
## (for documents after Summons and Petition)

***Warning!*** *Do **not** use this form to prove you mailed or delivered a Summons, Petition, Order to Go to Court, or any kind of Restraining Order. For those documents, use Proof of Personal Service (FL All Family 101), or if you have court permission to serve by mail, use Proof of Service by Mail (FL All Family 107).*

I declare:

**1.** I am *(check one):* ☐ the Petitioner ☐ the Respondent ☒ *(name):* _Michael Terry_
and am competent to be a witness in this case.

**2.** On *(date):* ___9/17/2021___, I served copies of the documents listed in **3** below to
*(name of party or lawyer served):* _Clark County_ by:

☐ mail *(check all that apply):* ☐ first class ☐ certified ☐ other _____

_____
mailing address                                       city                    state          zip

☐ email to *(address):* _____
*(only if allowed by agreement, order, or your county's Local Court Rule)*

☐ fax to *(number):* _____
*(only if allowed by agreement, order, or your county's Local Court Rule)*

☒ Hand delivery at *(time):* _4:10_ ☐ a.m. ☒ p.m. to this address:

_1300 Franklin St. - Elections office Vancouver WA 98660_
street address                              city                    state          zip

| | | |
|---|---|---|
| CR 5(b) <br> Optional Form *(05/2016)* <br> **FL All Family 112** | Proof of Mailing or Hand Delivery <br><br> p. 1 of 2 | **4** |

JSS

EXHIBIT 4 - Page 1 of 11

I left the documents (check one):

☐ with the party or lawyer named above.

☐ at his/her office with the clerk or other person in charge.

☐ at his/her office in a conspicuous place because no one was in charge.

☒ with (name): _Marleny and Charla - Elections office_
at the address listed in court documents where the party agreed to receive
legal papers for this case.

☐ (For a party or lawyer who has no office or whose office is closed) at his/her
home with (name): _____, a
person of suitable age and discretion who lives in the same home.

**3.  List all documents you served** (check all that apply):
*(The most common documents are listed below. Check only those documents that were served.  Use the
"Other" boxes to write in the title of each document you served that is not already listed.)*

| | |
|---|---|
| ☐ Notice of Hearing _____ | ☐ Notice Re Military Dependent |
| ☐ Motion for Temporary Family Law Order ☐ and Restraining Order | ☐ Sealed Financial Documents |
| ☐ Proposed Temporary Family Law Order | ☐ Financial Declaration |
| ☐ Proposed Parenting Plan | ☐ Declaration of: _____ |
| ☐ Proposed Child Support Order | ☐ Declaration of: _____ |
| ☐ Proposed Child Support Worksheets | ☐ Declaration of: _____ |
| ☒ Other: _Summons and Complaint_ | ☐ Other: _____ |
| ☐ Other: _____ | ☐ Other: _____ |
| ☐ Other: _____ | ☐ Other: _____ |

**4.   Other:** _____

_____

I declare under penalty of perjury under the laws of the state of Washington that the statements
on this form are true.

Signed at (city and state): _Vancouver, WA_         Date: _9/17/2021_

▶ _____          _Michael Terry_
Signature of server                           Print or type name of server

CR 5(b)
Optional Form (05/2016)                    Proof of Mailing or Hand Delivery
**FL All Family 112**                           **p. 2 of 2**

EXHIBIT 4 - Page 2 of 11



C O P Y
Original Filed

SEP 1 6 2021

Scott G. Weber, Clerk, Clark Co.

## SUPERIOR COURT OF THE STATE OF WASHINGTON

## FOR THE COUNTY OF CLARK

| | |
|---|---|
| WASHINGTON ELECTION INTEGRITY COALITION UNITED, a Washington State Nonprofit Corporation; BRETT SIMPSON; BONNIE GRIECO; JONETTE MOLYNEUX; ROSS MERRITT; TAMARA SHAW; HARLYN THOMPSON; KIMBERLEE ELBON; ROBERT WARD; CONSTANCE COOKE; DOREEN ROSE; SHIRLEY MOZENA; JAMES MOZENA; MICHELLE DAWSON; LINDSEY NICHOLS; JOSEPH KENT; ROXANNE PEARCE; DAVID MACHADO; JOSHUA BRADLEY; BENNETT ESRAEL; JAKE PARMER; RICH AUDETTE; MARIA BRUEMMER; JOSEPH GIBSON; ERIC HARGRAVE; WENDY KEELINE; PHILLIP HOGAN; MARILI HAAS; IKE HAAS; FRANK GMELIN; TRICIA SHOUP; JEN HOLBROOK; STEPHEN CLEMENTS; KIMBERLY ANDERSON; SUSAN AUDETTE, <br><br> Plaintiffs, <br><br> v. <br><br> GREG KIMSEY, Clark County Auditor; CLARK COUNTY, and DOES 1-30, inclusive, <br><br> Defendants. | Case No. <br><br><br><br> SUMMONS (20 DAYS) |

SUMMONS (20 DAYS)                    1

EXHIBIT 4 - Page 3 of 11

TO THE DEFENDANTS:  A lawsuit has been started against you in the above entitled court by Washington Election Integrity Coalition United, a Washington State Nonprofit Corporation, Brett Simpson, Bonnie Grieco, Jonette Molyneux, Ross Merritt, Tamara Shaw, Harlyn Thompson, Kimberlee Elbon, Robert Ward, Constance Cooke, Doreen Rose, Shirley Mozena, James Mozena, Michelle Dawson, Lindsey Nichols, Joseph Kent, Roxanne Pearce, David Machado, Joshua Bradley, Bennett Esrael, Jake Parmer, Rich Audette, Maria Bruemmer, Joseph Gibson, Eric Hargrave, Wendy Keeline, Phillip Hogan, Marili Haas, Ike Haas, Frank Gmelin, Tricia Shoup, Jen Holbrook, Stephen Clements, Kimberly Anderson, and Susan Audette, plaintiffs.

Plaintiffs' claims are stated in the written complaint, a copy of which is served upon you with this summons. In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiffs are entitled to what she/he/they ask for because you have not responded. If you serve a notice of appearance on the undersigned persons, you are entitled to notice before a default judgment may be entered. You may demand that the plaintiffs file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the persons signing this summons. Within 14 days after you serve the demand, the plaintiffs must file this lawsuit with the court, or the service on you of this summons and complaint will be void. If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time. This summons is issued pursuant to rule 4 of the Superior Court Civil Rules of the State of Washington.

/ / /

/ / /

SUMMONS (20 DAYS)                          2

EXHIBIT 4 - Page 4 of 11

DocuSign Envelope ID: 653ADF9A-21BE-498E-A1AC-4C4E09696A6D

WASHINGTON ELECTION INTEGRITY
COALITION UNITED,
a WA State Nonprofit Corporation

Dated: 9/14/2021 _____

By: Tamborine Borrelli
Its: Director
Address: 13402 125th Ave NW
         Gig Harbor, WA 98329-4215
Phone:  253-375-1255

Dated: 9/14/2021 _____

Brett Simpson
Plaintiff, *Pro Se*
Address: 19018 NE 127th Cir
         Brush Prairie, WA 98606
Phone: (425) 444-9933

Dated: 9/14/2021 _____

Bonnie Grieco
Plaintiff, *Pro Se*
Address: 222 S 32nd Place
         Ridgefield, WA 98642
Phone: (971) 219-8939

Dated: 9/15/2021 _____

Jonette Molyneux
Plaintiff, *Pro Se*
Address: 12905 NE Salmon Creek Ave.
         Vancouver, WA 98686
Phone: (360) 600-5777

Dated: 9/14/2021 _____

Ross Merritt
Plaintiff, *Pro Se*
Address: 270 Stonegate
         Washougal, WA 98671
Phone: (503) 676-7370

SUMMONS (20 DAYS)                           3

EXHIBIT 4 - Page 5 of 11

DocuSign Envelope ID: 653ADF9A-216E-498E-A1AC-4C4E09696A6D

Dated: _____ 9/15/2021

DocuSigned by:
*Tamara Shaw*
AAEC112931764CA
Tamara Shaw
Plaintiff, *Pro Se*
Address: 13705 NE 36th St
           Vancouver, WA 98682
Phone: (360) 977-8090

Dated: _____ 9/15/2021

DocuSigned by:
*Harlyn Thompson*
D28BD06DB703410
Harlyn Thompson
Plaintiff, *Pro Se*
Address: 1511 SW13th Ave Apt 346
           Battle Ground, WA 98604
Phone: (360) 567-7676

Dated: _____ 9/15/2021

DocuSigned by:
*Kimberlee Elbon*
BA6359D7957G41F
Kimberlee Elbon
Plaintiff, *Pro Se*
Address: 613 East 6th Street
           LA Center, WA 98629
Phone: (360) 593-6878

Dated: _____ 9/14/2021

DocuSigned by:
*Robert Ward*
409256065F9240F
Robert Ward
Plaintiff, *Pro Se*
Address: 504 NE 134th St
           Vancouver, WA 98685
Phone: (360) 952-1601

Dated: _____ 9/14/2021

DocuSigned by:
*Constance Cooke*
1AZ10B14CCF04A7
Constance Cooke
Plaintiff, *Pro Se*
Address: 33817 SE 27th Street
           Washougal, WA 98671
Phone: (360) 606-6830

SUMMONS (20 DAYS)               4

EXHIBIT 4 - Page 6 of 11

DocuSign Envelope ID: 653ADF9A-216E-498E-A1AC-4C4E09696A6D

Dated: _____ 9/14/2021 _____

Doreen Rose
Plaintiff, *Pro Se*
Address: 5606 NW 280th St
             Ridgefield, WA 98642
Phone: (425) 923-0832

Dated: _____ 9/14/2021 _____

Shirley Mozena
Plaintiff, *Pro Se*
Address: 3816 SE 153rd Court
             Vancouver, WA 98683
Phone: (360) 292-3155

Dated: _____ 9/14/2021 _____

James Mozena
Plaintiff, *Pro Se*
Address: 3816 SE 153rd Court
             Vancouver, WA 98683
Phone: (503) 804-8349

Dated: _____ 9/14/2021 _____

Michelle Dawson
Plaintiff, *Pro Se*
Address: 304 West Cushman St.
             Yacolt, WA 98675
Phone: (435) 503-7742

Dated: _____ 9/15/2021 _____

Lindsey Nichols
Plaintiff, *Pro Se*
Address: 11405 NW 22st Ave.
             Vancouver, WA 98685
Phone: (714) 376-5577

SUMMONS (20 DAYS)                    5

EXHIBIT 4 - Page 7 of 11

DocuSign Envelope ID: 653ADF9A-216E-498E-A1AC-4C4E09696A6D

Dated: _____ 9/15/2021

Joseph Kent
Plaintiff, *Pro Se*
Address: 37607 NE Eagle View Drive
              Yacolt, WA 98675
Phone: (931) 933-0232

Dated: _____ 9/15/2021

Roxanne Pearce
Plaintiff, *Pro Se*
Address: 1051 4th St.
              Washougal, WA 98671
Phone: (360) 901-0647

Dated: _____ 9/16/2021

David Machado
Plaintiff, *Pro Se*
Address: 2406 NE 139th St. #27
              Vancouver, WA 98686
Phone: (360) 607-8699

Dated: _____ 9/15/2021

Joshua Bradley
Plaintiff, *Pro Se*
Address: 62 34th Street
              Washougal, WA 98671
Phone: (360) 601-2078

Dated: _____ 9/15/2021

Bennett Esrael
Plaintiff, *Pro Se*
Address: 25217 NE 142nd Ave.
              Battleground, WA 98604-2400
Phone: (360) 702-7944

SUMMONS (20 DAYS)                                    6

EXHIBIT 4 - Page 8 of 11

DocuSign Envelope ID: 653ADF9A-216E-498E-A1AC-4C4E09696A6D

Dated: _____ 9/14/2021

DocuSigned by:

*JAKE PARMER*

161E61F460A245A...

Jake Parmer
Plaintiff, *Pro Se*
Address: 725 E Vine Maple Ave
            La Center, WA 98629
Phone: (503) 839-6633

Dated: _____ 9/14/2021

DocuSigned by:

*Rich Audette*

A19D7AB4109F4D1...

Rich Audette
Plaintiff, *Pro Se*
Address: 603 NW 24th Ave
            Battle Ground, WA 98604
Phone: (360) 831-4527

Dated: _____ 9/14/2021

DocuSigned by:

*Maria Bruemmer*

7D9F929BBD05F45C...

Maria Bruemmer
Plaintiff, *Pro Se*
Address: 5105 NE 72nd Ave APT # 49F
            Vancouver, WA 98661
Phone: (360) 977-0074

Dated: _____ 9/14/2021

DocuSigned by:

869D1346B104471...

Joseph Gibson
Plaintiff, *Pro Se*
Address: 13023 NE Hwy 99 Suite 7-712
            Vancouver, WA 98686
Phone: (360) 635-3081

Dated: _____ 9/14/2021

DocuSigned by:

*Eric Hargrave*

91D77CBBD906406...

Eric Hargrave
Plaintiff, *Pro Se*
Address: 505 26th St.
            Washougal, WA 98671
Phone: 360-553-2377

SUMMONS (20 DAYS)                    7

EXHIBIT 4 - Page 9 of 11

DocuSign Envelope ID: 653ADF9A-216E-498E-A1AC-4C4E09696A6D

Dated: _____  9/15/2021

Wendy Keeline
Plaintiff, *Pro Se*
Address: 23103 NE 134th Circle
           Brush Prairie, WA 98606
Phone: (360) 896-2874

Dated: _____  9/14/2021

Phillip Hogan
Plaintiff, *Pro Se*
Address: 8314 NE 239th St.
           Battle Ground, WA 98604
Phone: (360) 521-3621

Dated: _____  9/14/2021

Marili Haas
Plaintiff, *Pro Se*
Address: 27408 NE 69th Ave
           Battle Ground, WA 98604
Phone: (360) 721-9521

Dated: _____  9/14/2021

Ike Haas
Plaintiff, *Pro Se*
Address: 27408 NE 69th Ave
           Battle Ground, WA 98604
Phone: (360) 952-0307

Dated: _____  9/15/2021

Frank Gmelin
Plaintiff, *Pro Se*
Address: 4001 NE Everett Ct
           Camas, WA 98607
Phone: (503) 467-6580

SUMMONS (20 DAYS)                    8

EXHIBIT 4 - Page 10 of 11

Dated: _____ 9/15/2021 _____

Tricia Shoup
Plaintiff, *Pro Se*
Address: 17417 Ne 200th Cir
              Battle Ground, WA 98604
Phone: (360) 910-2497

Dated: _____ 9/15/2021 _____

Jen Holbrook
Plaintiff, *Pro Se*
Address: 27000 NE Bjur Rd.
              Ridgefield, WA 98642
Phone: (360) 601-5690

Dated: _____ 9/14/2021 _____

Stephen Clements
Plaintiff, *Pro Se*
Address: 812 Z St
              Vancouver, WA 98661
Phone: (901) 592-7902

Dated: _____ 9/15/2021 _____

Kimberly Anderson
Plaintiff, *Pro Se*
Address: 9509 NE 135th Ct,
              Vancouver, WA 98682
Phone: (251) 259-2254

Dated: _____ 9/15/2021 _____

Susan Audette
Plaintiff, *Pro Se*
Address: 603 NW 24th Ave
              Battle Ground, WA 98604-4566
Phone: (360) 903-3540

SUMMONS (20 DAYS)                    9

EXHIBIT 4 - Page 11 of 11



FILED

SEP 17 2021

Scott G. Weber, Clerk, Clark Co
430

**Superior Court of Washington, County of** _Clark_

| | |
|---|---|
| In re:<br><br>Petitioner/s *(person/s who started this case):*<br>_Washington Election Integrity_<br>_Coalition United_<br><br>And Respondent/s *(other party/parties):*<br>_Auditor, Greg Kimsey_ | No. _21-2-01775-06_<br><br>Proof of Mailing or Hand Delivery<br>(for documents after Summons and Petition)<br>(AFSR) |

# Proof of Mailing or Hand Delivery
## (for documents after Summons and Petition)

**Warning!** Do **not** use this form to prove you mailed or delivered a Summons, Petition, Order to Go to Court, or any kind of Restraining Order. For those documents, use Proof of Personal Service (FL All Family 101), or if you have court permission to serve by mail, use Proof of Service by Mail (FL All Family 107).

I declare:

**1.**   I am *(check one):* ☐ the Petitioner ☐ the Respondent ☒ *(name):* _Michael Terry_
   and am competent to be a witness in this case.

**2.**   On *(date):* _9/17/2021_____, I served copies of the documents listed in **3** below to
   *(name of party or lawyer served):* _Auditor, Greg Kimsey_____ by:

   ☐ mail *(check all that apply):* ☐ first class ☐ certified ☐ other _____

   _____
   mailing address                                   city                    state         zip

   ☐ email to *(address):* _____
   *(only if allowed by agreement, order, or your county's Local Court Rule)*

   ☐ fax to *(number):* _____
   *(only if allowed by agreement, order, or your county's Local Court Rule)*

   ☒ Hand delivery at *(time):* _4:10_   ☐ a.m. ☒ p.m.  to this address:

   _1300 Franklin St. - Elections office   Vancouver   WA   98660_
   street address                                   city                    state         zip

---

| | | |
|---|---|---|
| CR 5(b)<br>Optional Form *(05/2016)*<br>**FL All Family 112** | Proof of Mailing or Hand Delivery<br><br>p. 1 of 2 | **5** |

JSS

**EXHIBIT 5 - Page 1 of 11**

I left the documents *(check one)*:

- ☐ with the party or lawyer named above.
- ☐ at his/her office with the clerk or other person in charge.
- ☐ at his/her office in a conspicuous place because no one was in charge.
- ☒ with *(name):* _Marleny and Charla - Elections Office_ ,
  at the address listed in court documents where the party agreed to receive legal papers for this case.
- ☐ *(For a party or lawyer who has no office or whose office is closed)* at his/her home with *(name):* _____ , a person of suitable age and discretion who lives in the same home.

**3.   List all documents you served** *(check all that apply)*:
*(The most common documents are listed below. Check only those documents that were served. Use the "Other" boxes to write in the title of each document you served that is not already listed.)*

| | |
|---|---|
| ☐ Notice of Hearing _____ | ☐ Notice Re Military Dependent |
| ☐ Motion for Temporary Family Law Order ☐ and Restraining Order | ☐ Sealed Financial Documents |
| ☐ Proposed Temporary Family Law Order | ☐ Financial Declaration |
| ☐ Proposed Parenting Plan | ☐ Declaration of: _____ |
| ☐ Proposed Child Support Order | ☐ Declaration of: _____ |
| ☐ Proposed Child Support Worksheets | ☐ Declaration of: _____ |
| ☒ Other: _Summons and Complaint_ | ☐ Other: _____ |
| ☐ Other: _____ | ☐ Other: _____ |
| ☐ Other: _____ | ☐ Other: _____ |

**4.   Other:** _____
_____

I declare under penalty of perjury under the laws of the state of Washington that the statements on this form are true.

Signed at *(city and state):* _Vancouver, WA_         Date: _9/17/2021_

_[signature]_                          _Michael Terry_
Signature of server                    Print or type name of server

EXHIBIT 5 - Page 2 of 11



**COPY**
Original Filed

SEP 1 6 2021

Scott G. Weber, Clerk, Clark Co.

## SUPERIOR COURT OF THE STATE OF WASHINGTON

### FOR THE COUNTY OF CLARK

| | |
|---|---|
| WASHINGTON ELECTION INTEGRITY ) COALITION UNITED, a Washington ) State Nonprofit Corporation; BRETT ) SIMPSON; BONNIE GRIECO; JONETTE ) MOLYNEUX; ROSS MERRITT; ) TAMARA SHAW; HARLYN THOMPSON;) KIMBERLEE ELBON; ROBERT WARD; ) CONSTANCE COOKE; DOREEN ROSE; ) SHIRLEY MOZENA; JAMES MOZENA; ) MICHELLE DAWSON; LINDSEY ) NICHOLS; JOSEPH KENT; ROXANNE ) PEARCE; DAVID MACHADO; JOSHUA ) BRADLEY; BENNETT ESRAEL; JAKE ) PARMER; RICH AUDETTE; MARIA ) BRUEMMER; JOSEPH GIBSON; ) ERIC HARGRAVE; WENDY ) KEELINE; PHILLIP HOGAN; ) MARILI HAAS; IKE HAAS; FRANK ) GMELIN; TRICIA SHOUP; JEN ) HOLBROOK; STEPHEN CLEMENTS; ) KIMBERLY ANDERSON; SUSAN ) AUDETTE, ) )     Plaintiffs, ) ) )     v. ) ) GREG KIMSEY, Clark County ) Auditor; CLARK COUNTY, and DOES ) 1-30, inclusive, ) )     Defendants. ) | Case No. SUMMONS (20 DAYS) |

SUMMONS (20 DAYS)                                    1

EXHIBIT 5 - Page 3 of 11

TO THE DEFENDANTS:  A lawsuit has been started against you in the above entitled court by Washington Election Integrity Coalition United, a Washington State Nonprofit Corporation, Brett Simpson, Bonnie Grieco, Jonette Molyneux, Ross Merritt, Tamara Shaw, Harlyn Thompson, Kimberlee Elbon, Robert Ward, Constance Cooke, Doreen Rose, Shirley Mozena, James Mozena, Michelle Dawson, Lindsey Nichols, Joseph Kent, Roxanne Pearce, David Machado, Joshua Bradley, Bennett Esrael, Jake Parmer, Rich Audette, Maria Bruemmer, Joseph Gibson, Eric Hargrave, Wendy Keeline, Phillip Hogan, Marili Haas, Ike Haas, Frank Gmelin, Tricia Shoup, Jen Holbrook, Stephen Clements, Kimberly Anderson, and Susan Audette, plaintiffs.

Plaintiffs' claims are stated in the written complaint, a copy of which is served upon you with this summons. In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiffs are entitled to what she/he/they ask for because you have not responded. If you serve a notice of appearance on the undersigned persons, you are entitled to notice before a default judgment may be entered. You may demand that the plaintiffs file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the persons signing this summons. Within 14 days after you serve the demand, the plaintiffs must file this lawsuit with the court, or the service on you of this summons and complaint will be void. If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time. This summons is issued pursuant to rule 4 of the Superior Court Civil Rules of the State of Washington.

/ / /

/ / /

SUMMONS (20 DAYS)                    2

EXHIBIT 5 - Page 4 of 11

DocuSign Envelope ID: 653ADF9A-21BE-498E-A1AC-4C4E09696A6D

WASHINGTON ELECTION INTEGRITY
COALITION UNITED,
a WA State Nonprofit Corporation

Dated: _____ 9/14/2021

By: Tamborine Borrelli
Its: Director
Address: 13402 125th Ave NW
              Gig Harbor, WA 98329-4215
Phone:  253-375-1255

Dated: _____ 9/14/2021

Brett Simpson
Plaintiff, *Pro Se*
Address: 19018 NE 127th Cir
              Brush Prairie, WA 98606
Phone: (425) 444-9933

Dated: _____ 9/14/2021

Bonnie Grieco
Plaintiff, *Pro Se*
Address: 222 S 32nd Place
              Ridgefield, WA 98642
Phone: (971) 219-8939

Dated: _____ 9/15/2021

Jonette Molyneux
Plaintiff, *Pro Se*
Address: 12905 NE Salmon Creek Ave.
              Vancouver, WA 98686
Phone: (360) 600-5777

Dated: _____ 9/14/2021

Ross Merritt
Plaintiff, *Pro Se*
Address: 270 Stonegate
              Washougal, WA 98671
Phone: (503) 676-7370

SUMMONS (20 DAYS)                    3

EXHIBIT 5 - Page 5 of 11

DocuSign Envelope ID: 653ADF9A-216E-498E-A1AC-4C4E09696A6D

Dated: _____ 9/15/2021

DocuSigned by:

*Tamara Shaw*

AAEC11293176CA

Tamara Shaw
Plaintiff, *Pro Se*
Address: 13705 NE 36th St
         Vancouver, WA 98682
Phone: (360) 977-8090

Dated: _____ 9/15/2021

DocuSigned by:

*Harlyn Thompson*

D28B006DB793440

Harlyn Thompson
Plaintiff, *Pro Se*
Address: 1511 SW13th Ave Apt 346
         Battle Ground, WA 98604
Phone: (360) 567-7676

Dated: _____ 9/15/2021

DocuSigned by:

*Kimberlee Elbon*

DA5350D7957C41F

Kimberlee Elbon
Plaintiff, *Pro Se*
Address: 613 East 6th Street
         LA Center, WA 98629
Phone: (360) 593-6878

Dated: _____ 9/14/2021

DocuSigned by:

*Robert Ward*

439250050F0240F

Robert Ward
Plaintiff, *Pro Se*
Address: 504 NE 134th St
         Vancouver, WA 98685
Phone: (360) 952-1601

Dated: _____ 9/14/2021

DocuSigned by:

*Constance Cooke*

1AZ10B14CCF04A7

Constance Cooke
Plaintiff, *Pro Se*
Address: 33817 SE 27th Street
         Washougal, WA 98671
Phone: (360) 606-6830

SUMMONS (20 DAYS)                    4

EXHIBIT 5 - Page 6 of 11

DocuSign Envelope ID: 653ADF9A-216E-498E-A1AC-4C4E09696A6D

Dated: _____ 9/14/2021 _____

Doreen Rose
Plaintiff, *Pro Se*
Address: 5606 NW 280th St
            Ridgefield, WA 98642
Phone: (425) 923-0832

Dated: _____ 9/14/2021 _____

Shirley Mozena
Plaintiff, *Pro Se*
Address: 3816 SE 153rd Court
            Vancouver, WA 98683
Phone: (360) 292-3155

Dated: _____ 9/14/2021 _____

James Mozena
Plaintiff, *Pro Se*
Address: 3816 SE 153rd Court
            Vancouver, WA 98683
Phone: (503) 804-8349

Dated: _____ 9/14/2021 _____

Michelle Dawson
Plaintiff, *Pro Se*
Address: 304 West Cushman St.
            Yacolt, WA 98675
Phone: (435) 503-7742

Dated: _____ 9/15/2021 _____

Lindsey Nichols
Plaintiff, *Pro Se*
Address: 11405 NW 22st Ave.
            Vancouver, WA 98685
Phone: (714) 376-5577

SUMMONS (20 DAYS)                    5

EXHIBIT 5 - Page 7 of 11

DocuSign Envelope ID: 693ADF9A-216E-496E-A1AC-4C4E09696A6D

Dated: _____ 9/15/2021

DocuSigned by:

_____
E16124BECE4C427
Joseph Kent
Plaintiff, *Pro Se*
Address: 37607 NE Eagle View Drive
Yacolt, WA 98675
Phone: (931) 933-0232

Dated: _____ 9/15/2021

DocuSigned by:

_____
0E9E1C50C854453
Roxanne Pearce
Plaintiff, *Pro Se*
Address: 1051 4th St.
Washougal, WA 98671
Phone: (360) 901-0647

Dated: _____ 9/16/2021

DocuSigned by:

_____
E3F765931ABB486
David Machado
Plaintiff, *Pro Se*
Address: 2406 NE 139th St. #27
Vancouver, WA 98686
Phone: (360) 607-8699

Dated: _____ 9/15/2021

DocuSigned by:

_____
63929B3966D65494
Joshua Bradley
Plaintiff, *Pro Se*
Address: 62 34th Street
Washougal, WA 98671
Phone: (360) 601-2078

Dated: _____ 9/15/2021

DocuSigned by:

_____
553BB0F6CB064C3
Bennett Esrael
Plaintiff, *Pro Se*
Address: 25217 NE 142nd Ave.
Battleground, WA 98604-2400
Phone: (360) 702-7944

SUMMONS (20 DAYS)                    6

**EXHIBIT 5 - Page 8 of 11**

DocuSign Envelope ID: 653ADF9A-218E-498E-A1AC-4C4E09698A6D

Dated: _____9/14/2021_____

DocuSigned by:

*Jake Parmer*

Jake Parmer
Plaintiff, *Pro Se*
Address: 725 E Vine Maple Ave
　　　　　La Center, WA 98629
Phone: (503) 839-6633


Dated: _____9/14/2021_____

DocuSigned by:

*Rich Audette*

Rich Audette
Plaintiff, *Pro Se*
Address: 603 NW 24th Ave
　　　　　Battle Ground, WA 98604
Phone: (360) 831-4527


Dated: _____9/14/2021_____

DocuSigned by:

*Maria Bruemmer*

Maria Bruemmer
Plaintiff, *Pro Se*
Address: 5105 NE 72nd Ave APT # 49F
　　　　　Vancouver, WA 98661
Phone: (360) 977-0074


Dated: _____9/14/2021_____

DocuSigned by:

Joseph Gibson
Plaintiff, *Pro Se*
Address: 13023 NE Hwy 99 Suite 7-712
　　　　　Vancouver, WA 98686
Phone: (360) 635-3081


Dated: _____9/14/2021_____

DocuSigned by:

*Eric Hargrave*

Eric Hargrave
Plaintiff, *Pro Se*
Address: 505 26th St.
　　　　　Washougal, WA 98671
Phone: 360-553-2377


SUMMONS (20 DAYS)　　　　　7

EXHIBIT 5 - Page 9 of 11

DocuSign Envelope ID: 655ADF9A-218E-498E-A1AC-4C4E09696A6D

Dated: _____ 9/15/2021

Wendy Keeline
Plaintiff, *Pro Se*
Address: 23103 NE 134th Circle
                 Brush Prairie, WA 98606
Phone: (360) 896-2874

Dated: _____ 9/14/2021

Phillip Hogan
Plaintiff, *Pro Se*
Address: 8314 NE 239th St.
                 Battle Ground, WA 98604
Phone: (360) 521-3621

Dated: _____ 9/14/2021

Marili Haas
Plaintiff, *Pro Se*
Address: 27408 NE 69th Ave
                 Battle Ground, WA 98604
Phone: (360) 721-9521

Dated: _____ 9/14/2021

Ike Haas
Plaintiff, *Pro Se*
Address: 27408 NE 69th Ave
                 Battle Ground, WA 98604
Phone: (360) 952-0307

Dated: _____ 9/15/2021

Frank Gmelin
Plaintiff, *Pro Se*
Address: 4001 NE Everett Ct
                 Camas, WA 98607
Phone: (503) 467-6580

SUMMONS (20 DAYS)         8

EXHIBIT 5 - Page 10 of 11

Dated: _____ 9/15/2021

DocuSigned by:

*Tricia Shoup*

Tricia Shoup
Plaintiff, *Pro Se*
Address: 17417 Ne 200th Cir
          Battle Ground, WA 98604
Phone: (360) 910-2497

Dated: _____ 9/15/2021

DocuSigned by:

*Jen Holbrook*

Jen Holbrook
Plaintiff, *Pro Se*
Address: 27000 NE Bjur Rd.
          Ridgefield, WA 98642
Phone: (360) 601-5690

Dated: _____ 9/14/2021

DocuSigned by:

*Stephen Clements*

Stephen Clements
Plaintiff, *Pro Se*
Address: 812 Z St
          Vancouver, WA 98661
Phone: (901) 592-7902

Dated: _____ 9/15/2021

DocuSigned by:

*Kimberly Anderson*

Kimberly Anderson
Plaintiff, *Pro Se*
Address: 9509 NE 135th Ct.
          Vancouver, WA 98682
Phone: (251) 259-2254

Dated: _____ 9/15/2021

DocuSigned by:

*Susan Audette*

Susan Audette
Plaintiff, *Pro Se*
Address: 603 NW 24th Ave
          Battle Ground, WA 98604-4566
Phone: (360) 903-3540

SUMMONS (20 DAYS)                              9

EXHIBIT 5 - Page 11 of 11

EFILE from: Prosecuting Attorney\Amanda Migchelbrink\21-2-01775

**4**

E-FILED

09-21-2021, 13:12
Scott G. Weber, Clerk
Clark County

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF CLARK

| | |
|---|---|
| WASHINGTON ELECTION INTEGRITY COALITION UNITED, a Washington State Nonprofit Corporation; BRETT SIMPSON; BONNIE GRIECO; JONETTE MOLYNEUX; ROSS MERRITT; TAMARA SHAW; HARLYN THOMPSON; KIMBERLEE ELBON; ROBERT WARD; CONSTANCE COOKE; DOREEN ROSE; SHIRLEY MOZENA; JAMES MOZENA; MICHELLE DAWSON; LINDSEY NICHOLS; JOSEPH KENT; ROXANNE PEARCE; DAVID MACHADO; JOSHUA BRADLEY; BENNETT ESRAEL; JAKE PARMER; RICH AUDETTE; MARIA BRUEMMER; JOSEPH GIBSON; ERIC HARGRAVE; WENDY KEELINE; PHILLIP HOGAN; MARILI HAAS; IKE HAAS; FRANK GMELIN; TRICIA SHOUP; JEN HOLBROOK; STEPHEN CLEMENTS; KIMBERLY ANDERSON; SUSAN AUDETTE, | No. 21-2-01775-06 |
| Plaintiffs, | |
| v. | NOTICE OF UNAVAILABILITY |
| GREG KIMSEY, Clark County Auditor; CLARK COUNTY; and DOES 1-30, inclusive, | |
| Defendants. | |

TO:        ALL PLAINTIFFS;

NOTICE OF UNAVAILABILITY - 1 of 4

CLARK COUNTY PROSECUTING ATTORNEY
CIVIL DIVISION
1300 FRANKLIN ST., SUITE 380 • PO BOX 5000
VANCOUVER, WASHINGTON 98666-5000
(564) 397-2478 (OFFICE) / (564) 397-2184 (FAX)

**6**

JSS

EXHIBIT 6 - Page 1 of 4

AND TO:   CLERK OF THE ABOVE-ENTITLED COURT:

Please take notice that counsel for Defendants, GREG KIMSEY, Clark County Auditor, and CLARK COUNTY, will be unavailable to respond to motions, depositions or other formal actions on the following dates:  September 27 – October 6, 2021.

Counsel requests that no matter in the above-entitled case be noted between said dates or immediately thereafter so as to preclude adequate preparation.  We thank you in advance for your courtesy during this time.

Dated this 22nd day of September, 2021.

*s/ Amanda Migchelbrink*
Amanda Migchelbrink, WSBA #34223
Deputy Prosecuting Attorney
Clark County Prosecutor's Office – Civil Division
PO Box 5000
Vancouver WA  98666-5000
   Tele:   (564) 397-2478
   Email:  amanda.migchelbrink@clark.wa.gov

*Attorney for Defendants, Greg Kimsey and Clark County*

NOTICE OF UNAVAILABILITY - 2 of 4

EXHIBIT 6 - Page 2 of 4

1

2                          CERTIFICATE OF SERVICE

3        On this 23rd day of September, 2021, I certify that I caused service of the foregoing
*Notice of Unavailability* to be made on the Plaintiffs in this matter, via U.S. mail, postage
4   prepaid, addressed as follows:

5
         Tamborine Borrelli, Director            Brett Simpson
6        Washington Election Integrity           19018 NE 127th Cir
           Coalition United                      Brush Prairie WA 98606
7        13402 125th Ave NW
         Gig Harbor WA  98329-4215
8
         Bonnie Grieco                           Jonette Molyneux
9        222 S 32nd Place                        12905 NE Salmon Creek Ave
10       Ridgefield WA 98642                     Vancouver WA  98686

11       Ross Merritt                            Tamara Shaw
         270 Stonegate                           13705 NE 36th St
12       Washougal WA  98671                     Vancouver WA  98682

13
         Harlyn Thompson                         Kimberlee Elbon
14       1511 SW 13th Ave Apt 346                613 E 6th St
         Battle Ground WA  98604                 La Center WA  98629
15
         Robert Ward                             Constance Cooke
16       504 NE 134th St                         33817 SE 27th St
17       Vancouver WA 98685                      Washougal WA  98671

18       Doreen Rose                             Shirley Mozena
         5606 NW 280th St                        3816 SE 153rd Ct
19       Ridgefield WA  98642                    Vancouver WA  98683

20       James Mozena                            Michelle Dawson
21       3816 SE 153rd Ct                        304 West Cushman St
         Vancouver WA  98683                     Yacolt WA  98675
22
         Lindsey Nichols                         Joseph Kent
23       11405 NW 22nd Ave                       37607 NE Eagle View Dr
24       Vancouver WA  98685                     Yacolt WA  98675

25       Roxanne Pearce                          David Machado
26       1051 4th St                             2406 NE 139th St #27
         Washougal WA  98671                     Vancouver WA  98686

NOTICE OF UNAVAILABILITY - 3 of 4

CLARK COUNTY PROSECUTING ATTORNEY
CIVIL DIVISION
1300 FRANKLIN ST., SUITE 380 • PO BOX 5000
VANCOUVER, WASHINGTON 98666-5000
(564) 397-2478 (OFFICE)  /  (564) 397-2184 (FAX)

EXHIBIT 6 - Page 3 of 4

Joshua Bradley
62 34th St
Washougal WA  98671

Bennett Esrael
25217 NE 142nd Ave
Battle Ground WA  98604

Jake Parmer
725 E Vine Maple Ave
La Center WA  98629

Rich Audette
603 NW 24th Ave
Battle Ground WA  98604

Maria Bruemmer
5105 NE 72nd Ave Apt #49F
Vancouver WA  98661

Joseph Gibson
13023 NE Hwy 99 Suite 7-712
Vancouver WA  98686

Eric Hargrave
505 26th St
Washougal WA  98671

Wendy Keeline
23103 NE 134th Cir
Brush Prairie WA  98606

Phillip Hogan
8314 NE 239th St
Battle Ground WA  98604

Marili Haas
27408 NE 69th Ave
Battle Ground WA  98604

Ike Haas
27408 NE 69th Ave
Battle Ground WA  98604

Frank Gmelin
4001 NE Everett Ct
Camas WA  98607

Tricia Shoup
17417 NE 200th Cir
Battle Ground WA  98604

Jen Holbrook
27000 NE Bjur Rd
Ridgefield WA  98642

Stephen Clements
812 Z St
Vancouver WA  98661

Kimberly Anderson
9509 NE 135th Cir
Vancouver WA  98682

Susan Audette
603 NW 24th Ave
Battle Ground WA  98604

DATED this 23rd day of September, 2021.

*s/ Thelma Kremer*
Thelma Kremer, Legal Secretary

NOTICE OF UNAVAILABILITY - 4 of 4

EXHIBIT 6 - Page 4 of 4

EFILE from: Prosecuting Attorney\Amanda Migchelbrink\21-2-01775

**E-FILED**

**09-21-2021, 13:12**
**Scott G. Weber, Clerk**
**Clark County**

4

1
2
3
4
5
6
7     IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
        IN AND FOR THE COUNTY OF CLARK
8
9   WASHINGTON ELECTION INTEGRITY
     COALITION UNITED, a Washington State Nonprofit
10   Corporation; BRETT SIMPSON; BONNIE GRIECO;
     JONETTE MOLYNEUX; ROSS MERRITT;
11   TAMARA SHAW; HARLYN THOMPSON;
     KIMBERLEE ELBON; ROBERT WARD;
12   CONSTANCE COOKE; DOREEN ROSE; SHIRLEY              No. 21-2-01775-06
     MOZENA; JAMES MOZENA; MICHELLE
13   DAWSON; LINDSEY NICHOLS; JOSEPH KENT;
     ROXANNE PEARCE; DAVID MACHADO;
14   JOSHUA BRADLEY; BENNETT ESRAEL; JAKE
     PARMER; RICH AUDETTE; MARIA BRUEMMER;
15   JOSEPH GIBSON; ERIC HARGRAVE; WENDY
     KEELINE; PHILLIP HOGAN; MARILI HAAS; IKE          NOTICE OF APPEARANCE
16   HAAS; FRANK GMELIN; TRICIA SHOUP; JEN
     HOLBROOK; STEPHEN CLEMENTS; KIMBERLY
17   ANDERSON; SUSAN AUDETTE,
18
            Plaintiffs,
19
          v.
20
21   GREG KIMSEY, Clark County Auditor; CLARK
     COUNTY; and DOES 1-30, inclusive,
22
            Defendants.
23
24
25   TO:       ALL PLAINTIFFS;
26

NOTICE OF APPEARANCE - 1 of 4

CLARK COUNTY PROSECUTING ATTORNEY
CIVIL DIVISION
1300 FRANKLIN ST., SUITE 380 • PO BOX 5000
VANCOUVER, WASHINGTON 98666-5000
(564) 397-2478 (OFFICE)  /  (564) 397-2184 (FAX)

JSS

7

EXHIBIT 7 - Page 1 of 4

1

AND TO:   CLERK OF THE ABOVE-ENTITLED COURT:

2

      COMES NOW, Defendants, GREG KIMSEY, Clark County Auditor, and CLARK

3

COUNTY, and without waiving defenses or objections, including those relating to personal

4

jurisdiction, sufficiency of process or service of process, enter this appearance herein and request

5

that all further papers and pleadings, exclusive of original process, be served upon the

6

undersigned at the address below.

7

8

      Dated this 22nd day of September, 2021.

9

              *s/ Amanda Migchelbrink*

10

              Amanda Migchelbrink, WSBA #34223

Deputy Prosecuting Attorney

11

              Clark County Prosecutor's Office – Civil Division

PO Box 5000

12

              Vancouver WA  98666-5000

13

                Tele:   (564) 397-2478

                Email:  amanda.migchelbrink@clark.wa.gov

14

15

              *Attorney for Defendants, Greg Kimsey and Clark*

               *County*

16

17

18

19

20

21

22

23

24

25

26

NOTICE OF APPEARANCE - 2 of 4

EXHIBIT 7 - Page 2 of 4

CERTIFICATE OF SERVICE

On this 23rd day of September, 2021, I certify that I caused service of the foregoing *Notice of Appearance* to be made on the Plaintiffs in this matter, via U.S. mail, postage prepaid, addressed as follows:

Tamborine Borrelli, Director
Washington Election Integrity
 Coalition United
13402 125th Ave NW
Gig Harbor WA  98329-4215

Brett Simpson
19018 NE 127th Cir
Brush Prairie WA 98606

Bonnie Grieco
222 S 32nd Place
Ridgefield WA  98642

Jonette Molyneux
12905 NE Salmon Creek Ave
Vancouver WA  98686

Ross Merritt
270 Stonegate
Washougal WA  98671

Tamara Shaw
13705 NE 36th St
Vancouver WA  98682

Harlyn Thompson
1511 SW 13th Ave Apt 346
Battle Ground WA  98604

Kimberlee Elbon
613 E 6th St
La Center WA  98629

Robert Ward
504 NE 134th St
Vancouver WA  98685

Constance Cooke
33817 SE 27th Ct
Washougal WA  98671

Doreen Rose
5606 NW 280th St
Ridgefield WA  98642

Shirley Mozena
3816 SE 153rd Ct
Vancouver WA  98683

James Mozena
3816 SE 153rd Ct
Vancouver WA  98683

Michelle Dawson
304 West Cushman St
Yacolt WA  98675

Lindsey Nichols
11405 NW 22nd Ave
Vancouver WA  98685

Joseph Kent
37607 NE Eagle View Dr
Yacolt WA  98675

Roxanne Pearce
1051 4th St
Washougal WA  98671

David Machado
2406 NE 139th St #27
Vancouver WA  98686

NOTICE OF APPEARANCE - 3 of 4

EXHIBIT 7 - Page 3 of 4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Joshua Bradley
62 34th St
Washougal WA  98671

Jake Parmer
725 E Vine Maple Ave
La Center WA  98629

Maria Bruemmer
5105 NE 72nd Ave Apt #49F
Vancouver WA  98661

Eric Hargrave
505 26th St
Washougal WA  98671

Phillip Hogan
8314 NE 239th St
Battle Ground WA  98604

Ike Haas
27408 NE 69th Ave
Battle Ground WA  98604

Tricia Shoup
17417 NE 200th Cir
Battle Ground WA  98604

Stephen Clements
812 Z St
Vancouver WA  98661

Susan Audette
603 NW 24th Ave
Battle Ground WA  98604

Bennett Esrael
25217 NE 142nd Ave
Battle Ground WA  98604

Rich Audette
603 NW 24th Ave
Battle Ground WA  98604

Joseph Gibson
13023 NE Hwy 99 Suite 7-712
Vancouver WA  98686

Wendy Keeline
23103 NE 134th Cir
Brush Prairie WA  98606

Marili Haas
27408 NE 69th Ave
Battle Ground WA  98604

Frank Gmelin
4001 NE Everett Ct
Camas WA  98607

Jen Holbrook
27000 NE Bjur Rd
Ridgefield WA  98642

Kimberly Anderson
9509 NE 135th Cir
Vancouver WA  98682

DATED this 23rd day of September, 2021.

*s/ Thelma Kremer*
Thelma Kremer, Legal Secretary

NOTICE OF APPEARANCE - 4 of 4

CLARK COUNTY PROSECUTING ATTORNEY
CIVIL DIVISION
1300 FRANKLIN ST., SUITE 380 • PO BOX 5000
VANCOUVER, WASHINGTON 98666-5000
(564) 397-2478 (OFFICE)  /  (564) 397-2184 (FAX)

EXHIBIT 7 - Page 4 of 4

THE HONORABLE EMILY A. SHELDRICK

Date of Hearing: October 18, 2021
Time of Hearing: 9:00 a.m.

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR CLARK COUNTY

| | |
|---|---|
| WASHINGTON ELECTION INTEGRITY COALITION UNITED, a Washington State Nonprofit Corporation; BRETT SIMPSON; BONNIE GRIECO; JONETTE MOLYNEUX; ROSS MERRITT; TAMARA SHAW; HARLYN THOMPSON; KIMBERLEE ELBON; ROBERT WARD; CONSTANCE COOKE; DOREEN ROSE; SHIRLEY MOZENA; JAMES MOZENA; MICHELLE DAWSON; LINDSEY NICHOLS; JOSEPH KENT; ROXANNE PEARCE; DAVID MACHADO; JOSHUA BRADLEY; BENNETT ESRAEL; JAKE PARMER; RICH AUDETTE; MARIA BRUEMMER; JOSEPH GIBSON; ERIC HARGRAVE; WENDY KEELINE; PHILLIP HOGAN; MARILI HAAS; IKE HAAS; FRANK GMELIN; TRICIA SHOUP; JEN HOLBROOK; STEPHEN CLEMENTS; KIMBERLY ANDERSON; SUSAN AUDETTE, | No. 21-2-01775-06<br><br>WASHINGTON STATE DEMOCRATIC CENTRAL COMMITTEE'S MOTION TO INTERVENE |
|          Plaintiffs, | |
|    v. | |
| GREG KIMSEY, Clark County Auditor; CLARK COUNTY, and DOES 1-30, inclusive, | |
|          Defendants, | |

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S MOTION TO
INTERVENE
154135606.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

EXHIBIT 8 - Page 1 of 66

1
2          and
3
4
5          WASHINGTON STATE DEMOCRATIC
6          CENTRAL COMMITTEE,
7
8                         Proposed Intervenor
9                         Defendant.
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S MOTION TO
INTERVENE
154135606.1

EXHIBIT 8 - Page 2 of 66

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................................... 1

II.   IDENTITY OF INTERVENOR ..................................................................... 2

III.  ISSUE PRESENTED ..................................................................................... 2

IV.  EVIDENCE RELIED UPON ......................................................................... 2

V.   ARGUMENT.................................................................................................. 3

     A.    WSDCC Satisfies Rule 24(a)'s Requirements for Intervention as of Right.... 3

          1.    The Motion is Timely ............................................................... 3

          2.    WSDCC Has an Interest in the Outcome of this Litigation....................... 4

          3.    Disposition will Impair and Impede the WSDCC's Ability to Protect its Interests ........................................................................................ 6

          4.    WSDCC's Interests are not Adequately Represented by Defendants ....... 7

     B.    Alternatively, WSDCC Should be Allowed Permissive Intervention ............. 9

VI.  CONCLUSION.............................................................................................. 10

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S MOTION TO
INTERVENE – i
154135606.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

EXHIBIT 8 - Page 3 of 66

# I.    INTRODUCTION

Nearly a year after the November 2020 election, the Washington Election Integrity Coalition United and its *pro se* supporters ("Plaintiffs") have filed a Complaint filled with entirely fabricated claims of election fraud. Plaintiffs' effort to delegitimize the integrity of our State elections appears to be little more than a cut and paste of similar cases filed throughout the country immediately after the 2020 Presidential Election. Federal and state court judges roundly rejected every one of those election contests, and with them, their unsubstantiated claims of voter and election fraud. Now, after all the votes have been counted and the results certified by the county and the state, and officials have been sworn in, Plaintiffs file this action seeking to unseal ballots from Washington's 2020 General Election and "audit" Clark County's ("the County") election department, claiming their votes have been "diluted" and seeking injunctive relief regarding certain election procedures.[1] Compl. ¶ 5. The Washington State Democratic Central Committee ("WSDCC"), on its own behalf and on

---

[1] This lawsuit is one of several copycat lawsuits filed across Washington State, including against Clark, Snohomish, Whatcom, Thurston, Lincoln, Franklin, and Pierce counties. *Washington Election Integrity Coalition United et al. v. Wise*, No. 21-2-12603-7-KNT (Sept. 22, 2021), DKT 1; *Washington Election Integrity Coalition United et al. v. Anderson*, No. 21-2-07551-9 (Sept. 21, 2021), DKT 1; *Washington Election Integrity Coalition United et al. v. Hall*, No. 21-2-01641-34 (Sept. 21, 2021), DKT 1; *Washington Election Integrity Coalition United et al. v. Fell*, No. 21-2-04302-31 (Sept. 16, 2021), DKT 1; *Washington Election Integrity Coalition United et al. v. Bradrick*, No. 21-2-00949-37 (Sept. 10, 2021), DKT 1; *Washington Election Integrity Coalition United et al. v. Beaton*, No. 21-2-50572-11 (Oct. 5, 2021), DKT 1; *Washington Election Integrity Coalition United et al. v. Schumacher*, No. 21-2-00042-22 (Oct. 4, 2021), DKT 1. Each of the lawsuits contains virtually identical claims on behalf of an organization called "Washington Election Integrity Coalition United," and different county-specific collections of *pro se* individuals, all apparently recruited at roving statewide meetings called to generate support for the effort. *See* Associated Press, *Lawsuits claiming 2020 ballots were manipulated come to WA*, SEATTLE TIMES (Sept. 21, 2021, 10:36 AM), https://www.seattletimes.com/seattle-news/politics/lawsuits-claiming-2020-ballots-were-manipulated-come-to-washington/; Shari Phiel, *Lawsuits Filed in Three Washington Counties Claim Votes Were 'Flipped'*, THE CHRONICLE, https://www.chronline.com/stories/lawsuits-filed-in-three-washington-counties-claim-votes-were-flipped,273108. The WSDCC is seeking intervention in each and every lawsuit and, should intervention be granted, would be the only party before the Court other than the "Washington Election Integrity Coalition United" to be a party to all of the lawsuits.

---

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S MOTION TO
INTERVENE – 1
154135606.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

EXHIBIT 8 - Page 4 of 66

behalf of Democratic voters throughout the state, with this Motion seeks to intervene to defend and protect the integrity of Washington's electoral system.

WSDCC meets the applicable requirements for intervention as of right and permissive intervention under Washington Superior Court Civil Rule ("CR") 24. The Motion is timely, submitted just two weeks after the complaint was filed. The WSDCC has a substantial interest in protecting the legitimacy of its candidates' electoral victories from partisan attacks, ensuring that the results of Washington's 2020 election stand, and defending its candidates' future election prospects.

As required by CR 24(c), this Motion is accompanied by a Proposed Answer, which is attached as Exhibit A.[2]

## II.    IDENTITY OF INTERVENOR

The WSDCC is the governing body of the Washington State Democratic Party, which works to elect Democrats, uphold Democratic values, and support Democrats across the state. Decl. of Tina Podlodowski ("Podlodowski Decl.") ¶ 3. It is composed of two people from each Legislative District and County. *Id.* ¶ 2. It holds monthly meetings, nominates and endorses local candidates, recruits and manages precinct committee officers, passes resolutions, and campaigns for local candidates. *Id.* This action and the relief requested impact the Washington State Democratic Party, its supporters, and its elected officials.

## III.    ISSUE PRESENTED

Whether Proposed Intervenor WSDCC should be permitted to intervene in this action pursuant to the liberal standards for intervention in CR 24.

---

[2] WSDCC has attached the following hereto: a Proposed Answer as Exhibit A (to ensure compliance with CR 24(c)); a declaration from WSDCC Chair Tina Podlodowski in support of this Motion as Exhibit B; and a proposed Motion to Dismiss as Exhibit C, which WSDCC seeks to file if it is granted intervention.

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S MOTION TO
INTERVENE – 2
154135606.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

EXHIBIT 8 - Page 5 of 66

#### IV.     EVIDENCE RELIED UPON

WSDCC relies on the Declaration of Tina Podlodowski ("Podlodowski Decl.") filed as Exhibit B to WSDCC's Motion to Intervene.

#### V.      ARGUMENT

WSDCC seeks to intervene in this case as a matter of right under CR 24(a) or, in the alternative, permissively under CR 24(b). WSDCC plainly meets the requirements to intervene as of right under CR 24(a), and thus, easily meets the requirements for permissive intervention under CR 24(b).

**A.      WSDCC satisfies Rule 24(a)'s requirements for intervention as of right.**

CR 24(a) provides an absolute right of intervention if the intervenor shows: (1) timely application for intervention; (2) an interest which is the subject of the action; (3) that the disposition will impair or impede the applicant's ability to protect the interest; and (4) the applicant's interest is not adequately represented by the existing parties. *Wilson v. Mt. Solo Landfill, Inc.*, 184 Wn. App. 1030, 2014 WL 6068043, at *2 (2014) (citing *Westerman v. Cary*, 125 Wn.2d 277, 303, 892 P.2d 1067 (1994)). WSDCC satisfies all four requirements and is entitled to intervene as of right under CR 24(a).

**1.      The Motion is Timely.**

A motion for intervention is timely when made prior to trial. *Am. Disc. Corp. v. Saratoga W. Inc.*, 81 Wn.2d 34, 43, 499 P.2d 869 (1972). Leave to intervene should be interpreted as timely to allow an intervention of right unless it would work a hardship on one of the original parties. *Loveless v. Yantis*, 82 Wn.2d 754, 759, 513 P.2d 1023 (1973) (citations omitted). Intervention has been allowed in Washington as late as the trial court's oral decision for the purposes of appeal. *Ford v. Logan*, 79 Wn.2d 147, 149, 483 P.2d 1247 (1971). This Motion follows just two weeks after the Complaint was filed and no substantive activity has

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S MOTION TO
INTERVENE – 3
154135606.1

EXHIBIT 8 - Page 6 of 66

taken place in the case. There has therefore been no delay, and no possible risk of prejudice to the other parties.

**2.  WSDCC has an interest in the outcome of this litigation.**

WSDCC has an interest in the outcome of this action. "[A] party has a right to intervene in an action either where he has an interest in the matter in litigation, or has an interest in the success of either party thereto." *Moses Lake Homes, Inc. v. Grant County*, 49 Wn.2d 182, 185, 299 P.2d 840 (1956). An intervenor's interest is to be construed broadly. *Vashon Island Comm. for Self-Gov't v. Wash. State Boundary Review Bd. for King Cnty.*, 127 Wn.2d 759, 765, 903 P.2d 953 (1995); *Fritz v. Gorton*, 8 Wn. App. 658, 509 P.2d 83 (1973); *Columbia Gorge Audubon Soc'y v. Klickitat County*, 98 Wn. App. 618, 629, 989 P.2d 1260 (1999) ("Not much of a showing is required, however, to establish an interest. And insufficient interest should not be used as a factor for denying intervention."). The "interest" requirement is met if the intervenor could either gain or lose by the direct operation or immediate effect of a possible final judgment. *Am. Discount*, 81 Wn.2d at 36. When in doubt, intervention should be granted. *Id.* at 40.

WSDCC is dedicated to representing the interests of Washington's Democratic voters by supporting the election of Democratic candidates across Washington. Podlodowski Decl. ¶ 2. It seeks to intervene as a defendant in this matter to protect the rights of its affiliated candidates and voters across Washington. *See id.* ¶ 4–6.

The WSDCC has an interest in ensuring the official certified results of Washington's 2020 election remain undisturbed and their credibility unimpeached. *See id.* ¶ 6. Plaintiffs appear to seek some sort of Arizona-style "audit" of the 2020 election, contrary to state law. Compl. ¶5, 35. Although Plaintiffs claim they are not seeking de-certification of the election, they nonetheless ask the Court to "determine rights" with regard to "vote flipping." *Id.* ¶ 16.

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S MOTION TO
INTERVENE – 4
154135606.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

EXHIBIT 8 - Page 7 of 66

The request thus appears to seek an unofficial and extraordinary "audit" of 2020 ballots, contrary to law, and an alteration of certified election results or at least to call them into question. Plaintiff's Equal Protection and "vote dilution claims" similarly appear to target the election's outcome. *Id.* ¶ 40(b).

WSDCC's intervention is needed to ensure that the final, certified results of Washington's 2020 election are not disturbed, on behalf of their affiliate candidates and Washington's Democratic voters who elected those candidates. *See* Podlodowski Decl. ¶ 6; *Crawford v. Marion Cty. Election Bd.*, 553 U.S. 181, 189 n.7 (2008) (agreeing with the unanimous view of the Seventh Circuit that the Indiana Democratic Party had standing to challenge a voter identification law that risked disenfranchising its members); *Owen v. Mulligan*, 640 F.2d 1130, 1132 (9th Cir. 1981) (holding that "the potential loss of an election" inflicts injury on a political party).[1] WSDCC plainly has an interest in this action.

In addition, groups and individuals like the Plaintiffs here suggest that fraud is perpetrated by or to benefit Democratic election officials and depict themselves as watchdogs, vowing to "restor[e] . . . transparent, secure and publicly verified elections." Washington Election Integrity Coalition United, *Support Our Work*, GIVE SEND GO, https://givesendgo.com/GX2Y (last visited Oct. 4, 2021); *see also* Podlodowski Decl. ¶ 5. By creating a false narrative unsupported by any factual evidence that Washington elections are replete with election fraud and vowing to put an end to it, they seek to create and foster a fictional problem. This unsupported lawsuit serves to propagate and spread that misinformation, undermining public confidence in our elections and, indeed, our democratic system of elections. Indeed, that appears to be the whole purpose of its filing. The effort threatens to damage Democratic candidates' and officeholders' reputations, and ultimately threatens Democratic candidates' future successes at the ballot box. Podlodowski Decl. ¶ 6.

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S MOTION TO
INTERVENE – 5
154135606.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

EXHIBIT 8 - Page 8 of 66

WSDCC's interests are clearly at issue here under the broad construction of that requirement in Washington law. *Vashon Island*, 127 Wn.2d at 765.

### 3. Disposition will impair and impede the WSDCC's ability to protect its interests.

In addition, disposition "of the action may as a practical matter impair or impede" WSDCC's ability to protect its interests. CR 24(a)(2). While Washington courts have not elaborated on this third requirement of CR 24(a), other courts have concluded that if a proposed intervenor has a protectable interest in the outcome of the litigation, courts have "little difficulty concluding" that its interests will be impaired. *California ex rel. Lockyer v. United States*, 450 F.3d 436, 442 (9th Cir. 2006); *see also Brody By & Through Sugzdinis v. Spang*, 957 F.2d 1108, 1123 (3d Cir. 1992) (noting that if the intervenor "can show that they possess a legal interest in this action, then it naturally follows that such an interest would be affected by this litigation").

There can be no doubt that disposition of this matter has the potential to impair the WSDCC's ability to protect its interests. Federal courts have routinely concluded that interference with a political party's electoral prospects constitutes a direct injury that satisfies Article III standing, which goes beyond the requirement needed for intervention under CR 24(a)(2) in this case. *E.g.*, *Owen*, 640 F.2d at 1132 (holding that "the potential loss of an election" is sufficient injury to confer Article III standing); *Tex. Democratic Party v. Benkiser*, 459 F.3d 582, 586–87 (5th Cir. 2006) (political party had suffered injury-in-fact when "its congressional candidate's chances of victory would be reduced"); *Pavek v. Simon*, 467 F. Supp. 3d 718, 742 (D. Minn. 2020) ("[S]everal circuits have recognized" that a "political party can show direct injury if the defendant's actions hurt the candidate's or party's chances of prevailing in an election."); *Schulz v. Williams*, 44 F.3d 48, 53 (2d Cir. 1994) (Conservative Party had representative standing because the party "stood to suffer . . . competition on the

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S MOTION TO
INTERVENE – 6
154135606.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

EXHIBIT 8 - Page 9 of 66

ballot . . . and a resulting loss of votes"); *Hollander v. McCain*, 566 F. Supp. 2d 63, 68 (D.N.H. 2008) ("[C]ourts have held that a candidate or his political party has standing to challenge the inclusion of an allegedly ineligible rival on the ballot, on the theory that doing so hurts the candidate's or party's own chances of prevailing in the election.").

This action threatens (and is designed to threaten) the WSDCC's political prospects by alleging—without evidentiary support—some unidentified "fraud" or "misconduct" in the administration of the election. Podlodowski Decl. ¶ 5. The Democratic National Committee and similar political organizations were routinely granted intervention as of right in election disputes over the exact same election. *E.g.*, *Paher v. Cegavske*, No. 20-cv-00243-WGC, 2020 WL 2042365, at *2 (D. Nev. Apr. 28, 2020) (granting intervention as of right to Democratic National Committee, Democratic Congressional Committee, and Nevada State Democratic Party where "Plaintiffs' success on their claims would disrupt the organizational intervenors' efforts to promote the franchise and ensure the election of Democratic Party candidates"); *Issa v. Newsom*, No. 20-cv-01044-CKD, 2020 WL 3074351, at *4 (E.D. Cal. June 10, 2020) (granting intervention as of right to the DNC in suit brought by a Republican Representative, the National Republican Congressional Committee, and California Republican Party); *Donald J. Trump for President, Inc. v. Cegavske*, No. 20-CV-1445 VCF, 2020 WL 5229116, at *1 (D. Nev. Aug. 21, 2020) (granting intervention to DNC, DCCC, and NSDP in suit brought by President Trump's campaign).

The WSDCC's interests would be no less impaired. WSDCC easily satisfies this requirement of CR 24(a)(2).

**4.    WSDCC's interests are not adequately represented by Defendants.**

WSDCC cannot rely on the parties in this case to adequately represent its interests. "The intervenor need make only a minimal showing that its interests may not be adequately

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S MOTION TO
INTERVENE – 7
154135606.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

EXHIBIT 8 - Page 10 of 66

represented." *Columbia Gorge Audubon Soc'y*, 98 Wn. App. at 629. It is not necessary that the intervenor's interest be in direct conflict with those of the existing parties. *Id.* at 630. It is only necessary that the interest may not be adequately articulated and addressed. *Id.* (citing *Am. Discount*, 81 Wn.2d at 41). Washington Courts have articulated three relevant questions: Will the Defendants "undoubtedly" make all the WSDCC's arguments? Are Defendants able and willing to make those arguments? And will WSDCC more effectively articulate any aspect of its interest? *Id.* Once an applicant for intervention shows interests different than those of the existing parties, the requirement of showing that such interest would not be given adequate representation is minimal. *Fritz*, 8 Wn. App. at 661–62.

Defendants' interest is defined solely by their statutory duties to conduct elections. But the WSDCC's interests are broader. While Defendants may have an interest in ensuring that the election results are upheld, those Defendants do not share the WSDCC's interest in defending *its candidates* victories and reputations against Petitioners' partisan allegations, and hence, Defendants will not and cannot represent the WSDCC in that respect. Because their interests diverge, the Defendants—who are all election officials—cannot adequately represent WSDCC's interests. *See* Podlodowski Decl. ¶ 4–6; *Issa*, 2020 WL 3074351, at *3 ("While Defendants' arguments turn on their inherent authority as state executives and their responsibility to properly administer election laws, the [intervenor is] concerned with ensuring their party members and the voters they represent have the opportunity to vote in the upcoming federal election, advancing their overall electoral prospects, and allocating their limited resources to inform voters about the election procedures."). Courts have "often concluded that governmental entities do not adequately represent the interests of aspiring intervenors," *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 736 (D.C. Cir. 2003); *accord Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 899 (9th Cir. 2011); *Associated Gen.*

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S MOTION TO
INTERVENE – 8
154135606.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

EXHIBIT 8 - Page 11 of 66

*Contractors of Am. v. Cal. Dep't of Transp.*, No. 09-01622, 2009 WL 5206722, at \*2–3 (E.D. Cal. Dec. 23, 2009) (granting intervention where defendant state agency's "main interest is ensuring safe public roads and highways" and agency "is not charged by law with advocating on behalf of minority business owners" as intervenors would), including specifically in cases regarding the right to vote. *See Paher*, 2020 WL 2042365, at \*3 (granting intervention as of right where Proposed Intervenors "may present arguments about the need to safeguard Nevada[ns'] right to vote that are distinct from [state defendants'] arguments"). Defendants will undoubtably *not* make all WSDCC's arguments in this action.

**B.      Alternatively, WSDCC should be allowed permissive intervention**

In the event this Court concludes that WSDCC may not intervene as a matter of right, permissive intervention is clearly appropriate. CR 24(b) provides in relevant part:

> (b) Permissive Intervention. Upon timely application, anyone may be permitted to intervene in an action:
>
> . . . . . . . .
>
> (2) When an applicant's claim or defense and the main action have a question of law or fact in common . . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

As with CR 24(a), CR 24(b) should be liberally construed so as to permit permissive intervention.

For the reasons discussed in Part A supra, WSDCC's motion is timely. WSDCC also has defenses to Plaintiffs' claims that share common questions of law and fact—for example, whether Plaintiffs have stated valid claims for relief. Significantly, intervention will result in neither prejudice nor undue delay. WSDCC has an undeniable interest in a swift resolution of this action and is confident that its intervention in this case will result in expeditious resolution of this litigation. It is in the interest of justice to allow all those with affected interests,

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S MOTION TO
INTERVENE – 9
154135606.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

EXHIBIT 8 - Page 12 of 66

including both sides of the political spectrum, to participate in this case. *See, e.g.*, *Donald J. Trump for President, Inc. v. Benson*, No. 1:20-cv-1083, 2020 WL 8573863, at *3 (W.D. Mich. Nov. 17, 2020) (granting permissive intervention in a lawsuit challenging the 2020 election results to the City of Detroit, Michigan NAACP, the Democratic National Committee, and the Michigan Democratic Party); *Libertarian Party of Pennsylvania v. Wolf*, No. 20-cv-2299, 2020 WL 6580739, at *1 (E.D. Pa. July 8, 2020) (granting permissive intervention to the Pennsylvania Democratic Party in a 2020 election case). The WSDCC cannot rely on Defendants to protect the rights of its affiliate candidates and voters from partisan attacks.

## VI.    CONCLUSION

For the reasons set forth above, Intervenor Washington State Democratic Central Committee respectfully requests that the Court grant its Motion for Intervention.

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S MOTION TO
INTERVENE – 10
154135606.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

EXHIBIT 8 - Page 13 of 66

Dated:  October 6, 2021

*s/ Kevin J. Hamilton*
Kevin J. Hamilton, WSBA No. 15648
KHamilton@perkinscoie.com

*s/ Amanda J. Beane*
Amanda J. Beane, WSBA No. 33070
ABeane@perkinscoie.com

*s/ Reina A. Almon-Griffin*
Reina A. Almon-Griffin, WSBA No. 54651
RAlmon-Griffin@perkinscoie.com

*s/ Nitika Arora*
Nitika Arora, WSBA No. 54084
NArora@perkinscoie.com
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone 206.359.8000
Facsimile 206.359.9000

Attorneys for WASHINGTON STATE
DEMOCRATIC PARTY

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S MOTION TO
INTERVENE – 11
154135606.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

EXHIBIT 8 - Page 14 of 66

## <u>CERTIFICATE OF SERVICE</u>

On October 6, 2021, I caused to be served upon the below named counsel of record, at the address stated below, via the method of service indicated, a true and correct copy of the foregoing document.

| | |
|---|---|
| ***Pro Se* Plaintiffs** | ☐ Via hand delivery |
| | ☑ Via U.S. Mail, 1st Class, Postage Prepaid |
| Tamborine Borrelli, Director | |
| Washington Election Integrity Coalition | ☐ Via Overnight Delivery |
| United | ☐ Via Facsimile |
| 13402 125th Avenue NW | ☐ Via Eservice |
| Gig Harbor, WA 98329-4215 | |
| Ph: 253-375-1255 | |

Brett Simpson
19018 NE 127th Cir.
Brush Prairie, WA 98606
Ph: 425-444-9933

Bonnie Grieco
222 S 32nd Place
Ridgefield, WA 98642
971-219-8939

Jonette Molyneux
12905 NE Salmon Creek Ave.
Vancouver, WA 98686
360-600-5777

Ross Merritt
270 Stonegate
Washougal, WA 98671
503-676-7370

Tamara Shaw
13705 NE 36th St
Vancouver, WA 98682

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S MOTION TO
INTERVENE – 12
154135606.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

EXHIBIT 8 - Page 15 of 66

1   Harlyn Thompson
2   1511 SW 13th Ave., Apt. 346
3   Battle Ground, WA 98604
4   360-567-7676
5
6   Kimberlee Elbon
7   613 East 6th St
8   LA Center, WA 98629
9   360-593-6878
10
11  Robert Ward
12  504 NE 134th St
13  Vancouver, WA 98685
14  360-952-1601
15
16  Constance Cooke
17  33817 SE 27th St
18  Washougal, WA 98671
19  360-606-6830
20
21  Doreen Rose
22  5606 NW 280th St
23  Ridgefield, WA 98642
24  425-923-0832
25
26  Shirley Mozena
27  3816 SE 153rd Court
28  Vancouver, WA 98683
29  360-292-3155
30
31  James Mozena
32  3816 SE 153rd Court
33  Vancouver, WA 98683
34  503-804-8349
35
36  Michelle Dawson
37  304 West Cushman St
38  Yacolt, WA 98675
39  435-503-7742

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S MOTION TO
INTERVENE – 13
154135606.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

EXHIBIT 8 - Page 16 of 66

Lindsey Nichols
11405 NW 22nd Ave.
Vancouver, WA 98685
714-376-5577

Joseph Kent
37607 NE Eagle View Drive
Yacolt, WA 98675
931-933-0232

Roxanne Pearce
1051 4th St
Washougal, WA 98671
360-901-0647

David Machado
2406 NE 139th St., #27
Vancouver, WA 98686
360-607-8699

Joshua Bradley
62 34th St
Washougal, WA 98671
360-601-2078

Bennett Esrael
25217 NE 142nd Ave
Battleground, WA 98604-2400
360-702-7944

Jake Parmer
725 E Vine Maple Ave
La Center, WA 98629
503-839-6633

Rich Audette
603 NW 24th Avenue
Battle Ground, WA 98604
360-831-4527

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S MOTION TO
INTERVENE – 14
154135606.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

EXHIBIT 8 - Page 17 of 66

Maria Bruemmer
5105 NE 72nd Ave, Apt. #49F
Vancouver, WA 98661
360-977-0074

Joseph Gibson
13023 NE Hwy 99, Suite 7-712
Vancouver, WA 98686
360-635-3081

Eric Hargrave
505 26th St
Washougal, WA 98671
360-553-2377

Wendy Keeline
23103 NE 134th Circle
Brush Prairie, WA 98606
360-896-2874

Phillip Hogan
8314 NE 239th St
Battle Ground, WA 98604
360-521-3621

Marili Haas
27408 NE 69th Ave
Battle Ground, WA 98604
360-721-9521

Ike Haas
27408 NE 69th Ave
Battle Ground, WA 98604
360-952-0307

Frank Gmelin
4001 NE Everett Ct
Camas, WA 98607
503-467-6580

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S MOTION TO
INTERVENE – 15
154135606.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

EXHIBIT 8 - Page 18 of 66

1
2 Tricia Shoup
3 17417 NE 200th Cir
4 Battle Ground, WA 98604
5 360-910-2497
6
7 Jen Holbrook
8 27000 NE Bjur Rd.
9 Ridgefield, WA 98642
10 360-601-5690
11
12 Stephen Clements
13 812 Z St
14 Vancouver, WA 98661
15 901-592-7902
16
17
18 Kimberly Anderson
19 9509 NE 135th Ct.
20 Vancouver, WA 98682
21 251-259-2254
22
23
24 Susan Audette
25 603 NW 24th Ave
26 Battleground, WA 98604-4566
27 360-903-3540
28
29
30 Greg Kimsey, Auditor
31 Clark County
32 1300 Franklin St., #575
33 Vancouver, WA 98660
34
35
36 Amanda Migchelbrink
37 Clark County Prosecutor
38 1013 Franklin St
39 Vancouver, WA 98660
40
41
42
43
44
45
46     **I certify under penalty of perjury under the laws of the**
47     **State of Washington that the foregoing is true and correct.**

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S MOTION TO
INTERVENE – 16
154135606.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

EXHIBIT 8 - Page 19 of 66

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47

EXECUTED at Seattle, Washington, on October 6, 2021.


_June Starr_
June Starr

_____


WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S MOTION TO
INTERVENE – 17
154135606.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

EXHIBIT 8 - Page 20 of 66

# PROPOSED ORDER

EXHIBIT 8 - Page 21 of 66

THE HONORABLE EMILY SHELDRICK

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR CLARK COUNTY

| | |
|---|---|
| WASHINGTON ELECTION INTEGRITY COALITION UNITED, a Washington State Nonprofit Corporation; BRETT SIMPSON; BONNIE GRIECO; JONETTE MOLYNEUX; ROSS MERRITT; TAMARA SHAW; HARLYN THOMPSON; KIMBERLEE ELBON; ROBERT WARD; CONSTANCE COOKE; DOREEN ROSE; SHIRLEY MOZENA; JAMES MOZENA; MICHELLE DAWSON; LINDSEY NICHOLS; JOSEPH KENT; ROXANNE PEARCE; DAVID MACHADO; JOSHUA BRADLEY; BENNETT ESRAEL; JAKE PARMER; RICH AUDETTE; MARIA BRUEMMER; JOSEPH GIBSON; ERIC HARGRAVE; WENDY KEELINE; PHILLIP HOGAN; MARILI HAAS; IKE HAAS; FRANK GMELIN; TRICIA SHOUP; JEN HOLBROOK; STEPHEN CLEMENTS; KIMBERLY ANDERSON; SUSAN AUDETTE, | No. 21-2-01775-06 |
| | [PROPOSED] ORDER GRANTING WASHINGTON STATE DEMOCRATIC CENTRAL COMMITTEE'S MOTION TO INTERVENE |
| Plaintiffs, | |
| v. | |
| GREG KIMSEY, Clark County Auditor; CLARK COUNTY, and DOES 1-30, inclusive, | |
| Defendants, | |

[PROPOSED] ORDER GRANTING WASHINGTON
STATE DEMOCRATIC CENTRAL COMMITTEE'S
MOTION TO INTERVENE – 1

15934.0024\154130056.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

EXHIBIT 8 - Page 22 of 66

and

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE,

                Proposed Intervenor
                Defendant.

       Before the Court is Proposed Intervenor Defendant Washington State Democratic Central Committee's ("WSDCC") Motion to Intervene. Having reviewed the papers filed in support of and in opposition to (if any) this Motion, and being fully advised, the Court finds that WDSCC has satisfied the elements of intervention as of right and the elements of permissive intervention. Accordingly, WSDCC is entitled to intervene in this case, and the Court GRANTS WSDCC's motion and instructs WSDCC to file a response to the Complaint.

      **IT IS SO ORDERED.**

    Dated:

_____

THE HONORABLE EMILY SHELDRICK

[PROPOSED] ORDER GRANTING WASHINGTON
STATE DEMOCRATIC CENTRAL COMMITTEE'S
MOTION TO INTERVENE – 2

15934.0024\154130056.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

EXHIBIT 8 - Page 23 of 66

1
2  Prepared by:
3
4  *s/ Kevin J. Hamilton*
5  Kevin J. Hamilton, WSBA No. 15648
6  KHamilton@perkinscoie.com
7  Amanda J. Beane, WSBA No. 33070
8  ABeane@perkinscoie.com
9  Reina A. Almon-Griffin, WSBA No. 54651
10 RAlmon-Griffin@perkinscoie.com
11 Nitika Arora, WSBA No. 54084
12 NArora@perkinscoie.com
13 **Perkins Coie LLP**
14 1201 Third Avenue, Suite 4900
15 Seattle, Washington 98101-3099
16 Telephone 206.359.8000
17 Facsimile 206.359.9000
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47

[PROPOSED] ORDER GRANTING WASHINGTON
STATE DEMOCRATIC CENTRAL COMMITTEE'S
MOTION TO INTERVENE – 3

15934.0024\154130056.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

EXHIBIT 8 - Page 24 of 66

# EXHIBIT A

EXHIBIT 8 - Page 25 of 66

THE HONORABLE EMILY SHELDRICK

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR CLARK COUNTY

| | |
|---|---|
| WASHINGTON ELECTION INTEGRITY COALITION UNITED, a Washington State Nonprofit Corporation; BRETT SIMPSON; BONNIE GRIECO; JONETTE MOLYNEUX; ROSS MERRITT; TAMARA SHAW; HARLYN THOMPSON; KIMBERLEE ELBON; ROBERT WARD; CONSTANCE COOKE; DOREEN ROSE; SHIRLEY MOZENA; JAMES MOZENA; MICHELLE DAWSON; LINDSEY NICHOLS; JOSEPH KENT; ROXANNE PEARCE; DAVID MACHADO; JOSHUA BRADLEY; BENNETT ESRAEL; JAKE PARMER; RICH AUDETTE; MARIA BRUEMMER; JOSEPH GIBSON; ERIC HARGRAVE; WENDY KEELINE; PHILLIP HOGAN; MARILI HAAS; IKE HAAS; FRANK GMELIN; TRICIA SHOUP; JEN HOLBROOK; STEPHEN CLEMENTS; KIMBERLY ANDERSON; SUSAN AUDETTE, <br><br>                Plaintiffs, <br><br>    v. <br><br>GREG KIMSEY, Clark County Auditor; CLARK COUNTY, and DOES 1-30, inclusive, <br><br>                Defendants, | No. 21 2 01775 06 <br><br> WASHINGTON STATE DEMOCRATIC CENTRAL COMMITTEE'S [PROPOSED] ANSWER |

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
ANSWER– 1
15934.0024\154040716.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

EXHIBIT 8 - Page 26 of 66

and

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE,

Applicant Intervenor-
Defendant.

## ANSWER

Proposed Intervenor Defendant Washington State Democratic Central Committee ("WSDCC") by and through its attorneys, submits the following Answer to Plaintiffs' Complaint (the "Complaint"). WSDCC responds to the allegations in the Complaint as follows:

### I.     PARTIES

1.      Proposed Intervenor is without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations contained in Paragraph 1, and therefore denies the same.

2.      Proposed Intervenor is without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations contained in Paragraph 2, and therefore denies the same.

3.      Proposed Intervenor is without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations contained in Paragraph 3, and therefore denies the same.

4.      Paragraph 4 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenor denies the allegations.

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
ANSWER– 2
15934.0024\154040716.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

EXHIBIT 8 - Page 27 of 66

## II.    OVERVIEW

5.    Proposed Intervenor denies the first sentence of paragraph 5. Proposed Intervenor is without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations that WEiCU issued a records request for ballots, and therefore denies the same. The remaining allegations in Paragraph 5 are mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenor denies the allegations.

## III.    JURISDICTION, VENUE, LIMITATIONS

6.    Paragraph 6 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenor denies the allegations.

7.    Paragraph 7 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenor denies the allegations.

8.    Paragraph 8 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenor denies the allegations.

9.    Proposed Intervenor is without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations contained in Paragraph 9, and therefore denies the same.

**WASHINGTON STATE DEMOCRATIC CENTRAL COMMITTEE'S [PROPOSED] ANSWER– 3**
15934.0024\154040716.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

EXHIBIT 8 - Page 28 of 66

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47

**IV.    WRONGFUL ACTS: VOTE FLIPPING, ADDITIONS, AND/OR DELETIONS**

**RCW 29A.68.013(1) and/or (2)**

**(Citizen Plaintiffs v. Auditor)**

10.    Proposed Intervenor incorporates by reference all of its responses in the preceding and ensuing paragraphs as if fully set forth herein.

11.    Proposed Intervenor is without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations contained in Paragraph 11, and therefore denies the same.

12.    Proposed Intervenor denies the allegations in Paragraph 12.

13.    Proposed Intervenor denies the allegations in Paragraph 13.

**V.    DECLARATORY RELIEF: VOTE FLIPPING, ADDITIONS, AND/OR DELETIONS**

**(Citizen Plaintiffs v. Auditor)**

14.    Proposed Intervenor incorporates by reference all of its responses in the preceding and ensuing paragraphs as if fully set forth herein.

15.    Proposed Intervenor denies the allegations in Paragraph 15.

16.    Proposed Intervenor denies the allegations in Paragraph 16.

**VI.    EQUITABLE RELIEF: VOTE FLIPPING, ADDITIONS, AND/OR DELETIONS**

**(Citizen Plaintiffs v. Auditor)**

17.    Proposed Intervenor incorporates by reference all of its responses in the preceding and ensuing paragraphs as if fully set forth herein.

18.    Proposed Intervenor denies the allegations in Paragraph 18.

19.    Proposed Intervenor denies the allegations in Paragraph 19.

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
ANSWER– 4
15934.0024\154040716.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

EXHIBIT 8 - Page 29 of 66

## VII.   WRONGFUL ACTS: PARTY PREFERENCE

### RCW 29A.68.013(1) and/or (2)

### (Citizen Plaintiffs v. Auditor)

20.   Proposed Intervenor incorporates by reference all of its responses in the preceding and ensuing paragraphs as if fully set forth herein.

21.   Proposed Intervenor denies the allegations in Paragraph 21.

## VIII.   DECLARATORY RELIEF: PARTY PREFERENCE

### (Citizen Plaintiffs v. Auditor)

22.   Proposed Intervenor incorporates by reference all of its responses in the preceding and ensuing paragraphs as if fully set forth herein.

23.   Proposed Intervenor denies the allegations in Paragraph 23.

24.   Proposed Intervenor denies the allegations in Paragraph 24.

## IX.   EQUITABLE RELIEF: PARTY PREFERENCE

### (Citizen Plaintiffs v. Auditor)

25.   Proposed Intervenor incorporates by reference all of its responses in the preceding and ensuing paragraphs as if fully set forth herein.

26.   Proposed Intervenor denies the allegations in Paragraph 26.

27.   Proposed Intervenor denies the allegations in Paragraph 27.

## X.   PUBLIC RECORDS ACT

### RCW 29A.68.013(1) and/or (2); RCW 42.56.030; RCW 42.56.550; RCW 29A.60.110

### (Plaintiff WEiCU v. Auditor and County)

28.   Proposed Intervenor incorporates by reference all of its responses in the preceding and ensuing paragraphs as if fully set forth herein.

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
ANSWER– 5
15934.0024\154040716.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

EXHIBIT 8 - Page 30 of 66

29.     Paragraph 29 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenor denies the allegations.

30.     Proposed Intervenor is without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations contained in Paragraph 30, and therefore denies the same.

31.     Paragraph 31 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenor denies the allegations.

32.     Paragraph 32 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenor denies the allegations.

33.     Paragraph 33 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenor denies the allegations.

34.     Paragraph 34 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenor denies the allegations.

35.     Proposed Intervenor denies the allegations in Paragraph 35.

**WASHINGTON STATE DEMOCRATIC CENTRAL COMMITTEE'S [PROPOSED] ANSWER– 6**
15934.0024\154040716.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

EXHIBIT 8 - Page 31 of 66

## XI.  DECLARATORY RELIEF: VIOLATIONS OF CONSTITUTIONAL RIGHTS WA STATE CONSTITUTION ART. I, § 1, § 2, § 3, § 12, § 19, § 29; ART. VI, § 6, US CONSTITUTION AMENDMENTS I, XIV

### (Citizen Plaintiffs v. Auditor)

36.     Proposed Intervenor incorporates by reference all of its responses in the preceding and ensuing paragraphs as if fully set forth herein.

37.     Paragraph 37 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenor denies the allegations.

38.     Paragraph 38 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenor denies the allegations.

39.     Article I Section 3 of the Washington State Constitution speaks for itself.

40.     Proposed Intervenor denies the allegations in Paragraph 40.

41.     Proposed Intervenor denies the allegations in Paragraph 41.

42.     Proposed Intervenor denies the allegations in Paragraph 42.

## XII.   INJUNCTIVE RELIEF: VIOLATIONS OF CONSTITUTIONAL RIGHTS
### (Citizen Plaintiffs v. Auditor)

43.     Proposed Intervenor incorporates by reference all of its responses in the preceding and ensuing paragraphs as if fully set forth herein.

44.     Proposed Intervenor denies the allegations in Paragraph 44.

45.     Proposed Intervenor denies the allegations in Paragraph 45.

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
ANSWER– 7
15934.0024\154040716.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

EXHIBIT 8 - Page 32 of 66

### XIII.   DAMAGES FOR CIVIL RIGHTS VIOLATIONS

### 42 USC § 1983, § 1988

### (Citizen Plaintiffs v. Auditor)

46.     Proposed Intervenor incorporates by reference all of its responses in the preceding and ensuing paragraphs as if fully set forth herein.

47.     42 U.S.C. § 1983 speaks for itself.

48.     Paragraph 48 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenor denies the allegations.

49.     Proposed Intervenor denies the allegations in Paragraph 49.

50.     Proposed Intervenor denies the allegations in Paragraph 50.

### XIV.   DEMAND FOR JURY TRIAL

51.     Proposed Intervenor denies the allegations in Paragraph 51.

### XV.    RELIEF SOUGHT

WHEREFORE, Proposed Intervenor respectfully requests that this Court:

A.      Deny that Plaintiffs is entitled to any relief;

B.      Dismiss the Complaint in its entirety, with prejudice;

C.      Award Proposed Intervenor its attorneys' fees, costs, and expenses incurred in this action; and

D.      Grant such other and further relief as the Court may deem just and proper.

### DEFENSES AND AFFIRMATIVE DEFENSES

Proposed Intervenor sets forth its affirmative defenses without assuming the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Proposed Intervenor. Moreover, nothing stated here is intended or shall be construed as an

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
ANSWER– 8
15934.0024\154040716.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

EXHIBIT 8 - Page 33 of 66

admission that any particular issue or subject matter is relevant to the allegations in the

Complaint. Proposed Intervenor reserves the right to amend or supplement its affirmative

defenses as additional facts concerning defenses become known.

Proposed Intervenor alleges as follows:

1.  Plaintiffs lack standing to bring their claims.

2.  Plaintiffs' claims are barred by RCW 29A.68.011 and 29A.68.013, laches, estoppel,

    and/or waiver.

3.  Plaintiffs' claims are moot.

4.  Plaintiffs fail to state a claim upon which relief can be granted.

Dated:  October 6, 2021

s/ Kevin J. Hamilton
Kevin J. Hamilton, WSBA No. 15648
KHamilton@perkinscoie.com
Amanda J. Beane, WSBA No. 33070
ABeane@perkinscoie.com
Reina A. Almon-Griffin, WSBA No. 54651
RAlmon-Griffin@perkinscoie.com
Nitika Arora, WSBA No. 54084
NArora@perkinscoie.com
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone 206.359.8000
Facsimile 206.359.9000

*Attorneys for Proposed Intervenor Washington*
*State Democratic Central Committee*

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
ANSWER– 9
15934.0024\154040716.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

EXHIBIT 8 - Page 34 of 66

# EXHIBIT B

EXHIBIT 8 - Page 35 of 66

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR CLARK COUNTY

WASHINGTON ELECTION INTEGRITY
COALITION UNITED, a Washington State
Nonprofit Corporation; BRETT SIMPSON;
BONNIE GRIECO; JONETTE MOLYNEUX;
ROSS MERRITT; TAMARA SHAW;
HARLYN THOMPSON; KIMBERLEE
ELBON; ROBERT WARD; CONSTANCE
COOKE; DOREEN ROSE; SHIRLEY
MOZENA; JAMES MOZENA; MICHELLE
DAWSON; LINDSEY NICHOLS; JOSEPH
KENT; ROXANNE PEARCE; DAVID
MACHADO; JOSHUA BRADLEY;
BENNETT ESRAEL; JAKE PARMER; RICH
AUDETTE; MARIA BRUEMMER; JOSEPH
GIBSON; ERIC HARGRAVE; WENDY
KEELINE; PHILLIP HOGAN; MARILI
HAAS; IKE HAAS; FRANK GMELIN;
TRICIA SHOUP; JEN HOLBROOK;
STEPHEN CLEMENTS; KIMBERLY
ANDERSON; SUSAN AUDETTE,

             Plaintiffs,

      v.

GREG KIMSEY, Clark County Auditor;
CLARK COUNTY, and DOES 1-30,
inclusive,

             Defendants,

No. 21 2 01775 06

DECLARATION OF TINA
PODLODOWSKI IN SUPPORT OF
WASHINGTON  STATE
DEMOCRATIC CENTRAL
COMMITTEE'S MOTION TO
INTERVENE

DECLARATION OF TINA PODLODOWSKI– 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

EXHIBIT 8 - Page 36 of 66

1
2  and
3
4
5  WASHINGTON STATE DEMOCRATIC
6  CENTRAL COMMITTEE,
7
8              Proposed Intervenor-
9              Defendant.
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47

DECLARATION OF TINA PODLODOWSKI– 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

EXHIBIT 8 - Page 37 of 66

### DECLARATION OF TINA PODLODOWSKI

I, Tina Podlodowski, do hereby declare:

1.      I am the current State Party Chair of the Washington State Democratic Party. I have held that title since I was elected to my first term as Chair in 2017.

2.      The Washington State Democratic Central Committee ("WSDCC") is the governing body of the Washington State Democratic Party, made up of two people of different gender identities from each Legislative District and County. Specifically, the WSDCC has 176 State Committee Members from 88 different Local Party Organizations, including 49 Legislative District and 39 County organizations. It holds three annual meetings, nominates and endorses local candidates, recruits and manages precinct committee officers, passes resolutions, and campaigns for local candidates.

3.      The WSDCC works to elect Democrats, uphold Democratic values, and support Democrat voters and candidates across the state.

4.      As part of its work to uphold Democratic values, the WSDCC fights for equal access to the franchise because we believe that the right to vote is the foundation of democracy. The WSDCC believes that our government is stronger if every voice is heard and that injustice in our election system means many communities, especially communities of color and the disability community, are not being fairly represented by government.

5.      The WSDCC believes that conservative groups have resorted to making unsupported claims of voter and election fraud to mislead voters. The WSDCC is committed to fighting back against this rhetoric, and against any attempts to restrict the right to vote based on these groundless assertions.

6.      Groups like the Washington Election Integrity Coalition United ("WeICU") suggest that fraud is perpetrated by or to benefit Democratic election officials. To fulfill its

DECLARATION OF TINA PODLODOWSKI– 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

EXHIBIT 8 - Page 38 of 66

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47

mission of supporting Democratic voters and candidates, the WSDCC must be able to defend

its candidates' victories and reputations against the WeICU's allegations.

DECLARATION OF TINA PODLODOWSKI– 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

EXHIBIT 8 - Page 39 of 66

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated:  October 4, 2021

Tina Podlodowski
Washington State Democratic Central Committee

DECLARATION OF TINA PODLODOWSKI– 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

EXHIBIT 8 - Page 40 of 66

# EXHIBIT C

EXHIBIT 8 - Page 41 of 66

THE HONORABLE EMILY A. SHELDRICK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR CLARK COUNTY

WASHINGTON ELECTION INTEGRITY
COALITION UNITED, a Washington State
Nonprofit Corporation; BRETT SIMPSON;
BONNIE GRIECO; JONETTE MOLYNEUX;
ROSS MERRITT; TAMARA SHAW;
HARLYN THOMPSON; KIMBERLEE
ELBON; ROBERT WARD; CONSTANCE
COOKE; DOREEN ROSE; SHIRLEY
MOZENA; JAMES MOZENA; MICHELLE
DAWSON; LINDSEY NICHOLS; JOSEPH
KENT; ROXANNE PEARCE; DAVID
MACHADO; JOSHUA BRADLEY;
BENNETT ESRAEL; JAKE PARMER; RICH
AUDETTE; MARIA BRUEMMER; JOSEPH
GIBSON; ERIC HARGRAVE; WENDY
KEELINE; PHILLIP HOGAN; MARILI
HAAS; IKE HAAS; FRANK GMELIN;
TRICIA SHOUP; JEN HOLBROOK;
STEPHEN CLEMENTS; KIMBERLY
ANDERSON; SUSAN AUDETTE,

Plaintiffs,

v.

GREG KIMSEY, Clark County Auditor;
CLARK COUNTY, and DOES 1-30,
inclusive,

Defendants,

No. 21-2-01775-06

WASHINGTON STATE
DEMOCRATIC CENTRAL
COMMITTEE'S [PROPOSED]
MOTION TO DISMISS

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
MOTION TO DISMISS
154138816.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

EXHIBIT 8 - Page 42 of 66

1
2      and
3
4      WASHINGTON STATE DEMOCRATIC
5      CENTRAL COMMITTEE,
6
7                          Proposed Intervenor
8                          Defendant.
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
MOTION TO DISMISS
154138816.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

EXHIBIT 8 - Page 43 of 66

**TABLE OF CONTENTS**

Page

I.      INTRODUCTION ................................................................................... 1

II.     ISSUE PRESENTED ............................................................................. 4

III.    EVIDENCE RELIED UPON .................................................................. 4

IV.     BACKGROUND .................................................................................... 4

V.      ARGUMENT .......................................................................................... 7

        A.    Legal Standard ........................................................................... 7

        B.    WEiCU Is Not Properly Before this Court .................................. 8

        C.    This Election Contest is Untimely Under RCW 29A.68.013 ........ 8

        D.    Plaintiffs Lack Standing ........................................................... 10

              1.    Plaintiffs Have Not Suffered an Injury in Fact ................ 11

              2.    Plaintiffs Injury is not Redressable ................................. 15

        E.    Plaintiffs' Claims Fail Due to Mootness .................................. 16

        F.    Laches Bars Plaintiffs' Claims ................................................ 16

        G.    Plaintiffs Fail to State a Claim ................................................ 18

              1.    Plaintiffs' Election Contest Fails .................................... 18

              2.    Plaintiffs' Claims Under the PRA Fail ............................ 19

              3.    Plaintiffs' Remaining Claims Fail ................................... 19

VI.     CONCLUSION ..................................................................................... 22

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
MOTION TO DISMISS – i
154138816.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

EXHIBIT 8 - Page 44 of 66

I.       INTRODUCTION

"Unless an election is clearly invalid, when the people have spoken, their verdict should not be disturbed by the courts." *Dumas v. Gagner*, 137 Wn. 2d 268, 283, 971 P.2d 17 (1999) (citations omitted). The people of Washington have spoken. Four million Washingtonians voted in the November 2020 General Election. That election has been audited pursuant to state law, certified by county election officials, and certified by Washington's Secretary of State. Certificates of Election have been issued to all of the prevailing candidates, all of whom have been sworn in and have held office since January 8, 2021.

Now, nearly a full year after the election, the Washington Election Integrity Coalition United ("WEiCU") and several individual *pro se* voters filed this election contest raising entirely unsupported and fantastical allegations, seeking to call into question the legitimacy of Washington's November 2020 Election and question the integrity of the Clark County ("the County") Auditor, Greg Kimsey, and the County's election officials. Plaintiffs ask the Court to declare that the County broke Washington law and violated the Washington and U.S. Constitution, and to bar the County from doing so moving forward. Plaintiffs also ask for an extra-legal license to "audit" the County's election department and assert that they should be permitted to inspect sealed ballots from the 2020 election. But their claims fail as a matter of law, their extraordinary and sweeping relief is not justified, and their Complaint should be dismissed with prejudice.

At the outset, while Plaintiffs state they do not wish to de-certify any election and even fail to challenge the election of a particular candidate, Plaintiffs' challenge is, at bottom, an election contest (although a vague and patently insufficient one). Their Complaint can and should be dismissed on this basis alone, because Plaintiffs are far beyond the narrow ten-day

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
MOTION TO DISMISS – 1
154138816.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

EXHIBIT 8 - Page 45 of 66

statute of limitations applicable to such claims. *See* RCW 29A.68.011; 29A.68.013. This flaw independently precludes this Court from exercising jurisdiction over any of Plaintiffs' claims.

Even if this action were deemed not to be an "election contest" under RCW 29A.68.011 or 29A.68.013, whatever it is, Plaintiffs' delay in filing this claim also warrants application of the equitable doctrine of laches, which moots their claims.

Plaintiffs in any event lack standing to bring this action, as they have not suffered any personal injury, nor have they requested any relief that would redress the supposed fraud that they allege occurred last November. Instead, Plaintiffs stitch together a series of perceived election irregularities that would have taken a statewide conspiracy to accomplish. Their baseless assertions do not state any cognizable legal claim. Plaintiffs fail to assert the most basic essential requirement for a cognizable election contest: that the outcome of Washington's November 2020 Election was changed as a result of the County's alleged misconduct. Plaintiffs' sparse and implausible facts also fall far short of that required by CR 8(a), much less the *heightened* pleading requirements for claims sounding in fraud under CR 9(b).

This election contest is one in a long line of lawsuits promoting conspiracy theories of election and voter fraud that have been thoroughly debunked. Not one of those election contests was successful, ultimately resulting in at least 60 courtroom losses for the Trump Campaign and other groups seeking his reelection or to otherwise challenge the outcome of the 2020 General Election.[1] Despite those 60 lawsuits, Georgia counting their ballots three

---

[1] William Cummings et al., *By the numbers: President Donald Trump's failed efforts to overturn the election*, USA NEWS TODAY (Jan. 6, 2021, 7:50 PM), https://www.usatoday.com/in-depth/news/politics/elections/2021/01/06/trumps-failed-efforts-overturn-election-numbers/4130307001/.

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
MOTION TO DISMISS – 2
154138816.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

EXHIBIT 8 - Page 46 of 66

times,[2] and a Republican-led audit in Arizona,[3] the results of the November 2020 General Election never changed. President Joseph Biden was inaugurated on January 20, 2020, having received more than 81 million votes (more than any President in American history).[4]

This lawsuit is entirely unfounded and appears to be little more than a coordinated political attack on the integrity of Washington elections.[5] It is plainly barred as a matter of law and should be promptly dismissed with prejudice.

---

[2] Chandelis Duster, *Georgia reaffirms Biden's victory for 3rd time after recount, dealing major blow to Trump's attempt to overturn the results*, CNN (Dec. 7, 2020, 5:23 PM), https://www.cnn.com/2020/12/07/politics/georgia-recount-recertification-biden/index.html.

[3] Jack Healy et al., *Republican Review of Arizona Vote Fails to Show Stolen Election*, N.Y. TIMES (Sept. 30, 2020), https://www.nytimes.com/2021/09/24/us/arizona-election-review-trump-biden.html.

[4] Jemima McEvoy, *Biden Wins More Votes Than Any Other Presidential Candidate In U.S. History*, FORBES (Nov. 4, 2020, 1:18 PM), https://www.forbes.com/sites/jemimamcevoy/2020/11/04/biden-wins-more-votes-than-any-other-presidential-candidate-in-us-history/?sh=131798867c3a.

[5] This lawsuit is one of several virtually identical copycat lawsuits filed across Washington State, including against King, Snohomish, Whatcom, Thurston, Thurston, Lincoln, and Pierce counties. *Washington Election Integrity Coalition United et al. v. Wise*, No. 21-2-12603-7-KNT (Sept. 22, 2021), DKT 1; *Washington Election Integrity Coalition United et al. v. Anderson*, No. 21-2-07551-9 (Sept. 21, 2021), DKT 1; *Washington Election Integrity Coalition United et al. v. Hall*, No. 21-2-01641-34 (Sept. 21, 2021), DKT 1; *Washington Election Integrity Coalition United et al. v. Kimsey*, No. 21-2-01775-06 (Sept. 16, 2021), DKT 1; *Washington Election Integrity Coalition United et al. v. Fell*, No. 21-2-04302-31 (Sept. 16, 2021), DKT 1; *Washington Election Integrity Coalition United et al. v. Bradrick*, No. 21-2-00949-37 (Sept. 10, 2021), DKT 1; *Washington Election Integrity Coalition United et al. v. Beaton*, No. 21-2-50572-11 (Oct. 5, 2021), DKT 1; *Washington Election Integrity Coalition United et al. v. Schumacher*, No. 21-2-00042-22 (Oct. 4, 2021), DKT 1. Each of the lawsuits was filed by the "Washington Election Integrity Coalition United" and a county-specific collection of *pro se* voters, apparently recruited for this purpose. *See* Associated Press, *Lawsuits claiming 2020 ballots were manipulated come to WA*, SEATTLE TIMES (Sept. 21, 2021, 10:36 AM), https://www.seattletimes.com/seattle-news/politics/lawsuits-claiming-2020-ballots-were-manipulated-come-to-washington/; Shari Phiel, *Lawsuits Filed in Three Washington Counties Claim Votes Were 'Flipped'*, THE CHRONICLE, https://www.chronline.com/stories/lawsuits-filed-in-three-washington-counties-claim-votes-were-flipped,273108.

---

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
MOTION TO DISMISS – 3
154138816.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

EXHIBIT 8 - Page 47 of 66

## II.      ISSUE PRESENTED

Whether Plaintiffs' Complaint should be dismissed in its entirety because it is untimely, Plaintiffs lack standing, and the claims are moot and barred by the doctrine of laches, and because Plaintiffs have failed to state a cognizable claim.

## III.      EVIDENCE RELIED UPON

Defendants rely on the allegations in this Motion, the documents it incorporates by reference, and facts that are subject to judicial notice.

## IV.      BACKGROUND

Over four million Washingtonians cast their ballots in Washington's November 2020 General Election.[6] That election was audited pursuant to state law and certified by county election officials.[7] The Secretary of State certified the election results on December 3, 2020, declaring victory for numerous Washington State Democratic Central Committee ("WSDCC") candidates across the State.[8] Certificates of Election have been issued to all of the prevailing candidates,[9] all of whom have been sworn in and have held office since January 8, 2021.[10]

Now, nearly a *year* after the election, Plaintiff WEiCU filed this election contest, asserting that widespread election fraud occurred during Washington's November 2020 General Election. WEiCU describes itself as a nonprofit corporation operating out of Pierce

---

[6] *Elections and Voting*, SECRETARY OF STATE: KIM WYMAN, https://results.vote.wa.gov/results/20201103/president-vice-president.html (last visited Oct. 3, 2021).
[7] *See* RCW 29A.60.185.
[8] *Elections and Voting*, SECRETARY OF STATE: KIM WYMAN, https://results.vote.wa.gov/results/20201103/president-vice-president.html (last visited Oct. 3, 2021).
[9] *See* RCW 29A.52.370.
[10] Jasmyne Keimig, *The 2021 Legislative Session Kicks Off With Virtual Swearing-In Ceremonies*, THE STRANGER (Jan. 8, 2020), https://www.thestranger.com/slog/2021/01/08/54577174/the-2021-legislative-session-kicks-off-with-virtual-swearing-in-ceremony.

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
MOTION TO DISMISS – 4
154138816.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

EXHIBIT 8 - Page 48 of 66

County, Washington. Compl. ¶ 2. WEiCU does not describe its mission, who its members are, or how it has any interest in filing this lawsuit. It also attempts to represent itself *pro se*. Several *pro se* Plaintiffs have joined, none of whom allege or even explain who they are or how they have allegedly been harmed.

Together, without explaining the factual basis for their claims, Plaintiffs assert that the County Auditor engaged in widespread election fraud by: flipping, deleting, and adding votes; participating in "party preference"; and identifying who voted some ballots and creating a "record of the voters' party preferences".[11] Compl. ¶¶ 10–15, 20–21, 28–35. Plaintiffs also assert, without any factual basis, that 400,000 votes were added, 6,000 votes were flipped, and "thousands of voters were removed" in "one or more statewide races before, during, and/or after the election"—an unidentified portion of which was perpetrated in the County by the Auditor or by other election officials. *Id.* ¶ 13.

Plaintiffs further allege that they attempted to serve the County with a public records request under Washington's Public Record Act ("PRA") so that they could inspect ballots from the 2020 election, but that the County denied their request. *Id.* ¶ 30. Plaintiffs challenge the County's actions under Washington's election contest statutes, contend that the County violated the PRA, and allege an assortment of constitutional claims under the Washington and U.S. Constitutions. *Id.* ¶ 5.

Despite its long-winded (and entirely unsupported) accusations, Plaintiff WEiCU does not identify a single member in its organization who was unable to vote, whose ballot was not kept secret or secure, whose vote was not counted, whose vote was "flipped," or who suffered any other kind of identifiable harm. Not one. The individual Plaintiffs, for their part, fail to allege that they were aggrieved in a discernable way by any of the County's actions. Indeed,

---

[11] WSDCC takes the facts alleged as true for purposes of this motion only, as it must.

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
MOTION TO DISMISS – 5
154138816.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

EXHIBIT 8 - Page 49 of 66

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47

the individual Plaintiffs do not even complain that they voted for a candidate who lost his or her election. Plaintiffs do not claim that any of the County's actions affected enough ballots to change the results of the election. Indeed, Plaintiffs concede that they are not contesting the election of *any* candidate elected to office and explicitly state that they are not asking to de-certify the election. *Id.* ¶ 8.

Plaintiffs fall far short of alleging plausible facts to justify their claims. Plaintiffs throughout allege that they are "informed and believe" that the Auditor "maintained a record of County electors party preference" and "identify[ed] ballots cast by County electors in the Election by party preference" in violation of the Auditor's "Oath of impartiality." *Id.* ¶ 21. They provide no support for this assertion beyond their "information and belief." Plaintiffs also allege, without more, that Plaintiffs are "informed and believe" that the Auditor "engaged in wrongful acts, errors, and/or neglect of duty by allowing and/or facilitating electronic manipulation of the voting results from the Election." *Id.* ¶ 15. They provide no further explanation or factual basis for this assertion.

Despite the fact that Plaintiffs do not challenge the election results, Plaintiffs insist that the Court must "ascertain, determine, and declare Plaintiffs' rights and duties of the Auditor as they pertain to the Election and future elections." *Id.* ¶ 42. Specifically, Plaintiffs seek three remedies. First, Plaintiffs ask the Court to issue an order declaring that the County broke state law and the Washington and U.S. Constitutions, and request that the Court permanently enjoin the County from doing so moving forward. *Id.* ¶ 14–15. Second, Plaintiffs seek license to conduct a "full forensic audit" of the County's election department "in coordination with Jovan Hutton Pulitzer." *Id.* ¶ 5, 35. Third, Plaintiffs request that the Court order the County to unseal an unspecified number of ballots from the County so that they may "prove (or disprove)" their allegations. *Id.* ¶ 35. Plaintiffs also ask that the Court award it

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

EXHIBIT 8 - Page 50 of 66

costs. *Id.* ¶ 50. None of this is remotely supported by Washington (or federal law); indeed, it is—uniformly—*barred* by Washington (and federal) law.

Plaintiffs stand before the Court with nothing but speculation, fueled by conspiracy theories, asking for breathtaking and entirely unwarranted "relief." This litigation should be promptly dismissed entirely and with prejudice: it is untimely, Plaintiffs lack standing, their claims are moot and barred by the doctrine of laches, and Plaintiffs have failed to state a cognizable claim.

## V.    ARGUMENT

### A.    Legal Standard

A complaint must include either "direct allegations on every material point necessary to sustain a recovery on any legal theory" or "allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Havsy v. Flynn*, 88 Wn. App. 514, 518, 945 P.2d 221 (1997). Dismissal for failure to state a claim under CR 12(b)(6) is appropriate when "a plaintiff's claim remains legally insufficient even under his or her proffered hypothetical facts." *Gorman v. Garlock, Inc.*, 155 Wn.2d 198, 215, 118 P.3d 311 (2005). In other words, although the Court must accept all of Plaintiffs' factual allegations as true and must draw all reasonable inferences in favor of Plaintiffs, dismissal is appropriate if the complaint alleges no facts that would justify the relief Plaintiffs request. *Gorman v. City of Woodinville*, 175 Wn.2d 68, 71, 283 P.3d 1082 (2012).

Where plaintiffs plead fraud or mistake, Washington's civil rules impose a heightened standard. Under CR 9(b), "[i]n *all averments of fraud* or mistake, the circumstances constituting fraud or mistake shall be stated with particularity" (emphasis added). It is not necessary under CR 9 "that the word 'fraud' be used in the complaint, as long as facts are pleaded sufficient to present the question of fraud." *Pedersen v. Bibioff*, 64 Wn. App. 710,

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
MOTION TO DISMISS – 7
154138816.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

EXHIBIT 8 - Page 51 of 66

721, 828 P.2d 1113 (1992) (citing *Harstad v. Frol*, 41 Wn. App. 294, 301, 704 P.2d 638 (1985)). "A complaint adequately alleges fraud if it informs the defendant of who did what, and describes the fraudulent conduct and mechanisms." *Hous. Auth. of City of Seattle v. Aden*, 162 Wash. App. 1019, 2011 WL 2306046, at *2 (2011) (citing *Haberman v. Wash. Pub. Power Supply Sys.*, 109 Wn. 2d 107, 165–166, 744 P.2d 1032 (1987)). A motion to dismiss under CR 9(b) for failure to plead with particularity is the functional equivalent of a CR 12(b) motion to dismiss for failure to state a claim. *Id.* (citing *Haberman*, 109 Wn.2d at 120, 165–66).

Application of these standards to Plaintiffs' Complaint mandates prompt dismissal.

**B.      WEiCU Is Not Properly Before this Court**

As an initial matter, WEiCU appears *pro se* in this case, but it is an organization. By law, it must be represented by an attorney, and cannot represent itself. *Dutch Vill. Mall v. Pelletti*, 162 Wn. App. 531, 535–36, 256 P.3d 1251 (2011). This alone is sufficient to dismiss WEiCU from this action. *Id.* at 539 ("The trial court correctly granted the motion to strike the pleadings of [the unrepresented corporation] unless, within 30 days, they were either withdrawn or signed by an attorney."); *Cottringer v. State, Dep't of Emp. Sec.*, 162 Wash. App. 782, 790, 257 P.3d 667 (2011) ("The trial court did not abuse its discretion by dismissing [the unrepresented corporation's] petitions for review with prejudice because of [its] failure to retain counsel within the time prescribed by the trial court.").

**C.      This Election Contest is Untimely Under RCW 29A.68.013**

The time to file an election contest has long expired. Washington law permits a registered voter to contest an election *only* if an affidavit of an elector is filed within ten days of certification. RCW 29A.68.013 ("An affidavit of an elector under this subsection shall be filed with the appropriate court no later than *ten days* following the official certification of the

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
MOTION TO DISMISS – 8
154138816.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

EXHIBIT 8 - Page 52 of 66

primary or election …") (emphasis added); *see* RCW 29A.68.013. If the ten-day deadline is ignored, the contest must be dismissed for untimeliness. *See Becker v. Cnty. of Pierce*, 126 Wn.2d 11, 21, 890 P.2d 1055 (1995) (dismissing an election contest as untimely where plaintiff "filed her complaint more than a year after the date that the general election . . ."); *cf. In re Feb. 14, 2017, Special Election on Moses Lake Sch. Dist. #161 Proposition 1*, 2 Wn. App. 2d 689, 695–96, 413 P.3d 577 (2018) (determining "timeliness" of an election contest based on whether an affidavit was filed within ten days of certification). Here, the Secretary of State certified the election results on December 3, 2020.[12] Plaintiffs' deadline to file an affidavit from an elector was therefore ten days after December 3—December 13, 2020. Plaintiffs are 297 days too late. Plaintiffs had an affirmative obligation to air their concerns before or immediately after the election to avoid precisely these belated, could-have should-have complaints.[13]

Plaintiffs assert (without support) that Washington's ten-day deadline for election contests does not bar their claims, Compl. ¶ 8, but their assertion is contrary to the essence of their Complaint and the plain letter of the law. Nearly all of Plaintiffs' claims cite exclusively to Washington's election contest statute, RCW 29A.68.013, as their legal basis for filing this lawsuit. And regardless of their attempt to skirt around the election contest statute, the heart of their action is just that—a challenge to the election result. Indeed, Plaintiffs' PRA claim to

---

[12]    *Elections and Voting*, SECRETARY OF STATE: KIM WYMAN https://results.vote.wa.gov/results/20201103/president-vice-president.html (last visited Oct. 3, 2021). In ruling on this Motion, the Court may take judicial notice of "public documents if the authenticity of those documents cannot be reasonably disputed." *Jackson v. Quality Loan Serv. Corp.*, 186 Wn. App. 838, 844, 347 P.3d 487 (2015) (citing *Berge v. Gorton*, 88 Wn.2d 756, 763, 567 P.2d 187 (1977)). The cited website is the Secretary of State's public website and is "not subject to reasonable dispute," thus, the Court may take judicial notice of the December 3 certification date.

[13] It is, of course, not difficult to discern the purpose of this long-standing provision of state law: to ensure the prompt resolution of any dispute over the outcome of an election, to instill confidence in the outcome of elections, and to allow for office holders to promptly assume office and conduct the state's business on behalf of Washington citizens.

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
MOTION TO DISMISS – 9
154138816.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

EXHIBIT 8 - Page 53 of 66

inspect sealed ballots can only be grounded in an election contest. There are very few circumstances where ballots may be inspected post-election, and only one is potentially applicable here: pursuant to RCW 29A.60.110(2), a superior court may order the unsealing of ballots "in a contest or election dispute."

Washington law is clear: "[a]ll election contests must proceed under RCW 29A.68.011 or 29A.68.013." RCW 29A.68.020. This is an election contest. It is untimely. It must be dismissed on this basis alone.

**D.      Plaintiffs Lack Standing**

Even if this matter were not barred by RCW 29A.68.011 (and it is), neither WEiCU nor the individual Plaintiffs have standing to pursue this action.

Washington courts have established a two-part inquiry to determine standing. First, the party must suffer an "injury in fact" by showing "a personal injury fairly traceable to the challenged conduct and likely to be redressed by the requested relief." *State v. Johnson*, 179 Wn.2d 534, 552, 315 P.3d 1090 (2014) (quoting *High Tide Seafoods v. State*, 106 Wn.2d 695, 702, 725 P.2d 411 (1986)). Second, the courts consider whether the interest asserted is arguably within the "zone of interests" to be protected by the statute or constitutional guaranty in question. *Id.* Organizations, like WEiCU, "have standing to assert the interests of their members, so long as members of the organization would otherwise have standing to sue, the purpose of the organization is germane to the issue, and neither the claim nor the relief requires the participation of individual members." *Five Corners Fam. Farmers v. State*, 173 Wn.2d 296, 304, 268 P.3d 892 (2011). Plaintiffs lack standing because they have not suffered any personal injuries, the interests they assert are not within the "zone of interests" meant to be protected by Washington's election contest statutes, and the Court cannot address the injuries they allege.

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
MOTION TO DISMISS – 10
154138816.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

EXHIBIT 8 - Page 54 of 66

1. **Plaintiffs Have Not Suffered an Injury in Fact**

   a. *Plaintiffs Lack Standing Under the Election Contest Statutes*

As an initial matter, Plaintiffs plainly lack standing under the election contest statutes. The statutes confer a private right of action for "registered voter[s]," but not to just any registered voters—only registered voters who are "challeng[ing] the right to assume office of a candidate declared elected to that office … the right of a candidate to appear on the general election ballot after a primary, or … certification of the result of an election on any measure." RCW 29A.68.020.

WEiCU obviously does not qualify as a "registered voter." And the individual Plaintiffs seek none of this relief, and therefore do not seek to invoke an interest within the "zone of interests" protected by the statute. *Johnson*, 179 Wn.2d at 552. Indeed, as Plaintiffs are admittedly not seeking to de-certify the election and do not challenge the election of a single candidate, it is difficult to understand what interest Plaintiffs are seeking with respect to an election nearly a year old. Compl. ¶ 8. This is plainly insufficient to confer standing.

   b. *WEiCU Lacks Representational Standing*

Plaintiff WEiCU has failed to describe its mission as an organization, explain its membership, or otherwise explain why it has any interest in this action. It has therefore failed to show that it has representational standing to bring any of the constitutional claims it purports to assert. *Five Corners Fam. Farmers*, 173 Wn.2d at 304 (for representational standing, an organizations' members must otherwise have standing and the purpose of the organization must be germane to the issue).

   c. *Plaintiffs' Constitutional Claims are Generalized Grievances*

Plaintiffs' more generalized complaint that the Washington and U.S. constitutions were violated does not state an injury in fact. At a minimum, Plaintiffs must state a *personal*

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
MOTION TO DISMISS – 11
154138816.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

EXHIBIT 8 - Page 55 of 66

injury to have standing. *Johnson*, 179 Wn.2d at 552. Plaintiffs' broad assertion that their "due process, free speech, and equal protection" rights were "abridged" is insufficient to support standing because Plaintiffs do not specify precisely how they were personally injured. This is fatal. *See Wood v. Raffensperger*, 501 F. Supp. 3d 1310, 1321–23 (N.D. Ga 2020) (finding individual Georgia voter lacked standing to challenge results of 2020 election under the Equal Protection Clause and Due Process Clause based on a "generalized grievance regarding a state government's failure to properly follow" the law); *Wis. Voters All. v. Pence*, 514 F. Supp. 3d 117, 120 (D.D.C. 2021) ("To the extent that they argue more broadly that voters maintain an interest in an election conducted in conformity with the Constitution, they merely assert a 'generalized grievance' stemming from an attempt to have the Government act in accordance with their view of the law."); *Bowyer v. Ducey*, 506 F. Supp. 3d 699, 711 (D. Ariz. 2020) ("[W]here, as here, the injury alleged by plaintiffs is that defendants failed to follow the Elections Clause, the Supreme Court has stated that the injury is precisely the kind of undifferentiated, generalized grievance about the conduct of government that courts have refused to countenance.") (internal quotations and citation omitted).[14]

For its part, Plaintiff WEiCU does not identify a single member at all, let alone a member that was unable to vote,[15] whose ballot was not kept secret,[16] whose vote was not

---

[14] The Washington Supreme Court has held that "[f]ederal standing doctrine, although distinct, can be instructive." *Forbes v. Pierce Cnty.*, 5 Wn.2d 423, 434 n.2, 427 P.3d 675 (2018).

[15] Plaintiffs assert violations of Article I, Section 19 of the Washington Constitution. But Article I, Section 19 is not implicated if Plaintiffs' right to vote "was not impeded in any way." *Brower v. State*, 137 Wn.2d 44, 68, 969 P.2d 42 (1998) ("Article I, section 19 is not implicated in this case. … Mr. Brower's right to vote in that election was not impeded in any way."). No plaintiff asserts their right to vote was impeded.

[16] Plaintiffs assert violations of Washington Constitution Article 6, Section 6. To state a cognizable claim under Article 6, Section 6, "[t]he central concern of ballot secrecy, therefore, is whether the individual voter can be identified." *White v. Wyman*, 4 Wn. App.2d 1071, 2018 WL 3738404, *4 (2018). No Plaintiff has alleged that they, as an individual voter was identified, nor has WEiCU named any member who was identified.

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
MOTION TO DISMISS – 12
154138816.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

EXHIBIT 8 - Page 56 of 66

counted, whose vote was "flipped," or who was otherwise personally injured. The individual Plaintiffs also do not assert that any of these constitutional harms personally befell them. When the injury alleged "is that the law … has not been followed," it is "the kind of undifferentiated, generalized grievance about the conduct of government" that is not an injury in fact. *Dillard v. Chilton Cnty. Comm'n*, 495 F.3d 1324, 1332–33 (11th Cir. 2007). Even where constitutional harms are alleged, a plaintiff's "interest in proper application of the Constitution and laws" is a generalized grievance that simply does not support standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 573–74 (1992).

### d. *Plaintiffs were not Injured by any Equal Protection Violations*

Plaintiffs' assertion that their Equal Protection rights were *personally* violated is patently insufficient. Plaintiffs allege that their Equal Protection rights were violated because "[b]allots from County electors, including Plaintiffs herein, were not treated equally," Compl. ¶ 40(e), but the question for standing purposes is not whether Plaintiffs were treated "differently" but whether Plaintiffs were *actually injured* by differential treatment. *State v. Pedro*, 148 Wn. App. 932, 945, 201 P.3d 398 (2009) (explaining that, for standing purposes in an equal protection case, the question was not whether plaintiff was treated "unequally" but whether plaintiff was "adversely affected").

Taking Plaintiffs' allegations as true, every County voter would have been treated "unequally," in that some voters' ballots were allegedly "flipped" based on who they voted for, while others' ballots were not. But to have standing, at a minimum, a plaintiff would need to allege that they were *personally injured*. *See State v. Farmer*, 116 Wn. 2d 414, 423, 805 P.2d 200 (1991) (adult plaintiff suffered no "prejudice," and therefore had no standing to assert that a statute violated the equal protection clause, because plaintiff only alleged that the statute adversely impacted children); *see also Haberman*, 109 Wn.2d at 138–39 (plaintiffs

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
MOTION TO DISMISS – 13
154138816.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

EXHIBIT 8 - Page 57 of 66

lacked standing and could not "assert the equal protection rights of other[s]"). Plaintiffs have not done so and cannot assert the equal protection rights of others.

### e. *Vote Dilution Claims are Generalized Grievances*

The only other injury claimed by Plaintiffs is the alleged "dilution" of Washingtonian voters' votes. Compl. ¶ 40(b). But courts have long held that an alleged injury of vote dilution from the threat of potential fraud does not confer standing, as it is both unduly speculative and impermissibly generalized. *See, e.g.*, *Martel v. Condos*, 487 F. Supp. 3d 247, 253 (D. Vt. 2020) ("If every voter suffers the same incremental dilution of the franchise caused by some third-party's fraudulent vote, then these voters have experienced a generalized injury."); *Am. C. R. Union v. Martinez-Rivera*, 166 F. Supp. 3d 779, 789 (W.D. Tex. 2015) ("[T]he risk of vote dilution[ is] speculative and, as such, [is] more akin to a generalized grievance about the government than an injury in fact."); *cf. Paher v. Cegavske*, 457 F. Supp. 3d 919, 926 (D. Nev. 2020) (citations omitted) ("Plaintiffs' purported injury of having their votes diluted due to ostensible election fraud may be conceivably raised by any Nevada voter [and] does not satisfy the requirement that Plaintiffs must state a concrete and particularized injury."). Such is the case here. Any dilution admittedly would have affected all Washington voters, not merely Plaintiffs. Compl. ¶ 40(b). Accordingly, Plaintiffs' purported vote dilution injury is a generalized grievance and cannot support standing as a matter of law.

### f. *Plaintiffs Have Not Alleged that an Injury is Certainly Impending*

For Plaintiffs to sufficiently allege a threatened injury rather than an existing injury, they must show that "the injury will be immediate, concrete, and specific; a conjectural or hypothetical injury will not confer standing." *See Knight v. City of Yelm*, 173 Wn.2d 325, 341, 267 P.3d 973 (2011) (quoting *Suquamish Indian Tribe v. Kitsap Cnty.*, 92 Wn. App. 816, 829, 965 P.2d 636 (1998)). Plaintiffs' vague assertion that the Court must "ascertain, determine,

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
MOTION TO DISMISS – 14
154138816.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

EXHIBIT 8 - Page 58 of 66

and declare Plaintiffs' rights and duties of the Auditor as they pertain to the Election and future elections" falls rather decidedly short of showing a concrete injury with respect to "future elections." Compl. ¶ 42. And since Plaintiffs do not even bother to mention which election they refer to, any potential future injury is entirely nonspecific and hypothetical.

### 2. Plaintiffs Injury is not Redressable

Finally, and independently, Plaintiffs lack standing because the relief they seek would not redress the injuries they allege. *Johnson*, 179 Wn.2d at 552.

Plaintiffs seek three remedies: (1) an order declaring that the County broke the law and barring the County from doing so moving forward; (2) a license to "audit" the County's election department; and (3) an order allowing them to inspect ballots from the 2020 election. But these remedies would do nothing to change long-certified elections from November 2020. Compl. ¶ 5, 14–15, 35. Nor does a request to have the County simply obey the law—which they are already bound to do—result in any meaningful redress. *See S.E.C. v. Goble*, 682 F.3d 934, 949 (11th Cir. 2012) ("[A]n obey-the-law injunction does little more than order the defendant to obey the law. We have repeatedly questioned the enforceability of obey-the-law injunctions."); *E.E.O.C. v. AutoZone, Inc.*, 707 F.3d 824, 841 (7th Cir. 2013) ("An obey-the-law injunction departs from the traditional equitable principle that injunctions should prohibit no more than the violation established in the litigation or similar conduct."). Plaintiffs have not requested, and the Court cannot provide a remedy that would redress the injuries Plaintiffs are asserting.

In sum, Plaintiffs have suffered no injury, the interests they assert are not within the zone of interest protected by statute, and this Court cannot redress the injuries they claim. Plaintiffs' action must be dismissed for lack of standing.

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
MOTION TO DISMISS – 15
154138816.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

EXHIBIT 8 - Page 59 of 66

**E.      Plaintiffs' Claims Fail Due to Mootness**

For the same reasons that Plaintiffs have no standing, Plaintiffs case is moot. "A case is moot if a court can no longer provide effective relief." *Harbor Lands LP v. City of Blaine*, 146 Wn. App. 589, 592, 191 P.3d 1282 (2008) (quoting *Orwick v. City of Seattle*, 103 Wn.2d 249, 253, 692 P.2d 793 (1984)). If a case is moot, a court has no jurisdiction to hear it. *Id.* (citation omitted). Plaintiffs' requests are all aimed at contesting the results of the November 2020 election. Since the time has passed for an election contest and all elections from November 2020 have been fully and finally certified, the Court has no basis to provide any kind of relief to Plaintiffs. *Jackson v. Bd. of Election Comm'rs of City of Chi.*, 2012 IL 111928, ¶ 36, 975 N.E.2d 583, 593 (Ill. 2012) ("[C]onclusion of an election cycle normally moots an election contest."); *Brooks v. Brown*, 282 Ga. 154, 154, 646 S.E.2d 265, 267 (2007) ("In general, election contest cases become moot once the general election in contention has occurred."); *Bowyer*, 506 F. Supp. 3d at 720 (election contest filed a month after the 2020 election was moot because the court could not "de-certify the results" and therefore "it would be meaningless to grant Plaintiffs any of the remaining relief they seek").

Indeed, Plaintiffs have not petitioned for any relief in this action other than what the Court *could have* provided if Plaintiffs filed a timely election contest. *See* RCW 29A.68.020. For that reason, the case is moot and should be dismissed.

**F.      Laches Bars Plaintiffs' Claims**

Plaintiffs' claims are also separately and independently barred by the equitable doctrine of laches. Laches protects parties from "unreasonable prejudicial delay." *Tupper v. Tupper*, 15 Wn. App. 2d 796, 810–11, 478 P.3d 1132 (2020). To successfully assert laches, the party employing the doctrine must prove "(1) inexcusable delay and (2) prejudice to the other party from such delay." *Id.* (citations omitted). The most important factor is "the

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
MOTION TO DISMISS – 16
154138816.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

EXHIBIT 8 - Page 60 of 66

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47

resulting prejudice and damage to others." *Id.* (citation omitted). Laches is applied only if the party asserting it "has so altered [its] position that it would be inequitable to enforce the claim." *Id.* (citation omitted). That is certainly the case here.

First, Plaintiff's year-long delay is patently unreasonable. Plaintiffs' action is based on events that occurred during and immediately after the November 2020 election, and it could have and should have been raised at the time. (Indeed, state law mandates that these claims should have been raised within 10 days of certification.) Other courts considering similar challenges to election results have properly found that election challenges filed even weeks after elections are too late when plaintiffs could have filed those challenges months sooner. *E.g.*, *Trump v. Wis. Elections Comm'n*, 983 F.3d 919, 925 (7th Cir. 2020), cert. denied, 141 S. Ct. 1516, 209 L. Ed. 2d 253 (2021) (affirming district court's dismissal of election contest due to laches, and stating "[t]he timing of election litigation matters. Any claim against a state electoral procedure must be expressed expeditiously") (internal citations and quotations omitted); *Raffensperger*, 501 F. Supp. 3d at 1324 (concluding that plaintiff's eight-month late claims were barred by laches because the plaintiff "could have, and should have, filed his constitutional challenge much sooner than he did, and certainly not two weeks after the General Election"); *King v. Whitmer*, 505 F.Supp.3d at 731–32 (finding plaintiffs "showed no diligence" in asserting their claims when they waited more than 21 days after the 2020 General Election to assert claims that could have been brought "well before" the election); *Bowyer*, 506 F. Supp. 3d at 719 (dismissing election contest filed a month after the election due to laches because it would prejudice the 3.4 million Arizonans who voted in the 2020 General Election). Plaintiffs year-long delay is doubly inexcusable.

Second, Plaintiffs' unjustifiable delay prejudices WSDCC's affiliated candidates, who campaigned, won their elections, and have been fulfilling their duties as elected officials since

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
MOTION TO DISMISS – 17
154138816.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

EXHIBIT 8 - Page 61 of 66

January. In addition, it would prejudice the millions of voters who dutifully cast their votes according to the rules and practices that Plaintiffs could have challenged prior to or right after the election. Here, Plaintiffs waited until after the election and then much more to cast doubt on the election with entirely speculative claims. This Court should find that laches firmly bars this action.

**G.      Plaintiffs Fail to State a Claim**

In addition to the jurisdictional bars to Plaintiffs' action, Plaintiffs' Complaint must independently be dismissed because it fails to state a claim upon which relief can be granted.

**1.      Plaintiffs' Election Contest Fails**

Plaintiffs fail to state a claim under Washington's election contest statutes. Washington law expressly limits the grounds upon which an election contest may be brought to three circumstances: (1) to challenge the right to assume office of a candidate declared elected to that office; (2) to challenge the right of a candidate to appear on the general election ballot after a primary; or (3) to challenge certification of the result of an election on any measure. RCW 29A.68.020. In other words, Washington's election contest statutes do not permit voters to bring election contests just for the sake of it—an election contest is a tool to challenge the illegitimate victory of a candidate or to de-certify an election. "[A]n election contest which fails to allege 'the particular causes of contest ... with sufficient certainty' may be dismissed." *In re Coday*, 156 Wn.2d 485, 496, 130 P.3d 809 (2006) (quoting RCW 29A.68.030).

Here, however, Plaintiffs are not asserting any of the three permissible challenges. In fact, Plaintiffs do not allege that any of the County's actions affected enough ballots to change the outcome of the election. The absence of these allegations is fatal to Plaintiffs' election contest. *Id.* at 490–91 (holding that contestants had not asserted a cognizable election contest

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
MOTION TO DISMISS – 18
154138816.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

EXHIBIT 8 - Page 62 of 66

claim because "while the contestants had proved that errors and omissions by county election officials had occurred, and that illegal votes were cast, they had not proved that the outcome of the governor's election was changed as a result.").

### 2.    Plaintiffs' Claims Under the PRA Fail

Plaintiffs have also failed to state a cognizable claim that they are entitled to inspect an unspecified number of sealed ballots. Compl. ¶ 5, 35. Washington law requires county officials seal all ballots in containers "immediately after tabulation," RCW 29A.60.110(1), and only provides four narrow circumstances in which those ballots may be unsealed: (1) to conduct recounts; (2) to conduct a random check forty-eight hours after election day; (3) for the County Auditor to conduct a pre-certification audit; or (4) by order of a superior court in a contest or election dispute. RCW 29A.60.110(2). Only the fourth scenario is relevant here. But as stated, the time for an election contest has long passed. *See* RCW 29A.68.012; RCW 29A.68.011. Thus, Plaintiffs' claim under the PRA necessarily fail.

### 3.    Plaintiffs' Remaining Claims Fail

Plaintiffs' remaining claims also fail for failing to plead a sufficient factual basis for their claims.

First, Plaintiffs have not met the heightened pleading standard required to allege that the County committed election fraud. Under CR 9(b), "[i]n *all averments of fraud* or mistake, the circumstances constituting fraud or mistake shall be stated with particularity" (emphasis added). It is not necessary under CR 9 "that the word 'fraud' be used in the complaint, as long as facts are pleaded sufficient to present the question of fraud." *Pedersen v. Bibioff*, 64 Wash. App. 710, 721, 828 P.2d 1113 (1992) (citing *Harstad v. Frol*, 41 Wn. App. 294, 301, 704 P.2d 638 (1985)). Here, Plaintiffs' entire Complaint is grounded in baseless and vague allegations of election fraud, and therefore, it must meet the heightened pleading standard under

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
MOTION TO DISMISS – 19
154138816.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

EXHIBIT 8 - Page 63 of 66

Washington law. *See* Compl. ¶ 13 (stating that Plaintiffs are "informed and believe" that the County flipped thousands of votes); ¶ 21 (asserting that the Auditor engaged in "party preference" without any further explanation). This heightened pleading standing "requires that the pleading apprise the defendant of the facts that give rise to the allegation of fraud." *See Adams v. King Cnty.*, 164 Wn. 2d 640, 662, 192 P.3d 891 (2008) (citations omitted). Plaintiffs fail to allege any specific facts that give rise to the supposed fraud.

Plaintiffs only present conclusions and sweeping incantations of fraud—but without providing any supporting detail, much less claims that would satisfy their burden under CR 9(b) of pleading with particularity. *See*, *e.g.*, *Lutaaya v. Boeing Emps. Credit Union*, 5 Wn.App.2d 1022, 2018 WL 4583679, at *4 (2018) (plaintiff "made only vague allegations of fraud" and therefore did not meet the heightened pleading standard); *McAfee v. Select Portfolio Servicing, Inc.*, 193 Wn. App. 220, 232–33, 370 P.3d 25 (2016) ("McAfee makes general statements about the defendants' 'collusion,' 'material misrepresentations,' and 'fraudulent actions.' But 'these conclusory assertions and general complaints do not provide the who, what, when, where, and how of a properly pleaded fraud claim.'"). Here, for example, Plaintiffs assert (without any further explanation or support) that the County Auditor or other election officials "added" 400,000 votes, "flipped" 6,000 votes, and "removed" thousands of voters in "one or more statewide races before, during, and/after the election." Compl. ¶ 13. But they offer nothing to explain the who, what, when, or why of these groundless accusations. These are precisely the types of vague allegations of fraud that do not meet the heightened pleading standard of CR 9(b).

Second, Plaintiffs fail even to meet even the lesser pleadings standards under CR 8(a). Under CR 8(a), a complaint need contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for judgment for the relief to which he

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
MOTION TO DISMISS – 20
154138816.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

EXHIBIT 8 - Page 64 of 66

deems himself entitled." *FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc.*, 175 Wn. App. 840, 865–66, 309 P.3d 555 (2013) (citations omitted). But "[a] pleading is insufficient when it does not give the opposing party fair notice of what the claim is and the ground upon which it rests." *Id.* (citing *Kirby v. City of Tacoma*, 124 Wn. App. 454, 470, 98 P.3d 827 (2004)). Plaintiffs provide no clue as to what grounds their claims rest upon, nor do they provide any support for their claims beyond their own "information and belief." This requires Defendants to shadowbox in order to mount their defense, guessing what the grounds for Plaintiffs' claims *might be*. Plaintiffs' claims therefore fall far short of meeting even the minimal pleading standard of CR 8(a).

Plaintiffs' claims are nothing more than another in a long line of cases that have asserted baseless allegations of widespread election fraud. This conspiracy-theory has been repeatedly and emphatically found to be without merit,[17] and Intervenors are not aware of a single case where a court credited these allegations. This Court should not either.

---

[17] *E.g.*, *Trump v. Kemp*, 511 F. Supp. 3d 1325, 1331–34 (N.D. Ga. 2021) (dismissing challenge to 2020 election due to "illegal votes" for lack of standing and failure to state a claim); *Trump v. Wis. Elections Comm'n*, 983 F.3d 919, 925 (7th Cir. 2020), cert. denied, 141 S. Ct. 1516 (2021) (affirming dismissal of election contest based on voter fraud); *Bowyer*, 506 F. Supp. 3d at 724 ("Allegations that find favor in the public sphere of gossip and innuendo cannot be a substitute for earnest pleadings and procedure in federal court. They most certainly cannot be the basis for upending Arizona's 2020 General Election."); *Law v. Whitmer*, 477 P.3d 1124, 2020 WL 7240299, at *21 (Nev. 2020) ("The Contestants failed to meet their burden to provide credible and relevant evidence to substantiate any of the grounds set forth in NRS 293.410 to contest the November 3, 2020 General Election."); *Donald J. Trump for President, Inc. v. Boockvar*, 493 F. Supp. 3d 331, 394 (W.D. Pa. 2020) (dismissing lawsuit challenging 2020 election results based on "speculative evidence of voter fraud"); *Raffensperger*, 501 F. Supp. 3d at 1331 (dismissing lawsuit seeking to prevent Georgia's certification of the votes and noting that plaintiff presented "insubstantial evidence"); *Kraus v. Cegavske*, No. 82018, 2020 WL 6483971, at *1 (Nev. Nov. 3, 2020) (upholding dismissal of lawsuit seeking to halt counting ballots based on claims of voter fraud because it "lacked evidentiary support").

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
MOTION TO DISMISS – 21
154138816.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

EXHIBIT 8 - Page 65 of 66

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47

## VI.    CONCLUSION

For the reasons set forth above, Intervenor Washington State Democratic Central Committee respectfully requests that the Court dismiss Plaintiffs' Complaint with prejudice.


Dated:  October 6, 2021

*s/ Kevin J. Hamilton*
Kevin J. Hamilton, WSBA No. 15648
KHamilton@perkinscoie.com

*s/ Amanda J. Beane*
Amanda J. Beane, WSBA No. 33070
ABeane@perkinscoie.com

*s/ Reina A. Almon-Griffin*
Reina A. Almon-Griffin, WSBA No. 54651
RAlmon-Griffin@perkinscoie.com

*s/ Nitika Arora*
Nitika Arora, WSBA No. 54084
NArora@perkinscoie.com
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone 206.359.8000
Facsimile 206.359.9000

Attorneys for WASHINGTON STATE
DEMOCRATIC PARTY

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
MOTION TO DISMISS – 22
154138816.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

EXHIBIT 8 - Page 66 of 66